1 ROB BONTA, State Bar No. 202668
Attorney General of California
2 MARISA KIRSCHENBAUER, State Bar No. 226729
Supervising Deputy Attorney General
3 THEODORE G. LEE, State Bar No. 340700
Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
5   Telephone:  (415) 229-0111
  Fax:  (415) 703-5843
6   E-mail:  Theodore.Lee@doj.ca.gov
*Attorneys for Defendants*
7 *California Department of Corrections and*
*Rehabilitation, T. Reynolds, J. Woods, and A.*
8 *Chavarria*

9           IN THE UNITED STATES DISTRICT COURT

10           FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13

14 **MORIANO MILLARE,**                          (Superior Court for the County of San
                                                 Joaquin Case No. STK-CV-LPI-2020-8820)
                              Plaintiff,
15                                               **DEFENDANTS' NOTICE OF REMOVAL**
     **v.**                                      **UNDER 28 U.S.C. § 1441(c)(1)(A) AND**
16                                               **DEMAND FOR JURY TRIAL**

17 **CALIFORNIA DEPARTMENT OF**
   **CORRECTIONS AND**
18 **REHABILITATION and Does 1 through**
   **20,**
19
                              Defendants.
20

21

22       **TO THE COURT AND PLAINTIFF MORIANO MILLARE, *PRO SE*:**

23       **PLEASE TAKE NOTICE** that Defendants California Department of Corrections and

24 Rehabilitation (CDCR), T. Reynolds, J. Woods, and A. Chavarria remove to this Court the state

25 action described below:

26       1.       On October 19, 2020, Plaintiff commenced a civil action entitled *Millare v. T.*

27 *Reynolds, A. Chavarria, and J. Woods*, Superior Court for the County of San Joaquin case

28 number STK-CV-LPI-2020-8820.

                                          1

2. On November 8, 2021, Plaintiff filed his First Amended Complaint, newly naming CDCR as a defendant and voluntarily dismissing T. Reynolds, A. Chavarria, and J. Woods.

3. On February 3, 2022, CDCR demurred to the First Amended Complaint.

4. On June 14, 2022, the Honorable Barbara A. Krolund held a hearing for CDCR's demurrer to the First Amended Complaint, granting the demurrer with thirty-days leave to amend.

5. On June 27, 2022, Plaintiff filed his Second Amended Complain. Plaintiff alleged that CDCR, Reynolds, Chavarria, and Woods failed to provide him with a durable medical equipment during his transport from Deuel Vocational Institute to California Training Facility on January 7, 2020. Plaintiff asserted four claims for: (1) violation of 42 U.S.C. section 12132, (2) violation of the Eighth Amendment to the United States Constitution, (3) negligence, and (4) failure to discharge mandatory duty under California Civil Code 1427. However, Plaintiff had not ever served Reynolds, Chavarria, and Woods at this point.

6. On July 27, 2022, CDCR demurred to the Second Amended Complaint. CDCR concurrently filed a Request for Judicial Notice regarding Plaintiff's failure to properly comply with the California Government Claims Act.

7. On August 22, 2022, San Joaquin Superior Court issued a summons to Reynolds, Chavarria, and Woods for the Second Amended Complaint.

8. On September 21, 2022, Reynolds, Chavarria, and Woods received a copy of the Second Amended Complaint and formally requested for representation from the California Office of the Attorney General. Hence, Defendants' removal is timely under 28 U.S.C. section 1446(b)(2)(B)-(C).

8. The Court has supplemental jurisdiction over Plaintiff's third and fourth claims under 28 U.S.C. section 1367.

9. In accordance with 28 U.S.C. section 1446(a), Defendants include the following documents with this notice:

**Exhibit A: Civil Case Cover Sheet and Original Complaint,**

**Exhibit B: First Amended Complaint,**

Exhibit C: CDCR's Notice of Demurrer, Memorandum of Points and Authorities in Support of Demurrer to the First Amended Complaint, and Proof of Service,

Exhibit D: Minute Order Granting CDCR's Demurrer to the First Amended Complaint,

Exhibit E: Second Amended Complaint,

Exhibit F: CDCR's Notice of Demurrer, Memorandum of Points and Authorities in Support of Demurrer to the Second Amended Complaint, Request for Judicial Notice and attached exhibits, and Proof of Service, and

Exhibit G: Summons to Reynolds, Chavarria, and Woods.

10.    In compliance with 28 U.S.C. section 1446(d), Defendants will serve a written notice to Plaintiff and file a copy of this notice with the clerk of the San Joaquin County Superior Court.

11.    Defendants respectfully request this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court.

12.    All properly served Defendants consent to this Notice of Removal.

13.    In accordance with Federal Rules of Civil Procedure 38(b) and Eastern District Civil Local Rule 201, Defendants demand a trial by jury in this action.

Dated:  October 19, 2022                                Respectfully submitted,

                                                        ROB BONTA
                                                        Attorney General of California
                                                        MARISA KIRSCHENBAUER
                                                        Supervising Deputy Attorney General


                                                        /s/ *Theodore Lee*
                                                        THEODORE G. LEE
                                                        Deputy Attorney General
                                                        *Attorneys for Defendants*
                                                        *California Department of Corrections and*
                                                        *Rehabilitation, T. Reynolds, J. Woods, and A.*
                                                        *Chavarria*

SA2021306055
36650403

3

# EXHIBIT A

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>MORIANO MILLARE # J14886<br>CORRECTIONAL TRAINING FACILITY<br>P.O. BOX 689 ; Soledad , CA    93960<br>TELEPHONE NO.:                              FAX NO.:<br>ATTORNEY FOR *(Name):* | FOR COURT USE ONLY<br><br>FILED.<br>SUPERIOR COURT<br><br>2020 OCT 19  PM 3: 53<br><br>BRANCH E. LEY. CLERK<br><br>BY_____<br>   DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN JOAQUIN
STREET ADDRESS:   180 E. Weber AVE
MAILING ADDRESS:
CITY AND ZIP CODE:   STOCKTON, CA. 95202-2777
BRANCH NAME:

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | STK-CV-LPI -2020- 8820 |
|---|---|---|
| ☐ Unlimited    ☒ Limited<br>(Amount            (Amount<br>demanded        demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☒ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action *(specify):*  ONE
5. This case ☐ is  ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  10 - 5 - 2020

MORIANO  MILLARE                                  ▶  _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**     THOMSON<br>                                          WEST | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**For your protection and privacy, please press the Clear**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| MORIANO MILLARE # J19886<br>CORRECTIONAL TRAINING FACITY<br>PO BOX 689, Soledad, CA, 93960 | FILED<br>SUPERIOR COURT 2<br><br>2020 OCT 19 PM 3:54<br><br>BRANDON E. RILEY, CLERK<br><br>BY_____ DEPUTY |
| TELEPHONE NO:          FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 180 E. WEBER AVE
MAILING ADDRESS:
CITY AND ZIP CODE: STOCKTON CA 95202-2777
BRANCH NAME:

PLAINTIFF: MORIANO MILLARE

DEFENDANT: T. REYNOLDS, A CHAVARRIA, And J.WOODS

☐ DOES 1 TO _____

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
☐ AMENDED *(Number)*:
Type *(check all that apply)*:
☐ MOTOR VEHICLE     ☐ OTHER *(specify)*:
☐ Property Damage     ☐ Wrongful Death
☒ Personal Injury     ☐ Other Damages *(specify)*:

Jurisdiction *(check all that apply)*:
☒ ACTION IS A LIMITED CIVIL CASE
   Amount demanded ☐ does not exceed $10,000
                   ☒ exceeds $10,000, but does not exceed $25,000
☐ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

STK-CV-LPI-2020-8820

1. Plaintiff *(name or names)*: MORIANO MILLARE # J19886
   alleges causes of action against defendant *(name or names)*:
   T. REYNOLDS, A.CHAVARRIA, And J WOODS

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff *(name)*:
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:
   b. ☐ except plaintiff *(name)*:
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*

    is doing business under the fictitious name *(specify):*

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. ☐ except defendant *(name):*
- (1) ☐ a business organization, form unknown
- (2) ☐ a corporation
- (3) ☐ an unincorporated entity *(describe):*
- (4) ☐ a public entity *(describe):*
- (5) ☐ other *(specify):*

  c. ☐ except defendant *(name):*
- (1) ☐ a business organization, form unknown
- (2) ☐ a corporation
- (3) ☐ an unincorporated entity *(describe):*
- (4) ☐ a public entity *(describe):*
- (5) ☐ other *(specify):*

  b. ☐ except defendant *(name):*
- (1) ☐ a business organization, form unknown
- (2) ☐ a corporation
- (3) ☐ an unincorporated entity *(describe):*
- (4) ☐ a public entity *(describe):*
- (5) ☐ other *(specify):*

  d. ☐ except defendant *(name):*
- (1) ☐ a business organization, form unknown
- (2) ☐ a corporation
- (3) ☐ an unincorporated entity *(describe):*
- (4) ☐ a public entity *(describe):*
- (5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

  a. ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.

  b. ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

  a. ☐ at least one defendant now resides in its jurisdictional area.

  b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.

  c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.

  d. ☐ other *(specify):*

9. ☒ Plaintiff is required to comply with a claims statute, and ~~*Please*~~ *Please See Numbered Paragraphs 1 — 38*

  a. ☐ has complied with applicable claims statutes, or

  b. ☒ is excused from complying because *(specify):* THE DEFENDANTS AND OR THEIR AGENTS HAVE FAILED TO PROVIDE PLAINTIFF EQUAL ACCESS TO CDCR ADMINISTRATIVE REMEDIES BY FAILING TO RETURN PLAINTIFF APPEAL # T.U.N.20.00008 AS WELL AS FAILING TO RESPOND TO PLAINTIFF INQUIRIES ABOUT THE APPEAL

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered

   a. ☐ wage loss
   b. ☐ loss of use of property
   c. ☐ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☒ other damage *(specify):* Sleep deprivation which effected Plaintiff concentration during daily activities and Required psychotropic medication treatment please see numbered paragraphs 1-38 and exhibits

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

   a. (1) ☒ compensatory damages
      (2) ☒ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
   1-38

Date: October 5 2020

MORIANO MILLARE
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

_____ CAUSE OF ACTION—General Negligence    Page _____

(number)

ATTACHMENT TO ☐ Complaint  ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* MORIANO MILLARE # J19886

alleges that defendant *(name):*

T. REYNOLDS, A CHAVARRIA, And J. WOODS ARE
TRANSPORTATION OFFICERS WHO WORK OR RESIDE AT 1515 S ST.; SACRAMENTO, CA.
95811 FOR ☐ Does _____ to _____ THE CALIFORNIA DEPARTMENT OF CORRECTIONS And REHABILITATION

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff

on *(date):* JANUARY 7 2020

at *(place):* DEUEL VOCATIONAL INSTITUTION — And CORRECTIONAL TRAINING
BETWEEN:                                                              FACILITY

*(description of reasons for liability):*

1) PlAINTIFF MORIANO MILLARE IS A mobility Impaired INMATE WHO
REQUIRES A CERVICAL Pillow to Support HIS NECK WHILE LAYING down
And Sleeping due to SEVERE Multi level CERVICAL (Spine)
SPONDYLOSIS          ExhibiT A

2) At All times RELEVANT to the Complaint dEFENdANTS T. REYNOLDS,
A. CHAVARRIA, And J. Woods WERE CALIFORNIA DEPARTMENT OF
CORRECTIONS (CDCR) Schedule Q, TRANSPORTATION OFFICERS
And RESPONSIble For dELIVERING to the dESIGNATED FACILITY
All PROPERTY INCluding mEdICAL EQUIPMENT TRANSFEREd with
the RESPECTIVE INMATE

3) ON JANUARY 7 2020 PlAINTIFF WAS TRANSFEREd FROM the
DEUEL VOCATIONAL INSTITUTION (DUI); TRACY, CALIFORNIA
+o THE CORRECTIONAL TRAINING FACILITY (CTF); Soledad

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

Page 1 of 1
Code of Civil Procedure 425.12
www.courtinfo.ca.gov

1 CALIFORNIA.

2 4) BEFORE PLAINTIFF WAS SCHACKLED AND ASSIGNED A SEAT ON CDCR

3 SCHEDULE Q TRANSPORTATION BUS, PLAINTIFF HANDED FEMALE

4 TRANSPORTATION OFFICER R. FERNANDES, J. FERRARIO, OR

5 E. FERNANDEZ A BAG WHICH CONTAINED PLAINTIFF MEDICAL

6 APPLIANCE CERVICAL PILLOW

7 5) THE FEMALE TRANSPORTATION OFFICER (R FERNANDES, J FERRARIO, OR

8 E. FERNANDEZ) WROTE PLAINTIFF NAME AND CDCR NUMBER ON THE

9 BAG

10 6) PLAINTIFF OBSERVED THE FEMALE TRANSPORTATION OFFICER (R FERNANDES,

11 J. FERRARIO OR E. FERNANDEZ) PLACE THE BAG CONTAINING

12 PLAINTIFF MEDICAL APPLIANCE CERVICAL PILLOW IN A COMPARTMENT ON

13 THE RIGHT SIDE OF CDCR SCHEDULE Q TRANSPORTATION BUS.

14 7) WHEN PLAINTIFF ARRIVED AT THE CORRECTIONAL TRAINING FACILITY

15 (CTF) PLAINTIFF OBSERVED HIS PROPERTY BEING UNLOADED FROM

16 THE SCHEDULE Q TRANSPORTATION BUS BY CDCR SCHEDULE Q

17 TRANSPORTATION OFFICERS (THE DEFENDANTS)

18 8) PLAINTIFF DID NOT OBSERVE THE BAG CONTAINING HIS CERVICAL PILLOW

19 BEING UNLOADED FROM CDCR SCHEDULE Q TRANSPORTATION BUS.

20 9) PLAINTIFF CERVICAL PILLOW WAS NOT INCLUDED WITH THE PROPERTY

21 PLAINTIFF RECEIVED AFTER PLAINTIFF WAS UNLOADED FROM CDCR

22 SCHEDULE Q TRANSPORTATION BUS

23 10) PLAINTIFF SPOKE WITH THE CTF RECEIVING AND RELEASE (R AND R)

24 SERGEANT AND REQUESTED THAT THE SERGEANT LOCATE THE BAG THAT

25 CONTAINED PLAINTIFF MEDICAL APPLIANCE CERVICAL PILLOW.

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):* (7) = 4-10

27

This page may be used with any Judicial Council form or any other paper filed with the court.

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

Page 2

CRC 201, 501

11) The CTF (R and R) Sergeant informed Plaintiff that the transportation officers (defendants T. Reynolds, A. Chavarria, And J Woods) did not deliver to CTF ('R and R') any bag that contained Plaintiff medical appliance cervical pillow

12) Shortly thereafter Plaintiff spoke with the CTF (R and R) nurse regarding the whereabouts of Plaintiff cervical pillow

13) The CTF ('R and R') nurse informed Plaintiff that she did not receive any bags from the transportation officers (defendants T. Reynolds, A. Chavarria, And J Woods) that contained a cervical pillow

14) January 9 2020 Plaintiff filed appeal Tu N 20 00008 grieving the deprivation of Plaintiff medical appliance cervical pillow. Exhibit B

15) On or about January 17 2020 Plaintiff received treatment for increased pains difficulty sleeping And concentrating associated with severe multi level compressions in Plaintiff cervical spine that were exacerbated by the deprivation of Plaintiff cervical pillow.

16) Plaintiff was evaluated by the CTF physician and mental health staff

17) The CTF physician ordered Plaintiff a replacement cervical pillow and physical therapy amongst other things. The mental health staff prescribed Plaintiff psychotropic medications

18) February 10 2020 Plaintiff was provided a replacement medical appliance cervical pillow     Exhibit C

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*: (8) = 11—18

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 3

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

19) February 12 2020 Plaintiff was interviewed via telephone by a CDCR officer who identified himself as Sergeant Hazel regarding Appeal Tu N 20 00008

20) during the interview Plaintiff reiterated the statements described in Appeal Tu N 20 00008 and included further descriptions of the female officer who placed Plaintiff cervical pillow in the compartment on the transportation bus

21) March 10 2020 CTF officer E. Seeley sent Plaintiff an inmate pass instructing Plaintiff to report to R' and R on March 11 2020      Exhibit D

22) March 11 2020 Plaintiff arrived at R' and R and was instructed by CTF R' and R officers to return to his housing unit

23) March 12 2020 Plaintiff was notified by his building officer that R' and R officer E. Seeley wanted to speak with the Plaintiff

24) when Plaintiff arrived at R' and R, officer E. Seely ordered Plaintiff to withdraw Appeal Tu N 20 00008 because Plaintiff had received a replacement cervical pillow

25) Plaintiff declined to withdraw Appeal Tu N 20 00008

26) On or about April 9 2020 Plaintiff received the first level response granting in part Appeal Tu N 20 00008 and stating in part " NTH Staff were interviewed regarding your claim and recalled taking possession of your cervical pillow

Exhibit "B" pg 5 6

(*Required for verified pleading*) The items on this page stated on information and belief are (*specify item numbers, not line numbers*): (B) ≈ 19 - 26

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 4

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

27) APRIL 20 2020 PLAINTIFF RETURNED APPEAL TU N 20 00008 to the office of INMATE APPEALS For the SECOND LEVEL REVIEW, SEEKING to exhaust CDCR ADMINISTRATIVE Remedies

28) MAY 27 2020 PLAINTIFF SUBMITTED A GOVERNMENT CLAIM FORM REGARDING APPEAL TU N 20 00008 to the STATE OF CALIFORNIA GOVERNMENT CLAIMS PROGRAM

29) JUNE 16 2020 the GOVERNMENT CLAIMS PROGRAM STAFF REJECTED PLAINTIFF CLAIM          EXHIBIT E

30) JUNE 19 2020 PLAINTIFF HAD NOT RECEIVED the SECOND LEVEL RESPONSE to APPEAL TU N 20 00008

31) PLAINTIFF SUBMITTED A CDCR 22 FORM AND A CDCR GA-22 FORM to CTF OFFICER TESFAMICHEAL to DELIVER to the OFFICE OF INMATE APPEALS REQUESTING to KNOW WHEN PLAINTIFF SHOULD EXPECT to RECEIVE the SECOND LEVEL RESPONSE REGARDING APPEAL TU N 20 00008          EXHIBIT F

32) PLAINTIFF DID NOT RECEIVE ANY RESPONSE NOR WERE the CDCR 22 AND CDCR GA-22 FORMS RETURNED to PLAINTIFF

33) July 14 2020 PLAINTIFF SENT CDCR CORRECTIONAL COUNSELOR R STRICKLIN A CDCR GA 22 FORM REQUESTING AMONGST other things to PROVIDE PLAINTIFF WITH A TIME FRAME WHEN PLAINTIFF SHOULD EXPECT to RECEIVE APPEAL TU N 20 00008 (RESPONSE)

34) July 20 2020 CORRECTIONAL COUNSELOR R STRICKLIN INSTRUCTED PLAINTIFF to SEND PLAINTIFF CONCERNS REGARDING APPEAL TU N 20 00008 to the OFFICE OF INMATE APPEALS          EXHIBIT G

(Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, not line numbers): (8) 27 – 34

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 5

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

1  35) August 6 2020 PLAINTIFF PLACED IN (CTF) MAILBOX A CDCR

2  GA-22 FORM Addressed to the office of INMATE

3  APPEALS REQUESTING to KNOW When PLAINTIFF Should

4  EXPECT to RECEIVE A RESPONSE to APPEAL TU N 20 00008

5 

6  36) PLAINTIFF did NOT RECEIVE ANY RESPONSE NOR WAS the

7  CDCR GA 22 FORM RETURNED TO PLAINTIFF

8  37) PLAINTIFF HAS Exhausted All AdMINISTRATIVE

9  Remedies AS ARE AVAILABLE to the PLAINTIFF

10  38) PLAINTIFF CONTINUES to RECEIVE Psychotropic

11  MEDICATION TREATMENTS TRIGGERED By the deprivation

12  of HIS Cervical pillow

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):* 4 = 35 - 38

27

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___6___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## Exemplary Damages Attachment

Page _____

ATTACHMENT TO ☒ Complaint ☐ Cross - Complaint

EX-1. As additional damages against defendant *(name):* T. Reynolds, A. Chavarria, and J. Woods

Plaintiff alleges defendant was guilty of
☐ malice
☐ fraud
☐ oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

① the defendants acknowledge taking possession of Plaintiff Cervical Pillow

② deprivation of Plaintiff Cervical Pillow effected Plaintiff Sleep exacerbated Pains, which continues to effect Plaintiff concentration during daily activities

③ Plaintiff was Prescribed and continues to take Psychotropic medications to address Sleep and anxiety

④ Plaintiff was Prescribed and requires over the counter medications and Physical Therapy (that is on going)

⑤ Plaintiff was provided a Replacement Pillow (Cervical) during February 2020

EX-3. The amount of exemplary damages sought is
a. ☒ not shown, pursuant to Code of Civil Procedure section 425.10.
b. ☐ $

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

MC-030

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

MORIANO MILLARE # J19886
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689; SOLEDAD, CALIFORNIA 93960

TELEPHONE NO.: FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 180 E. WEBER AVE
MAILING ADDRESS:
CITY AND ZIP CODE: STOCKTON CA 95202-2777
BRANCH NAME:

PLAINTIFF/PETITIONER: MORIANO MILLARE
DEFENDANT/RESPONDENT: T. REYNOLDS, A. CHAVARRIA, and J. WOODS

**DECLARATION**

CASE NUMBER:

---

I MORIANO MILLARE # J19886 AM the PLAINTIFF IN the Above Cause of Action And do Hereby declare Under the PENALTY of PERJURY And the LAWS of the STATE of CALIFORNIA that the Above (included) Numbered PARAGRAPHS 1 — 38 STATE fACTS, ARE bASED UPON MY PERSONAL KNOWledge And STATED ON INFORMATION And Belief

Executed this 5th day of October 2020

---

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

MORIANO MILLARE

*(TYPE OR PRINT NAME)*

*(SIGNATURE OF DECLARANT)*

☐ Attorney for ☒ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☐ Other *(Specify):*

<u>PROOF OF SERVICE BY MAIL</u>
<u>BY PERSON IN STATE CUSTODY</u>
<u>(Fed.R.Civ.P. 5 ; 28 USC 1746)</u>

I <u>MORIANO MILLARE</u> declare: I AM OVER 18 YEARS OF AGE AND A PARTY to this ACTION. I AM A RESIDENT OF THE STATE OF CALIFORNIA At the <u>CORRECTIONAL TRAINING FACILITY</u> PRISON IN the COUNTY OF MONTERY, STATE OF CALIFORNIA. MY PRISON ADDRESS IS: <u>P.O. BOX 689 ; SoLEDad, CA. 93960.</u>

On October 5 2020 I SERVED the Attached <u>CIVIL Complaint for NEGLIGENCE with EXHIBITS</u> on the PARTIES HERE IN by PLACING TRUE AND CORRECT COPIES thereOF, Enclosed IN A SEALED ENVELOPE, WITH POSTAGE thereON FULLY Paid, IN the UNITED STATES MAIL IN A deposit BOX SO Provided At the Above NAMED CORRECTIONAL FACILITY IN WHICH I AM PRESENTLY CONFINED. THE ENVELOPE WAS Addressed AS FOLLOWS:

<u>SAN JOAQUIN COUNTY SUPERIOR COURT</u>
<u>STOCKTON COURT HOUSE</u>
<u>180 E. WEBER AVE</u>
<u>STOCKTON, CALIFORNIA 95202-2777</u>

I declare UNDER PENALTY OF PERJURY UNDER the LAWS OF the UNITED STATES OF AMERICA That the FOREGOING IS TRUE AND CORRECT.

<u>EXECUTED ON OCTOBER 5 2020</u>     /S/ _____

MORIANO          MILLARE

1  MORIANO MILLARE J-19886
2  CORRECTIONAL TRAINING FACILITY
3  P.O. Box 689
4  SOLEDAD CA 93960
5
6  <u>PLAINTIFF IN PRO SE</u>

7                    <u>IN THE SUPERIOR COURT</u>
8                    <u>FOR THE COUNTY OF SAN JOAQUIN</u>
9
10  MORIANO MILLARE           |        CASE NO _____
11        PLAINTIFF           |
12  V.                        |   <u>EXHIBITS UNDER SEPERATE COVER</u>
13     T. REYNOLDS,           |
14     A. CHAVARRIA,          |
15    AND  J. WOODS,          |
16    DEFENDANTS              |
17  _____|

18  1)  Exhibit A    CERVICAL SPINE X-RAY  201        Page  1
19  2)  Exhibit B    APPEAL  TU-N-20-00008            Pages  1-13
20  3)  Exhibit C    TREATMENTS                       Pages  1-3
21  4)  Exhibit D    INMATE PASS                      Page  1
22  5)  Exhibit E    GOVERNMENT CLAIMS                Page  1
23  6)  Exhibit F    CDCR 22 FORM                     Page  1
24  7)  Exhibit G    R. STRICKLIN - CDCR GA-22 FORM   Pages  1-2
25
26
27
28

EXHibit A

CeRVICAL SpiNE X-RAy

ONE PagE

 HEALTH CARE SERVICES                     Deuel Vocational Institution

---

Name:                    MORIANO MILLARE            Patient ID:      11732928
DOB:                     08/04/1974                 Secondary ID: J19886
Exam Name:               XR CERVICAL SPINE 3 VWS |
                         72040                      Exam Date:      12/02/2016 09:33 AM
Primary Care Provider: H. Win, MD
Ordering Provider:       H. Win, MD

---

CLINICAL INDICATION: CHRONIC PAIN TO C-T-L SPINES
COMPARISON: None
TECHNIQUE: Routine technique

FINDINGS:

There is no evidence for a fracture or dislocation.

Severe degenerative disc changes are present from C3-4 through C7-T1.

There is no evidence for retropharyngeal soft tissue swelling. The odontoid is
intact and the spinous processes and lateral masses are within normal limits.

IMPRESSION:

SEVERE MULTILEVEL CERVICAL SPONDYLOSIS

Report Electronically Signed by:  B Troup MD
Report Electronically Signed on: 12/02/2016 11:32 AM

---

Exhibit
"A"

pg 1

EXHIBIT B

APPEAL TU-N-20-00008

13 PAGES

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS and REHABILITATION

TU-N-20-00008

**IAB USE ONLY**

DVI-X-20-00459

Category: **5**

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): MILLARE, MORIANO  CDC Number: J19886  Unit/Cell Number: B Wing 107  Assignment:

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
PROPERTY — MEDICAL APPLIANCE (CERVICAL PILLOW)

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):
I WAS TRANSFERED to CTF FROM DVI ON JANUARY 7 2020. BEFORE BEING Shackled And ASSIGNED A SEAT ON the BUS I HANDED a FEMALE TRANSPORTATION OFFICER

B. Action requested (If you need more space, use Section B of the CDCR 602-A):
① RETURN CERVICAL PILLOW
② PROVIDE equivalent SUBSTITUTE UNTIL CERVICAL PILLOW IS RETURNED

Supporting Documents: Refer to CCR 3084.3.
☑ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____

☐ No, I have not attached any supporting documents. Reason: _____

Inmate/Parolee Signature: _____  Date Submitted: JAN 9 2020
☐ By placing my initials in this box, I waive my right to receive an interview.

**RECEIVED**
JAN 13 2020
CTF Appeals
AV

(stamp) RIVERSIDE TRANSPORTATION FEB 2020 UNIT APPEALS

RECEIVED JAN 24 2020 DVI APPEALS OFFICE

C. First Level - Staff Use Only
This appeal has been:  Staff – Check One: Is CDCR 602-A Attached? ☑ Yes  ☐ No
☐ Bypassed at the First Level of Review. Go to Section E.  AV
☐ Rejected (See attached letter for instruction) Date: 1/13/20  Date: 1/21/20  Date: _____  Date: _____
☐ Cancelled (See attached letter) Date:
☑ Accepted at the First Level of Review.
Assigned to: C. Shephard  Title: Lt.  Date Assigned: 3/5/20  Date Due: 4/1/20

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: 3-12-20  Interview Location: Telephonic Interview
Your appeal issue is: ☐ Granted  ☑ Granted in Part  ☐ Denied  ☐ Other:
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: C. Shephard  Title: Lt.  Signature: _____  Date completed: 3/30/20
Reviewer: John Herrera  Chief State Wide Trans  Signature: John Herrera
Date received by AC: 3/30/20

Exhibit "B" pg 1.

AC Use Only
Date mailed/delivered to appellant: 4/1/20

TU-N-20-00008
20-00102

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

DN-X-20-00459     S

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First) | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| MILLARE MORIANO | J19886 | BWing 107 | |

**A.** Continuation of CDCR 602, Section A only (Explain your issue): A BAG Which
CONTAINED my medical Appliance (CERVICAL Pillow).
The Female officer WROTE my NAME And CDCR
Number on the BAG. when J ARRIVED At CTF,
my CERVICAL Pillow WAS Not included with the
PROPERTY I WAS provided. I HAVE Nothing to
SUppoRT my NECK while laying down which
inTERFERES with my Sleep And CAUSES SEVERE PAIN
iN my HEAD NECK And BACK.

RECEIVED
JAN 13 2020
CTF Appeals

STATEWIDE TRANSPORTATION
FEB 2020
UNIT APPEALS

Inmate/Parolee Signature: _____     Date Submitted: JAN 9, 2020

RECEIVED
JAN 24 2020
EVI APPEALS OFFICE

**B.** Continuation of CDCR 602, Section B only (Action requested): _____

EX B
Pg 2

Inmate/Parolee Signature: _____     Date Submitted: _____

D. If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

I AM dissATISfied with the FIRST Level Review because
I Received A Replacement CERVICAL Pillow AFTER
35 dAy DEPRIVATION

Inmate/Parolee Signature: _____  Date Submitted: 4·20·2020

### E. Second Level - Staff Use Only

Staff – Check One: Is CDCR 602-A Attached? ☐ Yes  ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include Interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____    Interview Location: _____

Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
See attached letter. If dissatisfied with Second Level response, complete Section F below.  Date completed: _____

Interviewer: _____  Title: _____  Signature: _____
(Print Name)
Reviewer: _____  Title: _____  Signature: _____
(Print Name)

Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant _____/_____/_____

F. If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

Inmate/Parolee Signature: _____  Date Submitted: _____

### G. Third Level - Staff Use Only

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant _____/_____/_____

Request to Withdraw Appeal: I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature: _____  Date: _____

Print Staff Name: _____  Title: _____  Signature: _____  Date: _____

EX B Pg 3

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

Inmate/Parolee Signature: _____ Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

Inmate/Parolee Signature: _____ Date Submitted: _____

Ex "B" pg 4

State of California                                      Department of Corrections and Rehabilitation

Memorandum

Date:     March 30, 2020

To:       Millare, Moriano J-19886
          California Training Facility (CTF)
          Highway 101N
          Soledad, Ca 93960

Subject:  **FIRST LEVEL APPEAL RESPONSE**
          **APPEAL LOG NUMBER: TU-N-20-00008**
          **APPEAL ISSUE: TRANSPORT CONDITIONS**
          **APPEAL RESPONSE: GRANTED IN PART**

This is the First Level Response (FLR) to your appeal dated January 09, 2020. You contend on January 7, 2020, you handed a female officer a bag which contained your cervical pillow while at Deuel Vocational Institution (DVI) and when you arrived at the Correctional Training facility (CTF), your pillow was not included with the property you received. You are requesting the following:

1. The return of your cervical pillow.
2. Provide a equivalent substitute until cervical pillow is returned.

A thorough review of your appeal was conducted, which included an interview with you, with a review of the following documents.

- Statewide Bus Schedule for the week of January 06, 2020
- Transfer Record (CDCR 135)
- Statewide Transportation Duty Log (CDCR 250)
- Property Transfer Receipt (CDCR 143)
- 7536 DME/Supply Receipt

A review of the Strategic Offender Management System (SOMS) revealed you did not have any reading comprehension issues, physical impairments, or cognitive functioning deficiencies, which require any assistance/accommodation/adaptive supports to establish effective communication. The questions asked by you and your responses to the questions asked during the interview process confirmed effective communication was accomplished.

On February 12, 2020, at approximately 1030 hours, Northern Transportation Hub (NTH) Correctional Lieutenant C. Shephard interviewed you via telephone. The telephonic interview occurred due to you being at CTF and Lieutenant Shephard being assigned to NTH located at DVI. The interview was to provide you the opportunity to fully explain your appeal and provide any additional supporting information or documents. You reiterated what was stated in the

Ex "B"
pg 5

appeal, confirmed you received an equivelant cervical pillow and asked for a return of your pillow.

All documents submitted by you have been considered and reviewed in accordance with departmental policies and institutional procedures. A review of the SOMS notes on January 7, 2020, you were transferred from DVI to CTF. NTH staff were interviewed regarding your claim and recalled taking possession of your cervical pillow. NTH staff also stated once they arrived to CTF, they relinquished your cervical pillow to the medical staff in Receiving and Release at CTF. This exchange was not documented. When you received your property at CTF, you did not receive your cervical pillow. A review of your CDCR 7536 Durable Medical Equipment and Medical Supply Receipt notes your cervical pillow was replaced on February 10, 2010, at CTF.

Decision:

Your appeal is **GRANTED IN PART** at this Level of Review. Granted in that you received an equivalent cervical pillow on February 10, 2020. The portion denied is the cervical pillow you were transported with has not been located; therefore, it cannot be returned to you.

If you are dissatisfied with the FLR, you may appeal to the Second Level by following the directions on your appeal form.

JOHN L. HERRERA
Chief
Statewide Transportation Unit
Division of Adult Institutions



# BUS SCHEDULE LISTING
## WEEK OF: January 06, 2020



| SCHEDULE 'Q' | SGT: T. REYNOLDS | C/O: A. CHAVARRIA | C/O: J. WOODS |
|---|---|---|---|
| MON | 01/06/20 | NTH SQRC SOL CMF DVIRC | |
| TUE | 01/07/20 | DVIRC CTF SVSP NKSPRC KVSP CSPWRC | #1 R&R @ 0500 |
| WED | 01/08/20 | CSPWRC NKSPRC ASP PVSP NKSPRC CSPWRC | R&R @ 0500 |
| THU | 01/09/20 | CSPWRC NKSPRC SCC MCSP NTH | R&R @ 0500 |
| FRI | 01/10/20 | **TBD** | |

| SCHEDULE 'R' | SGT: M. PARIS | C/O: R. JIMENEZ | C/O: B. WHIPPER |
|---|---|---|---|
| MON | 01/06/20 | **TBD** | |
| TUE | 01/07/20 | **NTH CCWFRC FWF NTH** | |
| WED | 01/08/20 | DVIRC VSP CSPC SATF NKSPRC CSPWRC | R&R @ 0500 |
| THU | 01/09/20 | CSPWRC NKSPRC SOL CMF SQRC | R&R @ 0500 |
| FRI | 01/10/20 | SQRC SAC FSP MCSP SCC NTH | R&R @ 0500 |

| SCHEDULE 'S' | SGT: R. FERNANDES | C/O: J. FERRARIO | C/O: E. FERNANDEZ |
|---|---|---|---|
| MON | 01/06/20 | **TBD** | |
| TUE | 01/07/20 | DVIRC FSP SAC SOL CMF SQRC | #3 R&R @ 0530 |
| WED | 01/08/20 | SQRC CTF SVSP CMC-W CMC-E | R&R @ 0500 |
| THU | 01/09/20 | CMC-E CMC-W LAC CRC CIMRC | R&R @ 0500 |
| FRI | 01/10/20 | CIMRC NKSPRC VSP DVIRC | R&R @ 0500 |

| SCHEDULE 'T' | SGT: T. DELESTINE | C/O: J. CHAVEZ | C/O: R. ROSAS |
|---|---|---|---|
| MON | 01/06/20 | NTH SQRC HDSP CCC | |
| TUE | 01/07/20 | CCC HDSP DVIRC | R&R @ 0500 |
| WED | 01/08/20 | DVIRC PBSP | R&R @ 0500 |
| THU | 01/09/20 | PBSP NTH | R&R @ 0500 |
| FRI | 01/10/20 | **TBD** | |

Ex "B"
pg 7

STATE OF CALIFORNIA

CDCR-135 (Rev. 08/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

DISTRIBUTION PER INSTITUTION POLICY

## TRANSFER RECORD

The following identified persons will be transferred this date.

**SCHEDULE: Q**

DATE: 01/07/2020

NUMBER TRANSFERRING: 1

FROM: DVI

TO: CTF

VIA:

VIA:

| No. | CDC Number | Name | Level | Housing | TB Code | Ethnic | Case Factor | Specific Transfer Reason | Comments |
|-----|-----------|------|-------|---------|---------|--------|-------------|--------------------------|----------|
| 1 | J19886 | MILLARE, MORIANO D. | 2 A | C1-01001L | 92 | BLA | CMSII | | NCF/DLT/GF/LB CCCMS |

PREPARED BY: G. HOWE

SENDING INSTITUTION: DVI

Receipt of the above-named persons and their records is acknowledged

SIGNATURE OF TRANSPORTING OFFICER

TITLE: CRT

TITLE

INSTITUTION

SIGNATURE OF RECEIVING OFFICER

TITLE

INSTITUTION

Page:

EX-
"B"
P. 8

**Patient Encounter Information**

ENCTR Information: Encounter Info: Patient Name: MORIANO MILLARE, DOB: 08/04/1974, FIN:
1000000141173292BJ19886, Facility: CTF, Encounter Type: Institutional Encounter

**Approved DME/Medical Supplies**

DME Air Cell Cushion-High Profile (Roho): N/A
DME Air Cushion (for Wheelchair Seat): N/A
DME Air Cushion-Full (Day/Geri Chair): N/A
DME Ankle Foot Orthoses/Knee Ankle Foot: N/A
DME Back Braces: N/A
DME Bone Growth Stimulators Electrical: N/A
DME Breast Pump: N/A
DME Bubble Humidifier: N/A
DME Burn Garment: N/A
DME Cane: Cane Permanent
DME Commode Chairs: N/A
DME Compression Stocking: N/A
DME Continuous Passive Motion  Lower: N/A
DME Continuous Passive Motion Upper: N/A
DME Crutches: N/A
DME Diabetic Supplies Monitors: N/A
DME Eyeglass Frames: N/A
DME Eyeglasses for Aphakia: N/A
DME Foot Orthoses: N/A
DME Hearing Aid: N/A
DME Hearing Impaired Disability Vest: N/A
DME Heel/Foot Protector: N/A
DME Helmet: N/A
DME Incontinence Supplies: N/A
DME Insulin Pump: N/A
DME Knee Braces: N/A
DME Mobility Impaired Disability Vest: Mobility Impaired Disability Vest Permanent
DME BiPap: N/A
DME CPAP: N/A
DME Ocular Conformers: N/A
DME Ostomy Supplies: N/A
DME Oxygen Concentrators: N/A
DME Pressure Reducing Support Services: N/A
DME Prosthetic Limbs Lower Extremity: N/A
DME Prosthetic Limbs Upper Extremity: N/A
DME Reading Glasses: N/A
DME Scleral Shell Contact Lenses: N/A
DME Sitz Bath: N/A
DME Spinal Orthoses: N/A
DME Standing Frames: N/A
DME Therapeutic Contact Lenses: N/A
DME Therapeutic Shoes/Orthotics: N/A
DME Toilet Seat Lift (Erector): N/A
DME Tracheostomy Care Supplies: N/A
DME Truss Hernia Support: N/A
DME Urologic Supplies: N/A
DME Vision Impaired Disability Vest: N/A
DME Voice Prosthesis Augmentative: N/A
DME Walkers: N/A
DME Wheelchair: N/A
DME Wound Care Dressings: N/A
DME Negative Pressure Wound Therapy: N/A
DME Wrist Support Brace: N/A
DME Other Options: Other Permanent
DME Other: Mobility impaired Vest
   cervical pillow

**Durable Medical Equipment and Supply Receipt**

7536 Descriptions 1: Other DME/Supplies
7536 Quantity 1: 1
7536 Make 1: cervical pillow
7536 Date of Fizit: 02/10/20:

RECEIVED
FEB 10 2020
MEDICAL RECORDS

2/10/20
0941

Men Miller   2/10/2020

CTF (Location: CTF C BW 1 , 107 , 107001L)
Patient Name: MILLARE, MORIANO DEPORIS        DOB / AGE / SEX: 08/04/74  45 Years Male
Admitting Physician:
Admission Date / MRN / Financial Num: 01707/20  J19886  1000000141173292BJ Page 1 of 2
                                                            Print Date: 02/10/20
                                                            Print Time: 09:41 PST
                                                            Printed by: Villanueva,
                                                                 Christina LVN

Ex "B"
P. 9

STATE OF CALIFORNIA
## PROPERTY TRANSFER RECEIPT
CDC-0143 ( Rev.: 02/00)

SENDING INSTITUTION/FACILITY: **DVI**

DESTINATION: **CTF**    SCHEDULE: **Q**

| Inmate's Name | CDC Number | Number of Personal Property Boxes (6 cu ft Limit) | Television (Boxed) | Musical Instrument (if Boxed Separately) | Number of Active Legal Case Boxes | Total Number of Boxes |
|---|---|---|---|---|---|---|
| ▓▓▓▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓ | | | | |
| ▓▓▓▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓ | | | | |
| ▓▓▓▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓ | | | | |
| MILLARE | J19886 | 3 boxes | | | | |
| ▓▓▓▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓ | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **TOTAL** | | | | | | |

| I HEREBY ACKNOWLEDGE TIME ACCURACY OF THIS DOCUMENT | SIGNATURE | PRINTED NAME B. Armer | DATE 1-6-20 |
|---|---|---|---|

### TRANSPORTATION

| I HEREBY ACKNOWLEDGE THE RECEIPT OF THE ABOVE PROPERTY | SIGNATURE | PRINTED NAME A. Chavarria | DATE 1-7-20 |
|---|---|---|---|

### ENROUTE TRANSPORTATION

| I HEREBY ACKNOWLEDGE THE RECEIPT OF THE ABOVE PROPERTY | SIGNATURE | PRINTED NAME | DATE |
|---|---|---|---|

### RECEIVING INSTITUTION/FACILITY

| I HEREBY ACKNOWLEDGE THE RECEIPT OF THE ABOVE PROPERTY | SIGNATURE | PRINTED NAME D.W. McGriff Sr. | DATE 1-7-20 |
|---|---|---|---|

DISTRIBUTION: Original: Sending Institution/Facility; Canary: Transportation Officer; Pink: Enroute Transportation Officer; Goldenrod: Receiving Institution/Facility

State of California
**CDC FORM 695**
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1 824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Monday, January 13, 2020*

*MILLARE, J19886*
*C BW 1107001L*

PROPERTY, , 01/13/2020
Log Number: CTF-S-20-00102
(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is
subject to cancellation for failure to correct noted deficiencies.</u>)

The enclosed documents are being returned to you for the following reasons:

*Be advised that your appeal has been forwarded to another CDCR unit for processing.*

*DVI.*

☐  A. Lerma, OT (T)
☐  R. Monroy Jr
☐  E. Medina, AGPA
Appeals Coordinator
CTF

NOTE:  If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

_____

_____

_____

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and
resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to
CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a
separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if
the appeal on the cancellation is granted.
 NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Monday, January 27, 2020*

*MILLARE, J19886*
*C BW 1107001L*

PROPERTY, , 01/24/2020
Log Number: DVI-X-20-00459
(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is
subject to cancellation for failure to correct noted deficiencies.</u>)

The enclosed documents are being returned to you for the following reasons:

*Be advised that your appeal has been forwarded to another CDCR unit for processing.*

*Your appeal has been forwarded to the Inmate Appeals Office at Northern Transportation
Unit to review for further processing.*

☐   J. Flores, Office Technician
☐   B. Cantu, Correctional Counselor II
☐   E. Casillas, Correctional Counselor II (A)
☐   L. Fernando, Appeals Analyst
Appeals Coordinator
DVI

NOTE: If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

_____

_____

_____

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and
resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to
CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a
separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if
the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

# EXHIBIT C

## TREATMENTS

CERVICAL PILLOW REPLACED
PSYCHOTROPIC MEDICATIONS
PHYSICAL THERAPY
OVER THE COUNTER MEDICATIONS

3 PAGES

Initial RAP Meeting Date: 01/23/2020    Date IAC Received 1824: 1/22/2020    1824 Log Number: 20-00222

Inmate's Name: Millare, Moriano    CDCR #: J19886    Housing: C BW 107L

**RAP Staff Present:** ADAC AW T. Lemon; HCAU Captain C. Freeman; CP&S M. Sweet; Mental Health Representative Supervisor PSYCHOL. V. Martinez; Appeals Representative E. Medina; Education Representative K. Thompson; CCI R. Flores; Health Care Grievance Coordinator (A) M. Rojas; Health Care Compliance Analyst R. Catrina; HCAU OT N. Dalida

**Summary of Inmate's 1824 Request:** Inmate Millare states his cervical pillow was lost in his transfer to CTF. He states has severe multi-level compressions in his cervical spine which cause severe headaches, back/neck/shoulder pain and this interferes with his sleep and concentration. Inmate Millare is therefore requesting:

    A cervical pillow or equivalent to support his neck when lying down.

---

Interim Accommodation:

☒  Accommodation provided: Inmate Millare was interviewed on January 22, 2020, during which time he verified that he has access to all programs, services, and activities. Inmate Millare was also advised that he can utilize ADA workers, as needed. He stated he had just seen his PCP and a new cervical pillow was ordered. Custody offered Inmate Millare an extra blanket pending RAP review to use as extra support until his cervical pillow arrives.

**RAP RESPONSE:**

On January 23, 2020, your CDCR 1824 Reasonable Accommodation Request was reviewed by the Reasonable Accommodation Panel (RAP) wherein it was determined that your request has been granted. It was noted by the Health Care Representative that:

    You were evaluated by your PCP on January 21, 2020, in regards to your headaches, chronic cervical (neck), back and shoulder pain. You reported worsening pain with lying down which may be a contributing factor to your sleep and concentration complaints. Your PCP placed an order for a cervical pillow.

    The Mental Health (MH) Representative noted that you were recently evaluated by your primary MH clinician and Interdisciplinary Treatment Team (IDTT). IDTT addressed your current sleep concerns and anxiety surrounding your physical pain and you were recently prescribed Psychotropic medications. MH will continue to see you through routine scheduled contacts to focus on your sleep concerns, anxiety and other MH treatment areas.

    If you are dissatisfied or in disagreement with a health care decision or treatment plan, the remedy would be for you to file a blue CDCR 602 Health Care Grievance form.

**Direction if dissatisfied:**

If you disagree with this decision and want to file an appeal, be sure to attach a copy of this response along with your CDCR 1824 as supporting documents. If you disagree with a health care decision made prior to or during the CDCR 1824 process, complete a blue CDCR 602 Health Care Grievance form. If you disagree with any other RAP decision, complete a green CDCR 602.

AW T. Lemon
**ADA Coordinator/Designee**

FEB 2 0 2020

**Date sent to inmate:**    FEB 0 5 2020

**Signature**

EXHibit "C"
Pg 1

RECEIVED
HCCAB
APR 1 7 2020



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Institutional Level Response

**Closing Date:** APR 0 8 2020

**To:**  MILLARE, MORIANO (J19886)
C BW 1107001L
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960-0686

**Tracking #:** CTF HC 20000113

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | Description |
|---|---|
| Issue:   ADA ( Disagreement with RAP Decision ) | Cervical Pillow |

## INTERVIEW

On 3/9/2020, you were interviewed by M. Chua, Health Care Appeals Registered Nurse regarding this health care grievance. During the interview, you were allowed the opportunity to fully explain your health care grievance issue(s).

## INSTITUTIONAL LEVEL DISPOSITION

[X] No intervention.      [ ] Intervention.

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. These records indicate:

- You are receiving continuing care for the management of chronic neck pain as determined medically necessary by your Primary Care Provider (PCP). You were evaluated by your PCP on 1/21/2020 for chronic neck and back pain. Your PCP noted your medical history, current symptoms and completed assessments. Your plan of care includes education regarding over the counter pain medications available at the canteen as needed for pain, stretching exercises, body mechanics, a consultation to physical therapy and routine order for a permanent cervical pillow. You received a cervical pillow on 2/10/2020 and signed a receipt. You are enrolled in the Chronic Care Program

---

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

Exhibit
" C "
pg 2

RECEIVED
HCCAB
APR 17 2020

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

where your medical conditions and medication needs are closely monitored. Progress notes indicate there is a plan of care in place and your PCP has discussed this plan of care with you.

You disagree with the Reasonable Accommodation Panel (RAP) Response, 1824 Log Number 20-00222.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

_____
S. Posson, D.O.
Chief Medical Executive
Correctional Training Facility

4/8/20
Reviewed and Signed Date

---

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

Exhibit "C"
pg 3

RECEIVED
HCCAB
APR 17 2020

# EXHibit D

## INMATE PASS to R' And 'R

ONE PAGE

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
OTRR314          INMATE NON-PRIORITY PASS

| INMATE'S NAME | | CDC# | HOUSING AREA/BED | |
|---|---|---|---|---|
| Miliare, Moriano Deporis | | J19886 | C BW 1 - 107001L | |
| ISSUED BY | ISSUE DATE | | APPT. DATE | APPT. TIME |
| E. Seeley | 03/10/2020 | | 03/11/2020 | 06:00 |
| APPT. LOCATION | TYPE / REASON | | | |
| R & R | R&R Other/R&R Other | | | |
| ARRIVAL TIME: | RECORDED BY: | | | |
| DEPART TO: | DEPART TIME: | RECORDED BY: | | |

778

Exhibit
" D "
Pg 1

# EXHIBIT E

## GOVERNMENT CLAIMS RESPONSE

ONE PAGE


06/16/2020

Moriano Millare J19886
P.O. Box 689
Soledad, CA 93960

RE: Claim 20004453 for Moriano Millare J19886 against California Department of
Corrections and Rehabilitation (CDCR)

Dear Moriano Millare,

Government Claims Program (GCP) staff completed its investigation of your claim
and rejected it for the following reasons.

The claim involves complex issues that are beyond the scope of analysis and legal
interpretation typically undertaken by the GCP. Claims involving complex issues are
best determined by the courts. Therefore, staff did not make a determination
regarding the merit of the claim, and it is being rejected so you can initiate court
action if you choose to pursue this matter further.

If you choose to pursue court action in this matter, it is not necessary or proper to
include the GCP in your lawsuit unless the GCP was identified as a defendant in your
original claim. Please consult Government Code section 955.4 regarding proper
service of the summons.

If you have questions about this matter, please feel free to contact GCP by phone,
mail, or email using the contact information below. Please remember to reference
the assigned claim number (20004453) in your communication.

Sincerely,

Kelli Miyata, Program Analyst
Government Claims Program
gcinfo@dgs.ca.gov

**WARNING:** Subject to certain exceptions, you have only six (6) months from the
date this notice was personally delivered or deposited in the mail to file a court action
on this claim. See Government Code Section 945.6. You may seek the advice of an
attorney of your choice in connection with this matter. If you desire to consult an
attorney, you should do so immediately.

*Exhibit E*
*pg 1*

EXHibit          F

JUNE 19 2020     CDCR 22 Form

ONE PAGE

## SECTION A: INMATE/PAROLEE REQUEST

NAME (Print):   (LAST NAME)   (FIRST NAME)
MILLARE    MORIAND

CDC NUMBER:
J11886

SIGNATURE:
_Mrs Muth_

HOUSING/BED NUMBER:
B WING 107L

ASSIGNMENT:

HOURS FROM   /   TO   /

TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.):
APPEALS

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

I SHOULD EXPECT TO RECEIVE THE    I RESPECTFULLY REQUEST to KNOW WHEN
REGARDING APPEAL   TU-N-20-0008   SECOND LEVEL REVIEW (SLR) RESPONSE

THANK YOU.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☐ SENT THROUGH MAIL:  ADDRESSED TO: APPEALS TRANSPORTATION UNIT - NORTH
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):   DATE MAILED: 6,19,20

RECEIVED BY: PRINT STAFF NAME:
T Klein-Int

DATE:
6/19/20

SIGNATURE:

IF FORWARDED – TO WHOM:
APPEALS TRANSPORTATION UNIT NORTH

DATE DELIVERED/MAILED:
June 19 2020

FORWARDED TO ANOTHER STAFF?
(CIRCLE ONE)   YES   NO

METHOD OF DELIVERY:
(CIRCLE ONE)   IN PERSON   BY US MAIL

## SECTION B:  STAFF RESPONSE

RESPONDING STAFF NAME:

DATE:

SIGNATURE:

DATE RETURNED:

## SECTION C:  REQUEST FOR SUPERVISOR REVIEW
PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL,  KEEP FINAL CANARY COPY.

SIGNATURE:

DATE SUBMITTED:

## SECTION D:  SUPERVISOR'S REVIEW

RECEIVED BY SUPERVISOR (NAME):

DATE:

SIGNATURE:

DATE RETURNED:

EXHibit   G

R. STRICKLIN  —  GA 22 Form

Two pAges

# INMATE REQUEST FOR INTERVIEW

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| July 14 2020 | CCI Strickln | Millare | J19886 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | | |
|---|---|---|---|---|---|
| B. Wing | 107L | | | FROM | TO |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | | ASSIGNMENT HOURS | | |
|---|---|---|---|---|
| | | | FROM | TO |

**Clearly state your reason for requesting this interview.**

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

On April 20 2020 I Returned Appeal Tu-N-20-00008 to the Office Of Inmate Appeals for Second Level Review. On June 19 2020 I Submitted to the Office Of Inmate Appeals A CDCR form 22 And A GA-22 Inmate Request For Interview Requesting to Know When I Should Expect to Recieve A Response Regarding the Appeal. As of July 14 2020 I HAVE

*Do NOT write below this line. If more space is required, write on back.*

INTERVIEWED BY: R. A. Strickln                      DATE: 7/20/20

DISPOSITION: You are seeking the correct course of action. Your concerns regarding your appeal should be sent to the inmate office of inmate grievance and appeals.

Exhibit "G"

Page 1 of 2

Side - ONe

Not Received a Response to Appeal TU.N.20.00008 Nor have the June 19 2021 CDCR 22 or GA.22 forms been Returned to Me.

I RespectFully Request For you to inquire into the where abouts of Appeal TU.N.20.00008 And Provide Me with a Time Frame when I Should Expect to Receive the Appeal, Thank You.

Side Two

Exhibit "C"

Page 2 of 2

# EXHIBIT B

1 MORIANO MILLARE J19886

FILED
SUPERIOR COURT-STOCKTON

2 CORRECTIONAL TRAINING FACILITY

2021 NOV -8 PM 1:50

3 PO BOX 689

BRANDON E. RILEY, CLERK

4 SOLEDAD CA 93960

BY _____
Rohani Bashaw

5

6 PLAINTIFF IN PRO SE

7

8                    SUPERIOR COURT OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SAN JOAQUIN

10

11 MORIANO MILLARE                 CASE NO STK CV LPI 2020 8820

12        PLAINTIFF        FIRST AMENDED COMPLAINT FOR DAMAGES

13 V.                              GENERAL NEGLIGENCE AND FAILURE

14                                 TO DISCHARGE A MANDATORY DUTY.

15 CALIFORNIA DEPARTMENT           REQUEST FOR JURY TRIAL

16 OF CORRECTIONS AND

17 REHABILITATION AND DOES

18 1 THROUGH 20 INCLUSIVE          JUDGE: BARBARA A KRONLUND

19        DEFENDANTS               ACTION FILED: OCTOBER 19, 2020

20                                 DEPARTMENT: 10 D

21

22 COMES NOW PLAINTIFF MORIANO MILLARE AND ALLEGES AS FOLLOWS:

23                      PARTIES

24   1) PLAINTIFF MORIANO MILLARE (HEREINAFTER REFERRED TO AS

25 "PLAINTIFF") IS AN INMATE WHO CURRENTLY RESIDES AT CALIFORNIA

26 CORRECTIONAL TRAINING FACILITY (HEREINAFTER REFERRED TO AS

27 "CTF") PO BOX 689, SOLEDAD, CALIFORNIA 93960.

28

                              1

1   2) DEFENDANT CALIFORNIA DEPARTMENT OF CORRECTIONS AND
2 REHABILITATION (HERE IN AFTER REFERRED TO AS "CDCR") AT ALL TIMES
3 RELEVANT HERE IN WAS AND IS A CALIFORNIA STATE AGENCY WITH ITS
4 HEADQUARTERS LOCATED IN SACRAMENTO COUNTY CALIFORNIA.
5 DEFENDANT CDCR IS AN EMPLOYER OF SEVERAL THOUSAND PERSONS
6 AND IS RESPONSIBLE FOR THE SAFE OPERATION OF THE CALIFORNIA
7 STATE PRISON SYSTEM. AS THE EMPLOYER, CDCR IS ALSO
8 RESPONSIBLE FOR THE BREACH OF MANDATORY DUTIES APPROXIMATE
9 TO INJURIES CAUSED BY ITS EMPLOYEES.
10   3) AT ALL TIMES RELEVANT TO THE COMPLAINT T. REYNOLDS,
11 A. CHAVARRIA AND J. WOODS WERE SCHEDULE "Q" TRANSPORTATION
12 OFFICERS EMPLOYED BY CDCR
13   4) THE TRUE NAMES AND CAPACITIES OF THE DEFENDANTS NAMED
14 HERE IN AS DOES 1 THROUGH 20, INCLUSIVE, WHETHER INDIVIDUAL,
15 CORPORATE ASSOCIATE OR OTHERWISE, ARE UNKNOWN TO THE PLAINTIFF
16 WHO THEREFORE SUES SUCH DEFENDANTS BY FICTITIOUS NAMES
17 PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 474.
18 PLAINTIFF WILL AMEND THIS COMPLAINT TO ALLEGE THEIR TRUE
19 NAMES AND CAPACITIES WHEN ASCERTAINED.
20   5) PLAINTIFF IS INFORMED AND BELIEVES AND ON THAT BASIS
21 ALLEGES THAT EACH DEFENDANT SUED UNDER SUCH FICTITIOUS NAME
22 IS IN SOME MANNER RESPONSIBLE FOR THE OCCURENCES AND THE
23 DAMAGES AS ALLEGED BELOW AND THAT PLAINTIFF INJURIES AS
24 ALLEGED IN THIS COMPLAINT WERE PROXIMATELY CAUSED BY THEIR
25 NEGLIGENCE.
26   6) PLAINTIFF IS INFORMED AND BELIEVES AND ON THAT BASIS ALLEGES
27 THAT EACH DEFENDANT SUED UNDER SUCH FICTITIOUS NAME HAD
28

1 A MANDATORY NON DISCRETIONARY DUTY THAT WAS BREACHED AND

2 PROXIMATELY CAUSED INJURY TO THE PLAINTIFF

3    7) PLAINTIFF IS INFORMED AND BELIEVES AND ON THAT BASIS

4 ALLEGES THAT AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH OF

5 THE DEFENDANTS IN SO ACTING WAS FUNCTIONING AS THE OWNER

6 SHAREHOLDER PRINCIPAL AGENT SERVANT PARTNER JOINT VENTURER

7 ALTER-EGO, EMPLOYEE, PROXY, MANAGER AGENT, AND PRINCIPAL OF

8 THE CO DEFENDANT, AND IN PERFORMING THE ACTS MENTIONED BELOW

9 WAS ACTING, AT LEAST IN PART, WITH IN THE COURSE AND SCOPE OF

10 SUCH AUTHORITY AS SUCH AGENT PROXY SERVANT PARTNER JOINT

11 VENTURER, EMPLOYEE, ALTER EGO, MANAGING AGENT AND PRINCIPAL

12 WITH THE PERMISSION AND CONSENT OF THE CO DEFENDANT

13            VENUE

14    8) VENUE IS PROPER IN THIS COUNTY BECAUSE THE ACTIONS

15 AS ALLEGED HEREIN ORIGINATED IN SAN JOAQUIN COUNTY AT

16 DEUEL VOCATIONAL INSTITUTION; 23500 KASSON ROAD; TRACY,

17 CALIFORNIA 95304

18         GENERAL ALLEGATIONS

19    9) PLAINTIFF IS A MOBILITY IMPAIRED INMATE WHO SUFFERS

20 FROM MULTI LEVEL CERVICAL SPINE SPONDYLOSIS, MULTI LEVEL THORACIC

21 SPINE SPONDYLOSIS AND MULTI LEVEL LUMBAR DEGENERATIVE DISC

22 DISEASE   EXHIBIT A

23    10) THESE CONDITIONS CAUSE SEVERE PAIN IN PLAINTIFF ARMS LEGS

24 BACK NECK AND HEAD WHICH ALSO INTERFERES WITH PLAINTIFF SLEEP

25    11) PREVIOUS TO YEAR 2017 PLAINTIFF WAS PRESCRIBED A DURABLE

26 MEDICAL EQUIPMENT - CERVICAL PILLOW TO SUPPORT HIS NECK

27 WHILE LAYING DOWN

28

12) On January 7 2020 Plaintiff was Transfered from the Deuel Vocational Institution in Tracy California To "CTF" in Soledad California

13) Before Plaintiff was Shackled And Assigned A Seat on CDCR Schedule "Q" Transportation Bus, Plaintiff Handed A Female CDCR Transportation Officer A Bag which Contained Plaintiff Durable Medical Equipment - Cervical Pillow

14) When Plaintiff Arrived At CTF, The defendants did Not Provide Plaintiff His Durable Medical Equipment - Cervical Pillow.

15) Pursuant to California Code Of Regulations Title 15 § 3999.392 (b) "Patients Transfered From One CDCR institution To another Shall Be allowed to Maintain Possession OF Durable Medical Equipment ..."

16) January 9 2020 Plaintiff Filed administrative appeal log Number TU N 20 00008 grieving the deprivation of His Durable Medical Equipment - Cervical Pillow          Exhibit B

17) On or about January 17 2020 Plaintiff received Treatment For increased Pains, difficulty sleeping and Concentrating associated with multi level Compressions in Plaintiff Spine that were Exacerbated By the deprivation of Plaintiff Durable Medical Equipment Cervical Pillow

18) Plaintiff was Evaluated By A CDCR Physician and CDCR Mental Health Staff At "CTF"

19) The CDCR Physician Ordered Plaintiff A Replacement Cervical Pillow And Physical Therapy

20) CDCR Mental Health Staff Prescribed Plaintiff Psychotropic

4

1 MEDICATION

2    21) FEBRUARY 10 2020 PLAINTIFF WAS PROVIDED A REPLACEMENT

3 DURABLE MEDICAL EQUIPMENT CERVICAL PILLOW    Exhibit C

4    22) FEBRUARY 12 2020 PLAINTIFF WAS INTERVIEWED VIA TELEPHONE

5 BY A CDCR OFFICER WHO IDENTIFIED HIMSELF AS SERGEANT HAZEL

6 REGARDING ADMINISTRATIVE APPEAL LOG NUMBER TU N 20 00008

7    23) DURING THE INTERVIEW PLAINTIFF REITERATED THE STATEMENTS

8 DESCRIBED IN ADMINISTRATIVE APPEAL LOG NUMBER TU N 20 00008

9    24) MARCH 10 2020 CDCR OFFICER E. SEELEY SENT PLAINTIFF

10 AN INMATE PASS INSTRUCTING PLAINTIFF TO REPORT TO "CTF" RECEIVING

11 AND RELEASE BUILDING ON MARCH 11 2020    Exhibit D

12    25) MARCH 11 2020 PLAINTIFF ARRIVED AT "CTF" RECEIVING AND RELEASE

13 BUILDING AND WAS INSTRUCTED BY CDCR OFFICERS TO RETURN TO HIS HOUSING

14 UNIT

15    26) MARCH 12 2020 PLAINTIFF WAS NOTIFIED BY HIS BUILDING OFFICER

16 THAT CDCR OFFICER E. SEELEY WANTED TO SPEAK WITH PLAINTIFF INSIDE

17 "CTF" RECEIVING AND RELEASE BUILDING

18    27) WHEN PLAINTIFF ARRIVED AT "CTF" RECEIVING AND RELEASE

19 BUILDING, CDCR OFFICER E. SEELEY ORDERED PLAINTIFF TO WITHDRAW

20 ADMINISTRATIVE APPEAL LOG NUMBER TU N 20 00008

21    28) PLAINTIFF DECLINED TO WITHDRAW THE APPEAL AND RETURNED

22 TO HIS HOUSING UNIT

23    29) ON OR ABOUT APRIL 9 2020 PLAINTIFF RECEIVED CDCR FIRST

24 LEVEL ADMINISTRATIVE RESPONSE TO APPEAL LOG NUMBER TU N 20 00008

25 STATING AMONGST OTHER THINGS "NTH STAFF WERE INTERVIEWED

26 REGARDING YOUR (PLAINTIFF) CLAIM AND RECALLED TAKING POSSESSION

27 OF YOUR (PLAINTIFF) CERVICAL PILLOW    Exhibit B page 5,6

28

1  30) Pursuant to California Code of Regulations Title 15 section
2  3999.391(f) the department (CDCR) shall accept liability for the
3  loss or destruction of DME (Durable Medical Equipment) resulting
4  from Employee Action
5     31) April 20 2020 Plaintiff returned administrative appeal log number
6  TuN 20 00008 to CDCR Office of Inmate Appeals for Second level review
7     32) May 27 2020 Plaintiff Submitted a Government Claim form
8  Regarding administrative appeal log number TuN 20 00008 to the
9  California Government Claims Program
10    33) June 16 2020 California Government Claims Program
11  staff Rejected Plaintiff Claim          Exhibit E
12    34) Pursuant to California Code of Regulations Title 15 section
13  3084.8(c)(2) Second level responses shall be completed within
14  30 working days from the date of Receipt by the Appeals
15  Coordinator
16    35) June 19 2020 Plaintiff had not received the Second level
17  Response to Administrative Appeal Log Number TuN 20 00008
18    36) Plaintiff Submitted a CDCR 22 Form and a CDCR GA-22
19  Form to "CTF" CDCR officer Tesfamicheal to deliver to CDCR
20  office of Inmate Appeals[1] Requesting to Know when Plaintiff
21  Should Expect to Receive Second level Response Regarding
22  Appeal TuN 20 00008          Exhibit F
23    37) Plaintiff did not Receive any Response nor were the
24  CDCR 22 and GA-22 Forms Returned to Plaintiff
25    38) July 14 2020 Plaintiff Sent CDCR Counselor R. Stricklin
26  a CDCR GA-22 Form Requesting amongst other things to Provide
27  Plaintiff a Time Frame when Plaintiff Should Expect to Receive
28

6

1  Appeal TU N 20 00008 (Response)

2    39) July 20 2020 CDCR Counselor R. Stricklin instructed
3  Plaintiff to send Plaintiff concerns regarding appeal TU N 20 00008
4  to the Office of Inmate Appeals          Exhibit G

5    40) August 6 2020 Plaintiff sent a CDCR GA-22 Form
6  to the Office of Inmate Appeals[1] requesting to know when
7  Plaintiff should expect to receive a response to appeal
8  TU N 20 00008

9    41) Plaintiff did not receive any response nor was the
10  August 6 2020 CDCR GA 22 Form returned to Plaintiff

11    42) Plaintiff continues to receive Psychotropic Medication
12  as a result of the deprivation of his Durable Medical
13  Equipment Cervical Pillow

14    43) CDCR Physician at CTF informed Plaintiff that
15  he believes Plaintiff has a pinched nerve in his spine

16    44) Plaintiff has exhausted all administrative remedies
17  or statutory requirements as are available to Plaintiff

18              First   Count
19           General   Negligence

20    45) Plaintiff hereby incorporates and alleges paragraphs 1-44
21  of this Complaint as fully set forth herein

22    46) In Committing the acts and omissions set forth in
23  paragraphs 1-44 of this Complaint the Plaintiff alleges as
24  a direct and legal result of the negligence of defendants and
25  each of them, Plaintiff suffered agonizing head neck back
26  arm and leg pain; sleep deprivation poor concentration and
27  anxiety, all of which injuries have caused and continue to
28

1. CAUSE PLAINTIFF GREAT MENTAL PHYSICAL EMOTIONAL AND NERVOUS
2. PAIN AND SUFFERING
3.    47) PLAINTIFF IS INFORMED AND BELIEVES AND ON THIS INFORMATION
4. AND BELIEF ALLEGES THAT THE DEPRIVATION OF HIS DURABLE MEDICAL
5. EQUIPMENT CERVICAL PILLOW HAS RESULTED IN A PINCHED NERVE
6. UNNECESSARY PROGRESSIVE DETERIORATION AND DAMAGE TO PLAINTIFF
7. CERVICAL THORACIC AND LUMBAR SPINE AND AS A RESULT OF THESE
8. INJURIES PLAINTIFF HAS SUFFERED GENERAL DAMAGES
9.    48) AS A FURTHER DIRECT AND LEGAL RESULT OF THE NEGLIGENCE
10. OF DEFENDANTS AND EACH OF THEM, PLAINTIFF WILL INCUR MEDICAL
11. AND RELATED EXPENSES
12.    49) THE DEFENDANTS AND ALL OF THEM HAVE DENIED AND
13. CONTINUE TO DENY PLAINTIFF A "MRI" INORDER THAT PLAINTIFF
14. DISCOVER THE FULL EXTENT OF PLAINTIFF INJURIES. PLAINTIFF DOES
15. NOT KNOW AT THIS TIME THE EXACT AMOUNT OF EXPENSES THAT
16. WILL BE INCURRED IN THE FUTURE
17. WHEREFORE PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS AS
18. HEREIN SET FORTH
19.     Second   Count  VIOLATION OF CCR TITLE 15 3999,392(b)
20. CIVIL CODE 1427-LIABILITY — FAILURE TO DISCHARGE MANDATORY DUTY
21.    50) PLAINTIFF HEREBY INCORPORATES AND ALLEGES PARAGRAPHS 1-44
22. OF THIS COMPLAINT AS FULLY SET FORTH HEREIN
23.    51) IN COMMITTING THE ACTS AND OMISSIONS SET FORTH IN
24. PARAGRAPHS 1-44 OF THIS COMPLAINT THE PLAINTIFF ALLEGES THAT
25. THE DEFENDANTS AND EACH OF THEM HAD A NON DISCRECTIONARY
26. DUTY TO TRANSPORT AND OR PROVIDE PLAINTIFF HIS DURABLE MEDICAL
27. EQUIPMENT-CERVICAL PILLOW UPON TRANSFERING PLAINTIFF TO ANOTHER
28.

1  FACILITY. AND AS the direct and legal result of the breach of that
2  non discretionary duty Plaintiff suffered agonizing head neck back
3  arm and leg pain; sleep deprivation, poor concentration and anxiety,
4  all of which caused and continues to cause Plaintiff great mental
5  physical emotional and nervous pain and suffering

6   52) Plaintiff is informed and believes and on this information and
7  belief alleges that the deprivation of his durable medical equipment
8  cervical pillow resulted in a pinched nerve unnecessary progressive
9  deterioration and damage to Plaintiff cervical thoracic and lumbar
10 spine and as a result of these injuries plaintiff has suffered
11 general damages

12  53) As a further direct and legal result of the defendants
13 and all of them breach of non discretionary duty Plaintiff will
14 incur medical and related expenses

15  54) The defendants and all of them have denied and continue
16 to deny Plaintiff a "MRI" inorder that Plaintiff discover the full
17 extent of Plaintiff injuries. Plaintiff does not know at this time the
18 exact amount of expenses that will be incurred in the future.

19 WHEREFORE Plaintiff prays for judgment against defendants
20 and each of them as follows:

21  ON THE FIRST COUNT

22  1) For general damages according to proof

23  2) For medical and related expenses according to proof

24  3) For an injunction ordering the defendants or co defendants

25 to provide Plaintiff a definitive physicians diagnosis relative to

26 Plaintiff cervical thoracic and lumbar spine condition/injuries

27  4) For interest at the legal rate according to proof

28

9

1 On the Second Count
2     5) For general damages according to Proof
3     6) For medical and related expenses according to Proof
4     7) For an injunction ordering the defendants or Co defendants
5 to Provide Plaintiff a definitive Physicians diagnosis Relative to
6 Plaintiff Cervical Thoracic and Lumbar Spine Condition/injuries
7     8) For interest at the legal Rate according to proof
8
9 On All Counts
10     9) For Cost of Suit incurred : And
11     10) For Such other and Further Relief as the Court may
12 deem Proper.
13
14
15 Respectfully Submitted
16            Moriano Millare J19886
17            Plaintiff in Pro Se
18
19
20
21
22
23
24 Paragraphs 36, 40 Foot note: The CDCR 22 Form and CDCR GA-22
25           Forms were sent to Appeals Transportation
26           Unit North
27
28

1  MORIANO MILLARE J19886
2  CORRECTIONAL TRAINING FACILITY
3  PO BOX 689
4  Soledad  CA  93960
5
6  PLAINTIFF IN PRO SE
7                          SUPERIOR COURT OF CALIFORNIA
8                          IN AND FOR THE COUNTY OF SAN JOAQUIN
9

| | |
|---|---|
| 10  MORIANO MILLARE | CASE NO. STK CV LPI 2020 8820 |
| 11      PLAINTIFF | PLAINTIFF  DECLARATION |
| 12  V. | |
| 13  CALIFORNIA DEPARTMENT | |
| 14  OF CORRECTIONS AND | |
| 15  REHABILITATION AND | JUDGE: BARBARA A KRONLUND |
| 16  DOES 1 through 20 | ACTION FILED: October 19 2020 |
| 17  INCLUSIVE | DEPARTMENT: 10 D |
| 18      defendants | |
| 19 | |

20  I MORIANO MILLARE # J19886 AM THE PLAINTIFF IN THE ABOVE CAUSE OF ACTION
21  AND do HEREBY DECLARE UNDER THE PENALTY OF PERJURY AND THE LAWS OF THE
22  STATE OF CALIFORNIA THAT THE PARAGRAPHS NUMBERED 1-54 IN THE AMENDED
23  COMPLAINT STATE FACTS, ARE BASED UPON MY PERSONAL KNOWLEDGE AND STATED
24  ON INFORMATION AND BELIEF  EXECUTED this  11th  day oF OCTOBER 2021
25  BY   MORIANO MILLARE
26      PLAINTIFF IN PRO SE
27
28

1 <u>PROOF OF SERVICE BY MAIL</u>

2 <u>BY PERSON IN STATE CUSTODY</u>

3 <u>Fed. R. CIV. P. 5 ; 28 USC 1746</u>

4 I MORIANO MILLARE DECLARE: I AM OVER 18 YEARS OF AGE AND A

5 PARTY TO THIS ACTION. I AM A RESIDENT OF THE STATE OF CALIFORNIA

6 AT THE CORRECTIONAL TRAINING FACILITY PRISON IN THE COUNTY OF

7 MONTEREY STATE OF CALIFORNIA. MY PRISON ADDRESS IS:

8 PO BOX 689; SOLEDAD, CA 93960

9 ON OCTOBER 11 2020 I SERVED THE ATTACHED <u>AMENDED COMPLAINT</u>

10 <u>CASE NO. STK-CV-LPI-2020-8820</u> ON THE PARTY HERE IN BY

11 PLACING A TRUE AND CORRECT COPY THERE OF ENCLOSED IN A SEALED

12 ENVELOPE WITH POSTAGE FULLY PAID IN THE UNITED STATES MAIL IN A

13 DEPOSIT BOX SO PROVIDED AT THE ABOVE NAMED FACILITY IN WHICH

14 I AM CURRENTLY CONFINED. THE ENVELOPE WAS ADDRESSED AS

15 FOLLOWS:

16 <u>SUPERIOR COURT OF CALIFORNIA</u>

17 <u>COUNTY OF SAN JOAQUIN</u>

18 <u>180 E WEBER AVENUE</u>

19 <u>STOCKTON CA 95202</u>

20

21 I DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF

22 THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND

23 CORRECT

24

25 EXECUTED ON OCTOBER 11 2021

26 MORIANO MILLARE #J19886

27

28

12

# EXHIBIT A

CERVICAL, THORACIC, AND LUMBAR
SPINE X RAYS

 **HEALTH CARE SERVICES**

Deuel Vocational Institution

| | | | |
|---|---|---|---|
| Name: | MORIANO MILLARE | Patient ID: | 11732928 |
| DOB: | 08/04/1974 | Secondary ID: | J19886 |
| Exam Name: | XR CERVICAL SPINE 3 VWS \| 72040 | Exam Date: | 12/02/2016 09:33 AM |
| Primary Care Provider: | H. Win, MD | | |
| Ordering Provider: | H. Win, MD | | |

CLINICAL INDICATION: CHRONIC PAIN TO C-T-L SPINES
COMPARISON: None
TECHNIQUE: Routine technique

FINDINGS:

There is no evidence for a fracture or dislocation.

Severe degenerative disc changes are present from C3-4 through C7-T1.

There is no evidence for retropharyngeal soft tissue swelling. The odontoid is intact and the spinous processes and lateral masses are within normal limits.

IMPRESSION:

SEVERE MULTILEVEL CERVICAL SPONDYLOSIS

Report Electronically Signed by: B Troup MD
Report Electronically Signed on: 12/02/2016 11:32 AM

 CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

Deuel Vocational Institution

| | | | |
|---|---|---|---|
| Name: | MORIANO MILLARE | Patient ID: | 11732928 |
| DOB: | 08/04/1974 | Secondary ID: | J19886 |
| Exam Name: | XR THORACIC SPINE-2 VWS \| 72070 | | |
| | | Exam Date: | 12/02/2016 09:39 AM |
| Primary Care Provider: | H. Win, MD | | |
| Ordering Provider: | H. Win, MD | | |

EXAMINATION: THORACIC SPINE 2 VIEWS

CLINICAL HISTORY: Pain.

COMPARISON: None

FINDINGS: The vertebral bodies appear to be intact. There are no fractures or subluxations. No paraspinal masses are seen. The pedicles are intact.

Mild multilevel degenerative disc spurring is present within the thoracic spine.

IMPRESSION: Mild multilevel thoracic spondylosis.

**Report Electronically Signed by: B Troup MD**
**Report Electronically Signed on: 12/02/2016 11:32 AM**



**HEALTH CARE SERVICES**    Deuel Vocational Institution

Name:              MORIANO MILLARE          Patient ID:    11732928
DOB:               08/04/1974                Secondary ID: J19886
Exam Name:         XR LUMBAR SPINE-4 VWS |
                   72110                     Exam Date:    12/02/2016 09:33 AM
Primary Care Provider: H. Win, MD
Ordering Provider:     H. Win, MD

---

CLINICAL INDICATION: CHRONIC C-T-L-SPINE PAIN
COMPARISON: 2014
TECHNIQUE: 3 views

FINDINGS: The gross alignment of the spine is within normal limits. The
heights of the vertebral bodies are normal. The pedicles and transverse
processes are intact. No destructive osseous lesions are seen.

The visualized portions of the sacroiliac joints are unremarkable.

Mild degenerative disc changes are present at L5-S1 with minimal degenerative
disc changes at L3-4 and L4-5. No significant change.


IMPRESSION:

MILD MULTILEVEL LOWER LUMBAR SPONDYLOSIS

Report Electronically Signed by:  B Troup MD
Report Electronically Signed on:  12/02/2016 11:32 AM

---

Page 3 of 3

EXHIBIT B

APPEAL Tu-N-20-00008

13 PAGES

20-00102

DEPARTMENT OF CORRECTIONS AND REHABILITATION

TU-N-20-00008

**FOR STAFF USE ONLY**

DVI-X-20-00459    Category: **5**

**FOR STAFF USE ONLY**

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15 Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): **MILLARE, MORIANO**    CDC Number: **J19886**    Unit/Cell Number: **B Wing 107**    Assignment:

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
**PROPERTY — MEDICAL APPLIANCE (CERVICAL PILLOW)**

**RECEIVED**
JAN 1 3 2020
CTF Appeals
AY

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):
**I WAS TRANSFERED to CTF From DVI ON JANUARY 7**
**2020. BEFORE BEING SHACKLED AND ASSIGNED A SEAT ON**
**the BUS I HANDED A FEMALE TRANSPORTATION Officer**

B. Action requested (If you need more space, use Section B of the CDCR 602-A):
**(1) RETURN CERVICAL PILLOW**
**(2) PROVIDE EQUIVALENT SUBSTITUTE UNTIL CERVICAL PILLOW**
**IS RETURNED**

Supporting Documents: Refer to CCR 3084.3.
☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

STATEWIDE TRANSPORTATION
FEB 2020
UNIT APPEALS

☐ No, I have not attached any supporting documents. Reason:

Inmate/Parolee Signature: _____    Date Submitted: **JAN 9 2020**

**RECEIVED**
JAN 2 4 2020
DVI APPEALS OFFICE

☐ By placing my initials in this box, I waive my right to receive an interview.

First Level - Staff Use Only
Staff – Check One: Is CDCR 602-A Attached? ☑ Yes  ☐ No

Appeal has been:
Bypassed at the First Level of Review. Go to Section E.    AY
Rejected (See attached letter for instruction) Date: **1/13/20**    Date: **1/27/20**    Date: _____    Date: _____
Cancelled (See attached letter) Date:
Accepted at the First Level of Review.

Assigned to: **C. Shephard**    Title: **Lt.**    Date Assigned: **3/6/20**    Date Due: **4/1/20**

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: **2-12-20**    Interview Location: **Telephonic Interview**

Appeal issue is: ☐ Granted  ☑ Granted in Part  ☐ Denied  ☐ Other:

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: **C. Shephard** (Print Name)    Title: **Lt.**    Signature: _____ 4/    Date completed: **3/30/20**

Reviewer: **John Herrera** (Print Name)    Chief Statewide Trans    Signature: _____ 4 John Herrera

Date received by AC: **3/30/20**

Exhibit "B" pg 1.

AC Use Only
Date mailed/delivered to appellant **4/1/20**

TU-N-20-00008
20-00102

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: | Side 1 |
|---|---|---|---|---|

DNX-20-00459        5

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| MILLARE, MORIANO | J19986 | BWing 107 | |

**A.** Continuation of CDCR 602, Section A only (Explain your issue) : A BAG Which
CONTAINED my medical Appliance (CERViCAL Pillow).
The Female officer WROTE my NAME And CDCR
Number on the BAG. when J ARRIVED AT CTF,
my CERViCAL Pillow WAS NOT included with the
PROPERTY J WAS provided. I HAVE Nothing to
Support my NECK while laying down which
iNTERFERES with my Sleep And CAUSES SEVERE PAiN
in my HEAD NECK And BACK.

RECEIVED
JAN 1 3 2020
CTF Appeals

STATEWIDE TRANSPORTATION
FEB 2020
UNIT APPEALS

Inmate/Parolee Signature: _____    Date Submitted: JAN 9, 2020

JAN 2 4 2020
CTF APPEALS OFFICE

Ex-
B
Pg 2

**B.** Continuation of CDCR 602, Section B only (Action requested): _____

Inmate/Parolee Signature: _____    Date Submitted: _____

D. If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

I AM dissaTisfied with the FIRsT level Review because
I Received A Replacement CERVical Pillow AfTER
35 day DEPRIVATION

Inmate/Parolee Signature: _____ Date Submitted: 4 · 20 · 2020

---

E. Second Level - Staff Use Only      Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:
☐ Bypassed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____  Interview Location: _____

Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ (Print Name)  Title: _____  Signature: _____  Date completed: _____

Reviewer: _____ (Print Name)  Title: _____  Signature: _____

Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant ____/____/____

---

F. If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

_____

_____

_____

_____

Inmate/Parolee Signature: _____  Date Submitted: _____

---

G. Third Level - Staff Use Only

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the Third Level of Review. Your appeal issue is  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant ____/____/____

---

Request to Withdraw Appeal: I request that this appeal be withdrawn from further review because: State reason. (If withdrawal is conditional, list conditions:)

_____

_____

Inmate/Parolee Signature: _____  Date: _____

Print Staff Name: _____  Title: _____  Signature: _____  Date: _____

Ex B P93

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____ Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____ Date Submitted: _____

Ex "B" pg 4

State of California

Department of Corrections and Rehabilitation

Memorandum

Date:   March 30, 2020

To:     Millare, Moriano J-19886
        California Training Facility (CTF)
        Highway 101N
        Soledad, Ca 93960

Subject:   **FIRST LEVEL APPEAL RESPONSE**
           **APPEAL LOG NUMBER: TU-N-20-00008**
           **APPEAL ISSUE: TRANSPORT CONDITIONS**
           **APPEAL RESPONSE: GRANTED IN PART**

This is the First Level Response (FLR) to your appeal dated January 09, 2020. You contend on January 7, 2020, you handed a female officer a bag which contained your cervical pillow while at Deuel Vocational Institution (DVI) and when you arrived at the Correctional Training facility (CTF), your pillow was not included with the property you received. You are requesting the following:

1. The return of your cervical pillow.
2. Provide a equivalent substitute until cervical pillow is returned.

A thorough review of your appeal was conducted, which included an interview with you, with a review of the following documents.

- Statewide Bus Schedule for the week of January 06, 2020
- Transfer Record (CDCR 135)
- Statewide Transportation Duty Log (CDCR 250)
- Property Transfer Receipt (CDCR 143)
- 7536 DME/Supply Receipt

A review of the Strategic Offender Management System (SOMS) revealed you did not have any reading comprehension issues, physical impairments, or cognitive functioning deficiencies, which require any assistance/accommodation/adaptive supports to establish effective communication. The questions asked by you and your responses to the questions asked during the interview process confirmed effective communication was accomplished.

On February 12, 2020, at approximately 1030 hours, Northern Transportation Hub (NTH) Correctional Lieutenant C. Shephard interviewed you via telephone. The telephonic interview occurred due to you being at CTF and Lieutenant Shephard being assigned to NTH located at DVI. The interview was to provide you the opportunity to fully explain your appeal and provide any additional supporting information or documents. You reiterated what was stated in the

C 1617 (3/89)

Ex "B" pg 5

appeal, confirmed you received an equivelant cervical pillow and asked for a return of your pillow.

All documents submitted by you have been considered and reviewed in accordance with departmental policies and institutional procedures. A review of the SOMS notes on January 7, 2020, you were transferred from DVI to CTF. NTH staff were interviewed regarding your claim and recalled taking possession of your cervical pillow. NTH staff also stated once they arrived to CTF, they relinquished your cervical pillow to the medical staff in Receiving and Release at CTF. This exchange was not documented. When you received your property at CTF, you did not receive your cervical pillow. A review of your CDCR 7536 Durable Medical Equipment and Medical Supply Receipt notes your cervical pillow was replaced on February 10, 2010, at CTF.

Decision:

Your appeal is **GRANTED IN PART** at this Level of Review. Granted in that you received an equivalent cervical pillow on February 10, 2020. The portion denied is the cervical pillow you were transported with has not been located; therefore, it cannot be returned to you.

If you are dissatisfied with the FLR, you may appeal to the Second Level by following the directions on your appeal form.

JOHN L. HERRERA 4/
Chief
Statewide Transportation Unit
Division of Adult Institutions



# BUS SCHEDULE LISTING
## WEEK OF: January 06, 2020



| SCHEDULE 'Q' | SGT: T. REYNOLDS | C/O: A. CHAVARRIA | C/O: J. WOODS |
|---|---|---|---|
| MON | 01/06/20 | **NTH** SQRC SOL CMF DVIRC | |
| TUE | 01/07/20 | DVIRC CTF SVSP NKSPRC KVSP CSPWRC | #1 R&R @ 0500 |
| WED | 01/08/20 | CSPWRC NKSPRC ASP PVSP NKSPRC CSPWRC | R&R @ 0500 |
| THU | 01/09/20 | CSPWRC NKSPRC SCC MCSP **NTH** | R&R @ 0500 |
| FRI | 01/10/20 | **TBD** | |

| SCHEDULE 'R' | SGT: M. PARIS | C/O: R. JIMENEZ | C/O: B. WHIPPER |
|---|---|---|---|
| MON | 01/06/20 | **TBD** | |
| TUE | 01/07/20 | **NTH** CCWFRC FWF **NTH** | |
| WED | 01/08/20 | DVIRC VSP CSPC SATF NKSPRC CSPWRC | R&R @ 0500 |
| THU | 01/09/20 | CSPWRC NKSPRC SOL CMF SQRC | R&R @ 0500 |
| FRI | 01/10/20 | SQRC SAC FSP MCSP SCC **NTH** | R&R @ 0500 |

| SCHEDULE 'S' | SGT: R. FERNANDES | C/O: J. FERRARIO | C/O: E. FERNANDEZ |
|---|---|---|---|
| MON | 01/06/20 | **TBD** | |
| TUE | 01/07/20 | DIVRC FSP SAC SOL CMF SQRC | #3 R&R @ 0530 |
| WED | 01/08/20 | SQRC CTF SVSP CMC-W CMC-E | R&R @ 0500 |
| THU | 01/09/20 | CMC-E CMC-W LAC CRC CIMRC | R&R @ 0500 |
| FRI | 01/10/20 | CIMRC NKSPRC VSP DVIRC | R&R @ 0500 |

| SCHEDULE 'T' | SGT: T. DELESTINE | C/O: J. CHAVEZ | C/O: R. ROSAS |
|---|---|---|---|
| MON | 01/06/20 | **NTH** SQRC HDSP CCC | |
| TUE | 01/07/20 | CCC HDSP DVIRC | R&R @ 0500 |
| WED | 01/08/20 | DVIRC PBSP | R&R @ 0500 |
| THU | 01/09/20 | PBSP **NTH** | R&R @ 0500 |
| FRI | 01/10/20 | **TBD** | |

Ex "B"
Pg 7

# TRANSFER RECORD

DISTRIBUTION PER INSTITUTION POLICY
the following identified persons will be transferred this date.

SCHEDULE: Q

DATE: 01/07/2020

NUMBER TRANSFERRING: 1

FROM: DVI    TO: CTF

| No. | CDC Number | Name | Level | Housing | TB Code | Ethnic Code | Case Factor | VIA: | Specific Transfer Reason | VIA: | Comments |
|-----|-----------|------|-------|---------|---------|-------------|-------------|------|--------------------------|------|----------|
| 1 | J19886 | MILLARE, MORIANO D. | 2 A | C 1-01001L | 92 | BLA | CMSII | | | | NCF/DLT/GF/LB CCCMS |

PREPARED BY: G. HOWE

SIGNATURE OF TRANSPORTING OFFICER _____  TITLE: CRT

Receipt of the above named persons and their records is acknowledged.

SIGNATURE OF RECEIVING OFFICER _____  TITLE _____  INSTITUTION _____

TITLE _____  INSTITUTION _____

SENDING INSTITUTION: DVI

Page:

EX-
"B"
P. 8

**Patient Encounter Information**

ENCTR Information: Encounter Info: Patient Name: MORIANO MILLARE,DOB: 08/04/1974,.,FIN: 1000000141173292BJ19886,Facility: CTF,Encounter Type: Institutional Encounter

**Approved DME/Medical Supplies**

DME Air Cell Cushion-High Profile (Roho): N/A
DME Air Cushion (for Wheelchair Seat): N/A
DME Air Cushion-Full (Day/Geri Chair): N/A
DME Ankle Foot Orthoses/Knee Ankle Foot: N/A
DME Back Braces: N/A
DME Bone Growth Stimulators Electrical: N/A
DME Breast Pump: N/A
DME Bubble Humidifier: N/A
DME Burn Garment: N/A
DME Cane: Cane Permanent
DME Commode Chair: N/A
DME Compression Stocking: N/A
DME Continuous Passive Motion Lower: N/A.
DME Continuous Passive Motion Upper: N/A
DME Crutches: N/A
DME Diabetic Supplies Monitors: N/A
DME Eyeglass Frames: N/A
DME Eyeglasses for Aphakia: N/A.
DME Foot Orthoses: N/A
DME Hearing Aid: N/A
DME Hearing Impaired Disability Vest: N/A
DME Heel/Foot Protector: N/A
DME Helmet: N/A
DME Incontinence Supplies: N/A
DME Insulin Pump: N/A
DME Knee Braces: N/A
DME Mobility Impaired Disability Vest: Mobility Impaired Disability Vest Permanent
DME BiPap: N/A
DME CPAP: N/A
DME Ocular Conformer: N/A.
DME Ostomy Supplies: N/A
DME Oxygen Concentrators: N/A
DME Pressure Reducing Support Services: N/A
DME Prosthetic Limbs Lower Extremity: N/A
DME Prosthetic Limbs Upper Extremity: N/A
DME Reading Glasses: N/A
DME Scleral Shell Contact Lenses: N/A
DME Sitz Bath: N/A
DME Spinal Orthoses: N/A
DME Standing Frames: N/A
DME Therapeutic Contact Lenses: N/A
DME Therapeutic Shoes/Orthotics: N/A
DME Toilet Seat Lift (Erector): N/A
DME Tracheostomy Care Supplies: N/A
DME Truss Hernia Support: N/A
DME Urologic Supplies: N/A
DME Vision Impaired Disability Vest: N/A
DME Voice Prosthesis Augmentative: N/A
DME Walkers: N/A
DME Wheelchair: N/A
DME Wound Care Dressings: N/A
DME Negative Pressure Wound Therapy: N/A
DME Wrist Support Brace: N/A
DME Other Options: Other Permanent
DME Other: Mobility impaired Vest

cervical pillow

**Durable Medical Equipment and Supply Receipt**

7536 Descriptions 1: Other DME/Supplies
7536 Quantity 1: 1
7536 Make 1: cervical pillow
7536 Date of 7521: 02/10/20.

RECEIVED

FEB 10 2020

MEDICAL RECORDS

2/10/20

D941

_signature_ 2/10/2020

Patient Name: MILLARE, MORIANO DEPORIS          CTF(Location:CTF C BW 1 , 107 , 107001L]
DOB / AGE / SEX: 08/04/74   45 Years Male

Admitting Physician:

Admission Date / MRN / Financial Num: 01/07/20   J19886   1000000141173292BJ19B5 2

Print Date: 02/10/20
Print Time: 09:41 PST
Printed by:Villanueva,
Christina LVN

Ex B
P. 9

# PROPERTY TRANSFER RECEIPT
CDC-0143 ( Rev.: 02/00)

_Sch Q_

_1-7-2020_

| SENDING INSTITUTION/FACILITY | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | DVI | | | | |

| DESTINATION CTF | | SCHEDULE Q | | | | | |
|---|---|---|---|---|---|---|---|
| Inmate's Name | CDC Number | Number of Personal Property Boxes (6 cu ft Limit) | Television (Boxed) | Musical Instrument (If Boxed Separately) | Number of Active Legal Case Boxes | Total Number of Boxes |
| ~~redacted~~ | ~~redacted~~ | ~~redacted~~ | | | | | |
| ~~redacted~~ | ~~redacted~~ | ~~redacted~~ | | | | | |
| ~~redacted~~ | ~~redacted~~ | ~~redacted~~ | | | | | |
| MILLARE | J19886 | 3 boxes | | | | | |
| ~~redacted~~ | ~~redacted~~ | ~~redacted~~ | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| TOTAL | | | | | | | |

| I HEREBY ACKNOWLEDGE THE ACCURACY OF THIS DOCUMENT | SIGNATURE | PRINTED NAME B. Gomez | DATE 1-6-20 |
|---|---|---|---|

### TRANSPORTATION

| I HEREBY ACKNOWLEDGE THE RECEIPT OF THE ABOVE PROPERTY | SIGNATURE | PRINTED NAME A CHAVARRIA | DATE 1-17-20 |
|---|---|---|---|

### ENROUTE TRANSPORTATION

| I HEREBY ACKNOWLEDGE THE RECEIPT OF THE ABOVE PROPERTY | SIGNATURE | PRINTED NAME | DATE |
|---|---|---|---|

### RECEIVING INSTITUTION/FACILITY

| I HEREBY ACKNOWLEDGE THE RECEIPT OF THE ABOVE PROPERTY | SIGNATURE | PRINTED NAME D. MCGEFFSI | DATE 1-7-20 |
|---|---|---|---|

DISTRIBUTION: Original: Sending Institution/Facility; Canary: Transportation Officer; Pink: Enroute Transportation Officer; Goldenrod: Receiving Institution/Facility

EX "13"
Pg. 11

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Monday, January 13, 2020*

*MILLARE, J19886*
*C BW 1107001L*

PROPERTY, , 01/13/2020
Log Number: CTF-S-20-00102
(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is
subject to cancellation for failure to correct noted deficiencies.</u>)

The enclosed documents are being returned to you for the following reasons:

*Be advised that your appeal has been forwarded to another CDCR unit for processing.*

*DVI.*

☐   A. Lerma, OT (T)
☐   R. Monroy Jr
☐   E. Medina, AGPA
Appeals Coordinator
CTF

NOTE:  If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

_____

_____

_____

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and
resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to
CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a
separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if
the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

EX
" B"

Pg 12

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Monday, January 27, 2020*

*MILLARE, J19886*
*C BW 1107001L*

PROPERTY, , 01/24/2020
Log Number: DVI-X-20-00459
(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.</u>)

The enclosed documents are being returned to you for the following reasons:

*Be advised that your appeal has been forwarded to another CDCR unit for processing.*

*Your appeal has been forwarded to the Inmate Appeals Office at Northern Transportation Unit to review for further processing.*

☐  J. Flores, Office Technician
☐  B. Cantu, Correctional Counselor II
☐  E. Casillas, Correctional Counselor II (A)
☐  L. Fernando, Appeals Analyst
Appeals Coordinator
DVI

NOTE: If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

_____

_____

_____

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

Exhibit
"B"
Pg 13

# EXHIBIT C

## TREATMENTS:
CERVICAL PILLOW REPLACED
PSYCHOTROPIC MEDICATIONS
PHYSICAL THERAPY
OVER THE COUNTER MEDICATIONS

3 PAGES

# REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE

Initial RAP Meeting Date: 01/23/2020     Date IAC Received 1824: 1/22/2020

Inmate's Name: Millare, Moriano          CDCR #: J19886

1824 Log Number: 20-00222

Housing: C BW 107L

**RAP Staff Present:** ADAC AW T. Lemon; HCAU Captain C. Freeman; CP&S M. Sweet; Mental Health Representative Supervisor PSYCHOL. V. Martinez; Appeals Representative E. Medina; Education Representative K. Thompson; CCI R. Flores; Health Care Grievance Coordinator (A) M. Rojas;, Health Care Compliance Analyst R. Catrina; HCAU OT N. Dalida

**Summary of Inmate's 1824 Request:** Inmate Millare states his cervical pillow was lost in his transfer to CTF. He states has severe multi-level compressions in his cervical spine which cause severe headaches, back/neck/shoulder pain and this interferes with his sleep and concentration. Inmate Millare is therefore requesting:

A cervical pillow or equivalent to support his neck when lying down.

---

Interim Accommodation:

☒ Accommodation provided: Inmate Millare was interviewed on January 22, 2020, during which time he verified that he has access to all programs, services, and activities. Inmate Millare was also advised that he can utilize ADA workers, as needed. He stated he had just seen his PCP and a new cervical pillow was ordered. Custody offered Inmate Millare an extra blanket pending RAP review to use as extra support until his cervical pillow arrives.

---

**RAP RESPONSE:**

On January 23, 2020, your CDCR 1824 Reasonable Accommodation Request was reviewed by the Reasonable Accommodation Panel (RAP) wherein it was determined that your request has been granted. It was noted by the Health Care Representative that:

You were evaluated by your PCP on January 21, 2020, in regards to your headaches, chronic cervical (neck), back and shoulder pain. You reported worsening pain with lying down which may be a contributing factor to your sleep and concentration complaints. Your PCP placed an order for a cervical pillow.

The Mental Health (MH) Representative noted that you were recently evaluated by your primary MH clinician and Interdisciplinary Treatment Team (IDTT). IDTT addressed your current sleep concerns and anxiety surrounding your physical pain and you were recently prescribed Psychotropic medications. MH will continue to see you through routine scheduled contacts to focus on your sleep concerns, anxiety and other MH treatment areas.

If you are dissatisfied or in disagreement with a health care decision or treatment plan, the remedy would be for you to file a blue CDCR 602 Health Care Grievance form.

---

**Direction if dissatisfied:**

If you disagree with this decision and want to file an appeal, be sure to attach a copy of this response along with your CDCR 1824 as supporting documents. If you disagree with a health care decision made prior to or during the CDCR 1824 process, complete a blue CDCR 602 Health Care Grievance form. If you disagree with any other RAP decision, complete a green CDCR 602.

---

AW T. Lemon
**ADA Coordinator/Designee**

FEB 2 0 2020

**Date sent to inmate:** FEB 0 5 2020

**Signature**

Exhibit "C"
Pg 1

RECEIVED
HCCAB
APR 1 7 2020

AGE 1 of 1

RAP Response - rev 08-17-17.docx

 

# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES

### Institutional Level Response

**Closing Date:** APR 0 8 2020

**To:**     MILLARE, MORIANO (J19886)
C BW 1107001L
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960-0686

**Tracking #:** CTF HC 20000113

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | Description |
|---|---|
| Issue:    ADA ( Disagreement with RAP Decision ) | Cervical Pillow |

## INTERVIEW

On 3/9/2020, you were interviewed by M. Chua, Health Care Appeals Registered Nurse regarding this health care grievance. During the interview, you were allowed the opportunity to fully explain your health care grievance issue(s).

## INSTITUTIONAL LEVEL DISPOSITION

[X] No intervention.     [ ] Intervention.

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. These records indicate:

- You are receiving continuing care for the management of chronic neck pain as determined medically necessary by your Primary Care Provider (PCP). You were evaluated by your PCP on 1/21/2020 for chronic neck and back pain. Your PCP noted your medical history, current symptoms and completed assessments. Your plan of care includes education regarding over the counter pain medications available at the canteen as needed for pain, stretching exercises, body mechanics, a consultation to physical therapy and routine order for a permanent cervical pillow. You received a cervical pillow on 2/10/2020 and signed a receipt. You are enrolled in the Chronic Care Program

---

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

Exhibit " C "
pg 2

RECEIVED
HCCAB
APR 17 2020

CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES

where your medical conditions and medication needs are closely monitored. Progress notes indicate there is a plan of care in place and your PCP has discussed this plan of care with you.

You disagree with the Reasonable Accommodation Panel (RAP) Response, 1824 Log Number 20-00222.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

_____
S. Posson, D.O.
Chief Medical Executive
Correctional Training Facility

4/8/20
_____
Reviewed and Signed Date

---

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

Exhibit "C"
pg 3

RECEIVED
HCCAB
APR 17 2020

# EXHIBIT D

## INMATE PASS TO R' AND 'R

ONE PAGE

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
OTRR314          INMATE NON-PRIORITY PASS

| INMATE'S NAME | | CDC# | HOUSING AREA/BED | |
|---|---|---|---|---|
| Miliare, Moriano Deporis | | J19886 | C BW 1 - 107001L | |
| ISSUED BY | ISSUE DATE | | APPT. DATE | APPT. TIME |
| E. Seeley | 03/10/2020 | | 03/11/2020 | 06:00 |
| APPT. LOCATION | TYPE / REASON | | | |
| R & R | R&R Other/R&R Other | | | |
| ARRIVAL TIME: | RECORDED BY: | | | |
| DEPART TO: | DEPART TIME: | RECORDED BY: | | |

778

Exhibit
"D"
Pg 1

# EXHIBIT E

## GOVERNMENT CLAIMS RESPONSE

ONE PAGE

 CALIFORNIA DEPARTMENT OF
GENERAL SERVICES

Governor Gavin Newsom

06/16/2020

Moriano Millare J19886
P.O. Box 689
Soledad, CA 93960

RE: Claim 20004453 for Moriano Millare J19886 against California Department of
Corrections and Rehabilitation (CDCR)

Dear Moriano Millare,

Government Claims Program (GCP) staff completed its investigation of your claim
and rejected it for the following reasons.

The claim involves complex issues that are beyond the scope of analysis and legal
interpretation typically undertaken by the GCP. Claims involving complex issues are
best determined by the courts. Therefore, staff did not make a determination
regarding the merit of the claim, and it is being rejected so you can initiate court
action if you choose to pursue this matter further.

If you choose to pursue court action in this matter, it is not necessary or proper to
include the GCP in your lawsuit unless the GCP was identified as a defendant in your
original claim. Please consult Government Code section 955.4 regarding proper
service of the summons.

If you have questions about this matter, please feel free to contact GCP by phone,
mail, or email using the contact information below. Please remember to reference
the assigned claim number (20004453) in your communication.

Sincerely,

Kelli Miyata, Program Analyst
Government Claims Program
gcinfo@dgs.ca.gov

**WARNING:** Subject to certain exceptions, you have only six (6) months from the
date this notice was personally delivered or deposited in the mail to file a court action
on this claim. See Government Code Section 945.6. You may seek the advice of an
attorney of your choice in connection with this matter. If you desire to consult an
attorney, you should do so immediately.

Exhibit E
pg 1

# EXHibit    F

June 19 2020    CDCR 22 form

One Page

## SECTION A: INMATE/PAROLEE REQUEST

NAME (Print): (LAST NAME) **MILLAGE** (FIRST NAME) **MORLAND**

CDC NUMBER: **J11886**

SIGNATURE:

HOUSING/BED NUMBER: **B WING 107L**

ASSIGNMENT:

HOURS FROM ___ TO ___

TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): **APPEALS**

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW.

I SHOULD EXPECT to RECEIVE. I RESPECTFULLY REQUEST to KNOW WHEN REGARDING APPEAL TW-H-20-00008 THE SECOND LEVEL REVIEW (SLR) RESPONSE

THANK YOU

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED**

☐ SENT THROUGH MAIL: ADDRESSED TO: APPEALS TRANSPORTATION UNIT - NORTH

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

DATE MAILED: 6.19.20

RECEIVED BY: PRINT STAFF NAME: T. Chinchild   DATE: 6/19/20   SIGNATURE:

IF FORWARDED – TO WHOM: Appeals Transportation Unit North   DATE DELIVERED/MAILED: June 19 2020

FORWARDED TO ANOTHER STAFF? (CIRCLE ONE)   YES   NO

METHOD OF DELIVERY: (CIRCLE ONE)   IN PERSON   BY US MAIL

## SECTION B: STAFF RESPONSE

RESPONDING STAFF NAME:   DATE:   SIGNATURE:

DATE RETURNED:

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

SIGNATURE:   DATE SUBMITTED:

## SECTION D: SUPERVISOR'S REVIEW

RECEIVED BY SUPERVISOR (NAME):   DATE:   SIGNATURE:

DATE RETURNED:

EXHibit    G

R. STRICKLIN  -  GA 22 Form

Two Pages

INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | | | TIER/LAST NAME | | CDC NUMBER |
|------|-----|---|---|---|---|---|
| July 14 2020 | "CCI Strickln | | | Millare | | J10836 |

| FROM (LAST NAME) | BED NUMBER | WORK ASSIGNMENT |
|---|---|---|
| B.Ward | 107L | |

| OTHER ASSIGNMENTS (School, Therapy, Etc.) | JOB NUMBER | FROM | TO |
|---|---|---|---|
| | | | |
| | ASSIGNMENT HOURS | FROM | TO |

Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

On April 20 2020 I Returned Appeal Tu-N-20-00008 to the Office Of Inmate Appeals for
Second Level Review. On June 19 2020 I Submitted to the Office Of Inmate Appeals A CDCR.
Form 22 And A GA-22 Inmate Request For Interview Requesting to Know When I
Should Expect to Receive a Response Regarding the Appeal. As of July 14 2020 I Have

Do NOT write below this line. If more space is required, write on back.

INTERVIEWED BY

DISPOSITION

R.Arellules                                                              DATE  7/20/20

You are taking the correct course of action you
concerns regarding your appeal (should be)
sent to the inmates office of inmate grievance and
appeals.

Side - One

Exhibit "G"
PAGE 1 of 2

Not received a response to appeal IU.N.20.00009 nor have the June 19 2020 CDCR 22 or GA.22 forms been returned to me. I respectfully request for you to inquire into the where abouts of appeal IU.N.20.00009 and provide me with a time frame when I should expect to receive the appeal. Thank You.

Side Two

Exhibit "C"

Page 2 of 2

# EXHIBIT C

1  ROB BONTA
   Attorney General of California
2  MARISA KIRSCHENBAUER
   Supervising Deputy Attorney General
3  THEODORE G. LEE
   Deputy Attorney General
4  State Bar No. 340700
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA 94102-7004
     Telephone: (415) 229-0111
6  Fax: (415) 703-5843
     E-mail: Theodore.Lee@doj.ca.gov
7  *Attorneys for Defendant*
   *California Department of Corrections and*
8  *Rehabilitation*

FILED
SUPERIOR COURT

2022 FEB -3 AM 11: 18

BY _____
DEPUTY

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SAN JOAQUIN

11

12

| | |
|---|---|
| 13 **MORIANO MILLARE,** | **Exempt from Filing Fees --** <br> **Gov't Code § 6103** |
| 14 Plaintiff, | Case No. STK-CV-LPI-2020-8820 |
| 15 v. | **NOTICE OF HEARING ON DEMURRER** <br> **AND DEMURRER TO FIRST** <br> **AMENDED COMPLAINT** |
| 16 | Date: 3/4/22 |
| 17 **CALIFORNIA DEPARTMENT OF** <br> **CORRECTIONS AND** | Dept: 10D |
| 18 **REHABILITATION and Does 1 through** <br> **20,** | Judge: The Honorable Barbara A. <br> Kronlund |
| 19 Defendants. | Action Filed: October 9, 2020 |

20

21

22      **TO PLAINTIFF MORIANO MILLARE:**

23          Please take notice that on a date and time convenient for the Court, Defendant CALIFORNIA

24   DEPARTMENT OF CORRECTIONS AND REHABILITATION will demur to the first amended

25   complaint in its entirety. The hearing will take place in Department 10 of the Superior Court,

26   County of San Joaquin Courthouse at 180 E. Weber Avenue, Stockton, CA 95202-2709, before

27   The Honorable Barbara A. Kronlund.

28   /////

1

FILE BY FAX

## DEMURRER TO THE NEGLIGENCE AND FAILURE TO DISCHARGE A MANDATORY DUTY CAUSES OF ACTION

1.     Defendant is statutorily immune from liability for negligence and failure to discharge a mandatory duty under the California Tort Claims Act.

The parties are exempt from the meet-and-confer requirement because Plaintiff is an inmate, currently incarcerated by CDCR, and is representing himself in this case. (Code Civ. Proc. § 430.41, subd. (d)(1).)

The demurrer will be based on this notice of demurrer and demurrer, the accompanying memorandum of points and authorities, and the court's files in this matter.

Defendant respectfully requests the Court to set the hearing for this motion on the following dates:

1.     March 2, 2022

2.     March 3, 2022

3.     March 4, 2022

Defendant prays as follows:

1.     That this demurrer to the causes of action against Defendant be sustained without leave to amend;

2.     That Defendant be dismissed from this lawsuit;

3.     For such other and further relief as the Court deems just and proper.

2

Dated: February 2, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
MARISA KIRSCHENBAUER
Supervising Deputy Attorney General

/s/ *__Theodore Lee__*
THEODORE G. LEE
Deputy Attorney General
*Attorneys for Defendant*
*California Department of Corrections and*
*Rehabilitation*

SA2021306055
83250079

3

Notice of Hearing on Demurrer and Demurrer to First Amend. Comp. (STK-CV-LPI-2020-8820)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Millare v. CDCR**
No.: **STK-CV-LPI-2020-8820**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On February 2, 2022, I served the attached **NOTICE OF HEARING ON DEMURRER AND DEMURRER TO FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO FIRST AMENDED COMPLAINT,** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 600 West Broadway, Suite 1800, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Moriano Millare
CDCR No. J-19886
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960
*Plaintiff in Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on February 2, 2022, at San Diego, California.

| | |
|---|---|
| A. Seng | */s/ A. Seng* |
| Declarant | Signature |

SA2021306055
83240945

1  ROB BONTA
   Attorney General of California
2  MARISA KIRSCHENBAUER
   Supervising Deputy Attorney General
3  THEODORE G. LEE
   Deputy Attorney General
4  State Bar No. 340700
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA 94102-7004
     Telephone: (415) 229-0111
6    Fax: (415) 703-5843
     E-mail: Theodore.Lee@doj.ca.gov
7  *Attorneys for Defendant*
   *California Department of Corrections and*
8  *Rehabilitation*

FILED
SUPERIOR COURT

2022 FEB -3 AM 11: 18

BY_____
        DEPUTY

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF SAN JOAQUIN

| | |
|---|---|
| **MORIANO MILLARE,** | Case No. STK-CV-LPI-2020-8820 |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO FIRST AMENDED COMPLAINT** |
| v. | Date: 3/4/22 |
| **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION and Does 1 through 20,** | Dept: 10D<br>Judge: The Honorable Barbara A. Kronlund<br>Action Filed: October 19, 2020 |
| Defendants. | |

## INTRODUCTION

California maintains a comprehensive statutory scheme that governs immunity for public entities. The system recognizes only limited instances of liability for injuries to prisoners, which naturally affords a broad legal protection to public entities and employees. Plaintiff Moriano Millare asserts that Defendant California Department of Corrections and Rehabilitation (CDCR), a public entity, is liable for various injuries that he suffered from Defendant's alleged involvement in losing his durable medical equipment. But Plaintiff's two claims in the First Amended Complaint (FAC)—negligence and failure to discharge a mandatory duty—are not among the few exceptions

1

Memo of Ps and As in Support of Demurrer to First Amend. Compl. (STK-CV-LPI-2020-8820)

FILE BY FAX

to immunity under controlling statutes. Defendant is therefore statutorily immune from both causes of action and the Court should sustain this demurrer.

## ALLEGATIONS

Plaintiff is a state prisoner currently incarcerated at California Training Facility (CTF). (FAC at 3.) Plaintiff sued Defendant and several unnamed individuals on information and belief that they are responsible in some manner for Plaintiff's injuries arising from negligence and breach of a non-discretionary duty. (*Id.* at 4–5.)

Plaintiff claims to be mobility impaired and suffering from multiple conditions. (FAC at 5.) To manage his conditions, Deuel Vocational Institution prescribed Plaintiff a cervical pillow prior to 2017. (*Ibid.*) On January 7, 2020, Plaintiff transferred from Deuel to CTF. (FAC at 6.) During the transport, he allegedly "handed a female CDCR transportation officer a bag which contained Plaintiff durable medical equipment – cervical pillow." (*Ibid.*) On his arrival to CTF, he did not receive the bag.

Two days after arriving at CTF, Plaintiff filed a grievance to recover his pillow. (FAC at 6.) About a week afterwards, Plaintiff sought physical and mental health care for various conditions and CTF provided it. (*Id.* at 6–7.) While waiting for a replacement cervical pillow, CTF offered Plaintiff an extra blanket for support until the replacement arrived. (FAC at 33.) Thirty-four days after his arrival, CTF provided Plaintiff a replacement cervical pillow. (*Id.* at 34.) After Plaintiff received a response to his grievances, he filed a government claims form, which the State rejected. (FAC at 8, 39.)

Plaintiff claims that Defendant's negligence in not returning his original cervical pillow directly and proximately caused multiple physical conditions and related pain. (FAC at 9.) He also believes he will incur undefined medical expenses in the future. (*Id.* at 10.) Furthermore, Plaintiff alleges that Defendant violated its mandatory duties under California Code of Regulations, title 15, section 3999.392, subdivision (b) and Civil Code 1427. (*Ibid.*) Plaintiff claims that Defendant has a non-discretionary duty to "transport and or provide Plaintiff his medical durable equipment – cervical pillow upon transferring Plaintiff to another facility." (*Id.* at 10–11.) He alleges similar

2

medical conditions, related pain, and future expenses as he does for the negligence claim. (*Id.* at 11.)

## STANDARD ON DEMURRER

A party may object to a complaint by demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) A demurrer may be taken to the whole complaint or to any of its causes of action. (Code Civ. Proc., § 430.50, subd. (a).)

A demurrer tests the legal sufficiency of factual allegations in a complaint. (*Rakestraw v. Cal. Physicians' Service* (2000) 81 Cal.App.4th 39, 42.) In reviewing the sufficiency of a complaint against a general demurrer, the court accepts the truth of all well-pleaded facts but need not accept contentions, deductions, or conclusions of law or fact. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) The court also accepts as true the contents of any exhibits attached to the complaint, and the contents of an incorporated document will take precedence over and supersede any inconsistent or contrary allegations set out in the pleading. (*Building Permit Consultants, Inc. v. Mazur* (2004) 122 Cal. App. 4th 1400, 1409). The court may also consider matters outside the pleading that are judicially noticeable. (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 318.)

The plaintiff must show the complaint alleges facts to establish every element of a cause of action. (*Rakestraw v. Cal. Physicians' Service, supra*, 81 Cal.App.4th at p. 43.) A demurrer is warranted if the complaint fails to plead or if the defendant negates any essential element of a cause of action. (*Ibid.*) Courts should sustain a demurrer without leave to amend when there is no liability as a matter of law. (See *Haskins v. San Diego County Dept. of Public Welfare* (1980) 100 Cal.App.3d 961, 965 [citing *Routh v. Quinn* (1942) 20 Cal.2d 488, 492–93].) Plaintiff's inability to overcome a statutory immunity justifies sustaining a demurrer without leave to amend. (E.g., *Torres v. Department of Corrections & Rehabilitation* (2013) 217 Cal.App.4th 844, 850.)

## LEGAL ARGUMENT

Defendant is immune from any injuries to a prisoner save for a few statutorily defined exceptions under the California Tort Claims Act. Neither negligence nor failure to discharge a mandatory duty is a recognized exception to the immunity. Because Defendant is not liable for

3

1   either claim as a matter of law, and Plaintiff cannot overcome the statutory immunity bar, the Court
2   should sustain this demurrer without leave to amend.

3   **I.   DEFENDANT IS STATUTORILY IMMUNE FROM LIABILITY FOR INJURIES TO PRISONERS,**
4       **INCLUDING NEGLIGENCE.**

5       As a state agency, Defendant retains sovereign immunity against tort claims save for a few
6   exceptions. Negligence is not among the exceptions and Plaintiff shows no other liability that would
7   attach to Defendant. Thus, regardless of whatever harm Plaintiff may have suffered, Defendant is
8   not liable as a matter of law.

9       Under the California Tort Claims Act, a public entity is generally "not liable for an injury,
10  whether such injury arises out of an act or omission of the public entity or a public employee or
11  any other person." (Gov. Code § 815, subd. (a).) "Thus, in California 'sovereign immunity is the
12  rule' and 'governmental liability is limited to exceptions specifically set forth by statute.'" (*Towery*
13  *v. State of Cal.* (2017) 14 Cal.App.4th 226, 232] [quoting *Cochran v. Herzog Engraving Co.* (1984)
14  155 Cal.App.3d 405, 409]; see also *Caldwell v. Montoya* (1995) 10 Cal.4th 972, 980
15  ["public entities are immune from liability except as provided by statute (§ 815, subd. (a)) . . . ."].)
16  A public entity includes "the state . . . public agency, and any other political subdivision or public
17  corporation of the State." (Gov. Code § 811.2.) Defendant CDCR is a public entity. (See, e.g.,
18  *Torres, supra,* 217 Cal.App.4th at 850 [finding sovereign immunity for the Department under
19  California Tort Claims Act].)

20      The California Tort Claims Act widely forecloses liability on a public entity for "an injury to
21  any prisoner." (Gov. Code § 844.6, subd. (a)(2).) Courts have long recognized this statute's
22  constitutional validity. (E.g., *Datil v. City of Los Angeles* (1968) 263 Cal.App.2d 655, 660–61.)
23  "'[P]risoner' includes an inmate of a prison, jail, or penal or correctional facility." (Gov. Code §
24  844). Injury includes, among others, "injury to a person, damage to or loss of property, or any other
25  injury that a person may suffer to his person . . . ." (Gov. Code § 810.8.) Additionally, "neither a
26  public entity nor a public employee is liable . . . for failure to provide a prison . . . or, if such facility
27  is provided, for failure to provide sufficient equipment, personnel or facilities therein." (Gov. Code
28  § 845.2.)

4

As an exception to the broad immunity, a public entity may be liable when its "employee knows or has reason to know that the prisoner is in need of immediate medical care and [the employee] fails to take reasonable action to summon such medical care." (Gov. Code § 845.6). The Legislature intended this liability to be narrow and limited in nature. (*Castaneda v. Department of Corrections & Rehabilitation* (2013) 213 Cal.App.4th 1051, 1070 [reviewing the 1963 Law Review Commission comments to § 845.6].) Therefore, liability under section 845.6 is limited to "where the public entity intentionally or unjustifiably fails to furnish immediate medical care." (*Watson v. State of Cal.* (1993) 21 Cal.App.4th 836, 841.) The duty to summon or furnish medical care does not concern the quality of medical care provided, for a public entity is neither directly nor vicariously liable for any medical malpractice under section 845.6. (E.g., *Flores v. Natividad Medical Center* (1987) 192 Cal.App.3d 1106, 1115; *Nelson v. State of Cal.* (1982) 139 Cal.App.3d 72, 78.)

There is no cognizable theory of liability for Defendant here. To start, Government Code section 815, subdivision (a) requires Plaintiff to identify a statute that imposes liability on Defendant for general negligence, which he does not. And even if Plaintiff does, Government Code section 844.6 clearly excludes liability for negligence.

Next, while Plaintiff claims that the loss of his cervical pillow proximately caused the various injuries he allegedly suffered (FAC at 6), Government Code sections 810.8 and 844.6 immunize Defendant from liability for any loss of Plaintiff's property. Similarly, Government Code section 845.2 bars imposing liability on Defendant for failing to provide sufficient equipment, such as a durable medical equipment, to Plaintiff. The last option for Plaintiff would have been to claim Defendant's liability under Government Code section 845.6. Notwithstanding Plaintiff's failure to allege it, Plaintiff concedes that he "received treatment for increased pains . . . exacerbated by the deprivation of Plaintiff['s] durable medical equipment[,] cervical pillow," "was evaluated by a CDCR physician and CDCR mental health staff at 'CTF,'" "the CDCR physician ordered Plaintiff a replacement cervical pillow and physical therapy," "CDCR mental health staff prescribed Plaintiff psychotropic medication," and "was provided a replacement durable medical equipment[,]

cervical pillow." (FAC at 6–7.) Thus, Plaintiff's own admissions show that he received immediate medical care upon request.

Plaintiff does not identify what statutory liability for negligence attaches to Defendant here. That failure alone justifies sustaining this demurrer. Moreover, Defendant is not liable for losing Plaintiff's property, failing to provide sufficient equipment, or properly furnishing immediate medical care under California Tort Claims Act. The Court should therefore sustain this demurrer without leave to amend.

## II. DEFENDANT IS STATUTORILY IMMUNE FROM LIABILITY FOR ALLEGED FAILURE TO DISCHARGE A NON-DISCRETIONARY DUTY.

Defendant is similarly not liable for the alleged failure to discharge a non-discretionary duty. This is because Government Code section 844.6, subdivision (a)(2) does not carve out such a violation as an exception to the immunity. Plaintiff does not offer any alternative grounds to establish liability on Defendant.

A public entity may be liable for its failure to discharge a mandatory duty that an enactment imposes. (Gov. Code § 815.6.) An enactment means "constitutional provision, statute, charter provision, ordinance or regulation." (Gov. Code § 810.6.) An obligation is "a legal duty, by which a person is bound to do or not do a certain thing." (Civil Code § 1427.) Per regulation, California state prisoners can maintain possession of their durable medical equipment when transferring from one correctional institution to another, unless doing so poses a safety or security threat and custody staff supports that finding in documented evidence. (Cal. Code of Regs, tit. 15, § 3999.392, subd. (b).) However, a public entity is not liable for injuries to prisoners from violating Government Code section 815.6, Civil Code section 1427, or California Code of Regulations section 3999.392, subdivision (b). (Gov. Code § 844.6, subd. (a).)

Plaintiff has no cause of action for the alleged failure to discharge mandatory duties required under § 3999.392(b). Despite what Plaintiff asserts throughout the FAC, whether the regulation imposed some duties on Defendant pertinent to the main issue—the alleged loss of Plaintiff's cervical pillow—is inconclusive. Assuming a duty existed and Defendant's employees violated it, Defendant would still be immune because such violation is not a recognized exception to the broad

6

1  immunity under Government Code section 844.6. Thus, Defendant is not liable as a matter of law

2  and Plaintiff fails to state any causes of action.

3  <center>**CONCLUSION**</center>

4       The California Tort Claims Act broadly immunizes Defendant from being liable for injuries

5  to prisoners. Plaintiff's prisoner status is unquestionable and he does not establish any recognized

6  grounds for liability under Government Code section 844.6 to state a cause of action against

7  Defendant. Even if Plaintiff truly suffered from the alleged loss of his cervical pillow, he cannot

8  recover any relief for it from Defendant under the law. The statutory immunities that shield

9  Defendant from Plaintiff's two claims is a high bar that Plaintiff cannot overcome. Because

10  Plaintiff's First Amended Complaint fails to state a cause of action against Defendant, and Plaintiff

11  will be unable to cure that defect, the Court should sustain this demurrer without leave to amend.

12

13  Dated: February 2, 2022                    Respectfully submitted,

14                                             ROB BONTA
                                               Attorney General of California
                                               MARISA KIRSCHENBAUER
15                                             Supervising Deputy Attorney General

16

17

18                                             /s/ *Theodore Lee*
                                               THEODORE G. LEE
19                                             Deputy Attorney General
                                               *Attorneys for Defendant*
20                                             *California Department of Corrections and*
                                               *Rehabilitation*

21  SA2021306055
    83250079
22

23

24

25

26

27

28

<center>7</center>

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Millare v. CDCR**
No.: **STK-CV-LPI-2020-8820**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>February 2, 2022</u>, I served the attached **NOTICE OF HEARING ON DEMURRER AND DEMURRER TO FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO FIRST AMENDED COMPLAINT,** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 600 West Broadway, Suite 1800, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Moriano Millare
CDCR No. J-19886
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960
*Plaintiff in Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on February 2. 2022, at San Diego, California.

| A. Seng | | | | /s/ *A. Seng* |
|---|---|---|---|---|
| Declarant | | | | Signature |

SA2021306055
83240945

# EXHIBIT D

**MINUTE ORDER**

**Date:** 06/14/2022 09:00 AM                    **Case Number:** STK-CV-LPI-2020-0008820
**Moriano Millare  vs  T. Reynolds et al.**
**Event Type:** Demurrer, Trial Setting          **Department:** 10D
Conference

---

**Appearances:** Presiding Judge: Barbara Kronlund. Plaintiff, Moriano Millare, appears Pro Se. Attorney, Theodore G. Lee, appears for Defendant, California Department of Corrections and Rehabilitation. Also attending: alittle Court Clerk.

---

Telephonic appearance by counsel for Defendant.
Telephonic appearance by Plaintiff in pro per.

Plaintiff informs the Court that he is in receipt of the Court's tentative ruling and does not wish to contest the Court's ruling.

The Court affirms the tentative ruling as follows: TENTATIVE RULING NOTICE

Tentative rulings for Law and Motion will be posted electronically by 1:30 p.m. the day before the hearing.  Any party wishing to contest or argue the tentative ruling must email the court at civilcourtclerks@sjcourts.org. that they intend to appear remotely no later than 4:00 PM on the day before the scheduled hearing.  The Department and Case Number must be in the header of the email. The email must include the Department, Case number, Case Name, Motion, party's name and email, date and time of the hearing, issues they plan to argue, and that they have informed the opposing party. The party must also notify affected counsel, or unrepresented parties, that they intend to appear, no later than 4:00 PM on the day before the scheduled hearing.  Unless the Court and opposing counsel have been notified, the tentative ruling shall become the ruling of the Court without oral argument.

To attend the remote hearing with Judge Kronlund in Dept. 10-D: Call into (209) 992-5590, then follow the prompts and use the Bridge # and Pin # as follows:

Bridge # 6940
Pin # 3782

Tentative Ruling

Court Sustains Defendant California Department of Corrections and Rehabilitation's Demurrer to Plaintiff Moriano Millare's First Amended Complaint with 30 days leave to amend.

On November 8, 2021, Plaintiff Moriano Millare ("Plaintiff") filed a First Amended Complaint for damages against Defendant California Department of Corrections and Rehabilitation ("Defendant") and Does 1 through 20, inclusive.  Plaintiff, an inmate, alleges that on January 7, 2020, Defendant transported Plaintiff from Deuel Vocational Institution in Tracy, California to "CTF" in Soledad, California.  (FAC ¶ 12.) At some point during the transfer, Defendant lost Plaintiff's durable medical equipment (DME), a cervical pillow.  (FAC ¶¶ 13-14.)  On February 10, 2020, Plaintiff was provided with a replacement cervical pillow. Plaintiff claims that during the period he was without the DME, he suffered "agonizing head neck back

---

arm and leg pain; sleep deprivation poor concentration and anxiety". (FAC ¶¶ 46, 51.) Plaintiff also believes that he suffered a pinched nerve and unnecessary progressive deterioration and damage to his "cervical thoracic and lumbar spine" but has been unable to get an MRI. (FAC ¶¶ 47, 52.)

On February 3, 2022, Defendant filed the instant demurrer to Plaintiff's First Amended Complaint arguing that Plaintiff cannot state facts sufficient to constitute any cause of action because Defendant is immune from liability pursuant to the Government Claims Act, or the California Tort Claims Act, specifically Government Code sections 815, 844.6, and 845.6.

On February 17, 2022, Plaintiff filed his opposition; On February 24, 2022, Defendant filed its reply; On February 24, 2022, Plaintiff filed another "opposition".

A.     Legal Standard

       A demurrer typically searches the pleadings for failure to state a material fact or facts sufficient to constitute a cause of action. (McKenney v. Purepac Pharmaceutical Co. (2008) 167 Cal. App. 4th 72, 77; Code Civ. Proc., § 430.10(e).) The sufficiency of a complaint is a question of law. (Coopers & Lybrand v. Superior Court (1989) 212 Cal. App. 3d 627,636.) Therefore, a court evaluating the sufficiency of a complaint assumes the facts alleged in the pleadings to be true for the purposes of demurrer, however improbable they may be. (Del E. Webb Corp. v. Structural Materials Co. (1981) 123 Cal. App. 3d 593, 604.) The court will not, however, assume the truth of contentions, deductions or conclusions of law. (Viola v. California Dept. of Managed Health Care (2005) 133 Cal. App. 4th 299, 307.) Similarly, the court will not consider facts that have not been alleged, unless such facts may be reasonably inferred from matters alleged or are proper subjects of judicial notice. (Hall v. Great Western Bank (1991) 213 Cal. App. 3d 713, 719 n. 7.)

B.     Government Immunity.

       Under the Government Claims Act, or the California Tort Claims Act, government entities like Defendant CDCR cannot be held liability for many injuries. Government Code sections 844 through 846 addresses immunities relating to prisoners and inmates like Plaintiff.

       First, Defendant argues that Government Code section 844.6(a)(2) bars the instant case because it explicitly states, "a public entity is not liable for . . . [a]n injury to any prisoner". A "prisoner includes an inmate of a prison, jail, or penal correctional facility." (Gov. Code, § 844.) Plaintiff is an inmate currently incarcerated at CTF and was previously incarcerated at Deuel Vocational Institution. (FAC ¶¶ 1, 8, 12.) His purported injuries occurred while incarcerated at  and being transferred between these facilities. (Ibid.) There is no question; he is a prisoner for the purposes of the Government Claims Act. And, based upon the plain language of Section 844.6, Defendant is immune from liability for the injuries alleged.

       Second, as an alternative basis for immunity, Defendant cites Government Code section 845.2. Government Code section 845.2 provides: "neither a public entity nor a public employee is liable for failure to provide a prison, jail or penal or correctional facility or, if such facility is provided, for failure to provide sufficient equipment, personnel or facilities therein." (Gov. Code, § 845.2.) Here, Plaintiff's claims stem from the loss of his cervical pillow during transport and alleged delay on the behalf of Defendant in obtaining a replacement. (See generally, FAC.) As alleged, Plaintiff's claims appear to fall squarely within the scope this statute. Again, Defendant is immune from liability.

       Finally, Defendant argues that Plaintiff cannot save his claim by arguing the exception—that is, failure to take reasonable steps to summon medical care. (Gov. Code, § 845.6.) Section 845.6 provides:

Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the

prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

(Gov. Code, § 845.6 (emphasis added).)   The duty to summon medical care does not encompass the duty to provide reasonable medical care or the duty to properly diagnose, treat, and monitor the quality of care provided.  (Castaneda v. Department of Corrections & Rehabilitation (2013) 212 Cal.App.4th 1051, 1071-1072.)  Defendant claims that the First Amended Complaint reveals that Plaintiff received medical treatment.  (FAC ¶¶ 17-20.)  Defendant's argument has merit; as alleged, the First Amended Complaint is not saved by Section 845.6.

C.      Regulations

In its demurrer, Defendant states it cannot be liable for failure to discharge a non-discretionary duty, specifically Cal. Code Regs., tit. 15, § 3999.392:  "Patients transferred from one California Department of Corrections and Rehabilitation (CDCR) institution to another shall be allowed to maintain possession of DME".  (Cal. Code Regs., tit. 15, § 3999.392(b).)  However, as Defendant concedes, Government Code section 815.6 states that a public entity may be liable for failure to discharge a mandatory duty that an enactment imposes.  (Gov. Code, § 815.6.)  An "enactment" is a "constitutional provision, statute, charter provision, ordinance or regulations."  (Gov. Code, § 810.6.)  Thus, "[s]ection 815.6's liability for breach of a mandatory duty applies to ministerial duties imposed by regulations as well as statutes."  (Ortega v. Sacramento County Dept. of Health & Human Services (2008) 161 Cal.App.4th 713, 728.)

Here, Cal. Code Regs., tit. 15, § 3999.392 states that an inmate "shall" be allowed to maintain possession of DME unless it poses a threat to safety and security, and Cal. Code Regs., tit. 15, § 3999.391(l) states "The Department shall accept liability for the loss or destruction of DME resulting from employee action."  (Emphasis added.)  Plaintiff argues, in essence, that since Defendant lost his DME and failed to timely replace it, Defendant is liable not only for the cost of replacing the DME but also for the resulting physical and mental injuries to his person.  Indeed, there is no indication from the pleadings that Defendant found the DME posed a threat to safety and security.  Plaintiff alleges the cervical pillow was given to a female CDCR transportation officer and never returned.  (FAC ¶¶ 13-14.)  However, again, Section 844.6 states:

(a) Notwithstanding any other provision of this part, except as provided in this section and in Sections 814, 814.2, 845.4, and 845.6, or in Title 2.1 (commencing with Section 3500) of Part 3 of the Penal Code, a public entity is not liable for:
. . . .
(2) An injury to any prisoner.

(Gov. Code, § 844.6.)  Thus, the claim is nonetheless barred.

D.      Conclusion.

Therefore, for the foregoing reasons, the demurrer is SUSTAINED.

Public policy dictates that leave to amend be liberally granted." (Centex Homes v. St. Paul Fire & Marine Ins. Co. (2015) 237 Cal. App. 4th 23, 32.) Defendant's demurrer is therefore SUSTAINED WITH LEAVE TO AMEND consistent with this court's finding.

Plaintiff must file an amended complaint within 30 days.  Defendant shall prepare and serve an order following the hearing on this matter, if any.  The time granted for amendment or answer, as the case may be, shall run from the date of service of the order.  (See Code Civ. Proc., § 472b.)

Barbara A. Kronlund

Demurrer to First Amended Complaint is sustained with 30 days leave to amend.

The Motion to Amend set for July 12, 2022 at 9:00 AM is vacated.

Pursuant to California Rules of Court, Rule 3.1312 (a) and Code of Civil Procedure section 1019.5(a), no further written order is necessary. The minute order adopting this tentative ruling will serve as the order of the court and service by the clerk will constitute notice of the order.

The Court having conducted a Trial Setting Conference, now orders:

CMC: Further Case Management Conference is scheduled at 8:45 AM on October 17, 2022 in Department 10D.

Notice to be given by the court.

Court shall prepare the Order to Litigation Coordinator in order for Plaintiff to appear at the next hearing.

# EXHIBIT E

1  MORIANO MILLARE J19886
2  CORRECTIONAL TRAINING FACILITY
3  PO Box 689
4  Soledad CA 93960
5
6  PLAINTIFF IN PRO SE
7
8
9
10

FILED
SAN JOAQUIN COUNTY
2023 JUN 27 PM 2:29

CLERK OF THE COURT CLERK
TREVA PARKER

11  MORIANO MILLARE,
12        PLAINTIFF
13    V
14  T. Reynolds,
15  A. CHAVARRIA,
16  And J Woods,
17      defendants

SUPERIOR COURT OF CALIFORNIA IN AND
FOR THE COUNTY OF SAN JOAQUIN

STK CV LPI 2020 8830
SECOND AMENDED Complaint FOR damages
UNDER 42 USC 1983; GENERAL NEGLIGENCE;
FAILURE TO DISCHARGE A MANDATORY duTY, And
REQUEST FOR JURY TRIAL

18
19

## Introduction

20  1) THIS IS A 42 USC 1983 CIVIL Rights ACTION FILED By MORIANO MILLARE
21  "J19886 AN INCARCERATED PERSON TO Address the deprivation OF HIS
22  CONSTITUTIONAL Rights SECURED By the CONSTITUTION OF the UNITED STATES
23  UNDER THE AMERICANS WITH DISABILITIES ACT, THE EIGHTH AMENDMENT - deliberate
24  INDIFFERENCE Clause, And SEEKING MONETARY DAMAGES And declARATORY Judgement
25

26

## Jurisdiction And Venue

27

28  2) VENUE IS PROPER IN this COUNTY BECAUSE the ACTIONS AS Alleged HERE IN

1 ORIGINATED IN SAN JOAQUIN COUNTY AT DEUEL VOCATIONAL INSTITUTION; 23500

2 KASSON ROAD; TRACY, CA. 95304. PLAINTIFF ALSO INVOKES THE PENDANT

3 JURISDICTION OF THIS COURT IN REGARDS TO HIS AMERICANS WITH DISABILITIES

4 ACT AND UNITED STATES CONSTITUTION EIGHTH AMENDMENT CLAIM

5

6

## PARTIES

7

8 3) PLAINTIFF MORIANO MILLARE (HERE IN AFTER REFERRED TO AS "PLAINTIFF") IS AN

9 INCARCERATED PERSON WHO CURRENTLY RESIDES AT THE CORRECTIONAL TRAINING FACILITY

10 (HERE IN AFTER REFERRED TO AS "CTF") PO BOX 689; SOLEDAD, CA 93960

11 4) DEFENDANT CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

12 (HERE IN AFTER REFERRED TO AS "CDCR") AT ALL TIMES RELEVANT HERE IN WAS

13 AND IS A CALIFORNIA STATE AGENCY WITH ITS HEADQUARTERS LOCATED IN

14 SACRAMENTO COUNTY CALIFORNIA. CDCR IS AN EMPLOYER OF SEVERAL THOUSAND

15 PERSONS AND IS RESPONSIBLE FOR THE SAFE OPERATION OF THE CALIFORNIA STATE

16 PRISON SYSTEM AND THE STRICT ADHERENCE TO RELEVANT PROTOCOLS OUTLINED

17 IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990 AND THE

18 ARMSTRONG REMEDIAL PLAN

19 5) DEFENDANT T. REYNOLDS RESIDE OR WORK AT THE CALIFORNIA DEPARTMENT OF

20 CORRECTIONS AND REHABILITATION (CDCR); PO BOX 942883; SACRAMENTO, CA.

21 94283-0001 AND WAS EMPLOYED AS SCHEDULE "Q" TRANSPORTATION OFFICER

22 AT DEUEL VOCATIONAL INSTITUTION AND WAS RESPONSIBLE FOR THE SAFETY CUSTODY

23 AND EQUAL TREATMENT OF ALL INCARCERATED PERSONS UNDER HIS CHARGE. THE CDCR

24 SCHEDULE "Q" TRANSPORTATION OFFICER IS ALSO RESPONSIBLE FOR ENSURING THAT HE IS IN

25 FULL COMPLIANCE WITH ALL APPLICABLE RULES REGULATIONS LAWS AND PRISON GUIDELINES.

26 THE CDCR SCHEDULE "Q" TRANSPORTATION OFFICER IS REQUIRED TO OBEY ALL APPLICABLE

27 RULES REGULATIONS LAWS AND PRISON GUIDELINES. THE DEFENDANT IS SUED IN HIS

28 INDIVIDUAL AND OFFICIAL CAPACITY.

1 6) DEFENDANT A. CHAVARRIA RESIDE OR WORK AT THE CALIFORNIA DEPARTMENT OF
2 CORRECTIONS AND REHABILITATION (CDCR); PO Box 942883; SACRAMENTO, CA.
3 94283-0001 AND WAS EMPLOYED AS SCHEDULE "Q" TRANSPORTATION OFFICER AT
4 DEUEL VOCATIONAL INSTITUTION AND WAS RESPONSIBLE FOR THE SAFE CUSTODY AND
5 EQUAL TREATMENT OF ALL INCARCERATED PERSONS UNDER HIS CHARGE. THE CDCR
6 SCHEDULE "Q" TRANSPORTATION OFFICER IS ALSO RESPONSIBLE FOR ENSURING THAT HE
7 IS IN FULL COMPLIANCE WITH ALL APPLICABLE RULES REGULATIONS LAWS AND PRISON
8 GUIDELINES. THE CDCR SCHEDULE "Q" TRANSPORTATION OFFICER IS REQUIRED TO OBEY
9 ALL APPLICABLE RULES REGULATIONS LAWS AND PRISON GUIDELINES. THE DEFENDANT IS
10 SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

11 7) DEFENDANT J. WOODS RESIDE OR WORK AT THE CALIFORNIA DEPARTMENT OF CORRECTIONS
12 AND REHABILITATION (CDCR); P.O. Box 942883; SACRAMENTO, CA. 94283-0001 AND WAS
13 EMPLOYED AS SCHEDULE "Q" TRANSPORTATION OFFICER AT DEUEL VOCATIONAL INSTITUTION
14 AND WAS RESPONSIBLE FOR THE SAFE CUSTODY AND EQUAL TREATMENT OF ALL INCARCERATED
15 PERSONS UNDER HIS CHARGE. THE CDCR SCHEDULE "Q" TRANSPORTATION OFFICER IS ALSO
16 RESPONSIBLE FOR ENSURING THAT HE IS IN FULL COMPLIANCE WITH ALL APPLICABLE RULES
17 REGULATIONS LAWS AND PRISON GUIDELINES. THE CDCR SCHEDULE "Q" TRANSPORTATION
18 OFFICER IS REQUIRED TO OBEY ALL APPLICABLE RULES REGULATIONS LAWS AND PRISON
19 GUIDELINES. THE DEFENDANT IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY
20 8) PLAINTIFF IS CURRENTLY UNAWARE OF THE TRUE IDENTITIES OF FURTHER DEFENDANTS
21 AND HERE IN LIST THEM AS DOES 1-20 INCLUSIVE AND WILL SEEK TO AMEND
22 WHEN THEIR TRUE NAMES CAPACITIES CONNECTIONS AND RESPONSIBILITIES ARE
23 ASCERTAINED

24 9) PLAINTIFF IS INFORMED AND BELIEVES AND ON THAT BASIS ALLEGES THAT EACH OF THE
25 DEFENDANTS IS THE AGENT, OSTENSIBLE AGENT, ALTER EGO, MASTER, SERVANT, TRUSTOR,
26 TRUSTEE, EMPLOYER, EMPLOYEE, REPRESENTATIVE, FRANCHISER, FRANCHISEE, LESSOR, LESSEE,
27 JOINT VENTURER, PARENT, SUBSIDIARY, AFFILIATE, RELATED ENTITY, PARTNER, AND/OR
28 ASSOCIATE, OR SUCH SIMILAR CAPACITY, OF EACH OF THE OTHER DEFENDANTS, AND

1 WAS AT All TIMES ACTING AND PERFORMING, OR FAILING to ACT OR PERFORM, WITHIN
2 THE COURSE AND SCOPE OF SUCH SIMILAR AFOREMENTIONED CAPACITIES, AND WITH THE
3 AUTHORIZATION, CONSENT, PERMISSION OR RATIFICATION OF EACH OF THE OTHER
4 DEFENDANTS, AND IS PERSONALLY RESPONSIBLE IN SOME MANNER FOR THE ACTS
5 AND OMISSIONS OF THE OTHER DEFENDANTS IN PROXIMATELY CAUSING THE VIOLATIONS
6 AND DAMAGES COMPLAINED OF HERE IN, AND HAVE PARTICIPATED DIRECTED AND HAVE
7 OSTENSIBLY AND OR DIRECTLY APPROVED OR RATIFIED EACH OF THE ACTS OR
8 OMISSIONS OF EACH OF THE OTHER DEFENDANTS AS HERE IN DESCRIBED.
9

10

## STATEMENT OF FACTS

11

12 10) PLAINTIFF IS A MOBILITY IMPAIRED DISABILITY CLASS MEMBER OF ARMSTRONG V.
13 NEWSOME NO C94-2307 CW U.S. DIST. COURT NORTH DISTRICT, WHO SUFFERS
14 FROM MULTI LEVEL CERVICAL SPINE SPONDYLOSIS, MULTI LEVEL THORACIC SPINE
15 SPONDYLOSIS AND MULTI LEVEL LUMBAR DEGENERATIVE DISC DISEASE. EXHIBIT A
16 II) THESE CONDITIONS CAUSE SEVERE PAIN IN PLAINTIFF ARMS LEGS BACK NECK AND
17 HEAD WHICH ALSO INTERFERES WITH PLAINTIFF SLEEP
18 12) PREVIOUS TO YEAR 2017 PLAINTIFF WAS PRESCRIBED A DURABLE MEDICAL
19 EQUIPMENT (DME) - CERVICAL PILLOW TO SUPPORT HIS NECK WHILE LAYING DOWN
20 AND LATER PROVIDED A CANE DUE TO SUBSEQUENT INJURY TO HIS RIGHT KNEE
21 AND PAST INJURIES TO HIS LEFT TIBIA AND FEMUR.
22 13) JANUARY 7 2020 PLAINTIFF WAS TRANSFERED FROM DEUEL VOCATIONAL
23 INSTITUTION IN TRACY CALIFORNIA TO THE CORRECTIONAL TRAINING FACILITY
24 IN SOLEDAD CALIFORNIA
25 14) BEFORE PLAINTIFF WAS SHACKLED AND ASSIGNED A SEAT ON CDCR SCHEDULE
26 "Q" TRANSPORTATION BUS, A FEMALE CDCR TRANSPORTATION OFFICER SEIZED
27 PLAINTIFF DURABLE MEDICAL EQUIPMENT (DME) CERVICAL PILLOW
28 15) PURSUANT TO CDCR, DEUEL VOCATIONAL INSTITUTION OPERATIONAL

1  PROCEDURE NO, 158, DISABILITY PLACEMENT PROGRAM" NO INMATE SHALL BE
2  DEPRIVED OF A DME THAT WAS IN the INMATE'S POSSESSION UPON ENTRY INTO
3  the CDCR SYSTEM OR WAS PROPERLY OBTAINED WHILE IN CDCR CUSTODY,
4  UNLESS FOR DOCUMENTED SAFETY OR SECURITY REASONS OR A DEPARTMENT
5  PHYSICIAN OR DENTIST DETERMINES the DME IS NO LONGER MEDICALLY NECESSARY
6  OR APPROPRIATE

7  16) PURSUANT to CALIFORNIA Code OF Regulations Title 15 SECTION 3999.392(b)
8  " PATIENTS TRANSFERED FROM ONE CDCR INSTITUTION to ANOTHER SHALL BE
9  ALLOWED to MAINTAIN POSSESSION OF DURABLE MEDICAL EQUIPMENT ..."
10 17) JANUARY 9 2020 PLAINTIFF Filed AdmiNISTRATIVE AppEAl log NumbER TU-N-20-0008
11 GRIEVING the deprivation of HIS DURABLE MEDICAL Equipment (DME) CERVICAL Pillow.
12 Exhibit B

13 18) ON OR ABOUT JANUARY 17 2020 PLAINTIFF RECEIVED TREATMENT FOR INCREASED PAINS,
14 DIFFICULTY SLEEPING AND CONCENTRATING ASSOCIATED WITH MULTI LEVEL COMPRESSIONS THROUGH
15 OUT PLAINTIFF SPINE that WERE EXACERBATED BY the deprivation OF PLAINTIF DURABLE
16 MEDICAL Equipment (DME) CERVICAL Pillow.

17 19) PLAINTIFF WAS EVALUATED BY A CDCR PHYSICIAN AND CDCR MENTAL HEALTH STAFF
18 AT CTF.

19 20) THE CDCR PHYSICIAN ORDERED PLAINTIFF A REPLACEMENT CERVICAL Pillow AND
20 PHYSICAL THERAPY

21 21) CDCR MENTAL HEALTH STAFF PRESCRIBED PLAINTIF PSYCHOTROPIC MEDICATION
22 22) FEBRUARY 10 2020 PLAINTIFF WAS PROVIDED A REPLACEMENT DURABLE MEDICAL
23 Equipment CERVICAL Pillow Exhibit C

24 23) FEBRUARY 12 2020 PLAINTIFF WAS INTERVIEWED VIA TELEPHONE BY A CDCR OFFICER WHO
25 IDENTIFIED HIMSELF AS SERGEANT HAZEL REGARDING AdmiNISTRATIVE AppCal Log
26 NumbER TU N 20 0008

27 24) DURING the INTERVIEW PLAINTIF REITERATED the STATEMENTS described IN
28 AdmiNISTRATIVE AppEAl Log NumbER TU N 20 00008

1 25) MARCH 10 2020 CDCR OFFICER SEELEY SENT PLAINTIFF AN INMATE PASS

2 INSTRUCTING PLAINTIFF to REPORT to "CTF" RECEIVING AND RELEASE BUILDING ON MARCH 11 2020.

3 Exhibit D

4 26) MARCH 11 2020 PLAINTIFF ARRIVED AT "CTF" RECEIVING AND RELEASE BUILDING AND WAS

5 INSTRUCTED By CDCR OFFICERS to RETURN to HIS HOUSING UNIT

6 27) MARCH 12 2020 PLAINTIFF WAS NOTIFIED By HIS BUILDING OFFICER THAT CDCR OFFICER

7 E. SEELEY WANTED to SPEAK With PLAINTIFF INSIDE "CTF" RECEIVING AND RELEASE BUILDING

8 28) WHEN PLAINTIFF ARRIVED AT "CTF" RECEIVING AND RELEASE BUILDING, CDCR OFFICER E. SEELEY

9 ORDERED PLAINTIFF to WithdRAW ADMINISTRATIVE APPEAL LOG NUMBER TU N 20 00008,

10 29) PLAINTIFF declINED to WithdRAW the APPEAL AND RETURNED to HIS HOUSING UNIT

11 30) ON OR ABOUT APRIL 9 2020 PLAINTIFF RECEIVED CDCR FIRST LEVEL ADMINISTRATIVE

12 RESPONSE to APPEAL LOG NUMBER TU N 20 00008 STATING AMONGST OTHER THINGS" NTH

13 STAFF WERE INTERVIEWED REGARDING YOUR (PLAINTIFF) CLAIM AND RECALLED TAKING

14 POSSESSION OF YOUR (PLAINTIFF) CERVICAL PILLOW. Exhibit B page 5,6

15 31) APRIL 20 2020 PLAINTIFF RETURNED ADMINISTRATIVE APPEAL Log NUMBER TU N 20 00008

16 to CDCR OFFICE OF INMATE APPEALS FOR SECOND LEVEL REVIEW

17 32) MAY 27 2020 PLAINTIFF SubmittED A GOVERNMENT CLAIM FORM REGARDING ADMINISTRATIVE

18 APPEAL LOG NUMBER TU N 20 00008 TO THE CALIFORNIA GOVERNMENT CLAIMS PROGRAM

19 33) JUNE 16 2020 CALIFORNIA GOVERNMENT CLAIMS PROGRAM STAFF REJECTED PLAINTIFF

20 CLAIM Exhibit E

21 34) PURSUANT to CALIFORNIA CODE OF REGULATIONS Title 15 SECTION 3084. 8(c)(2) SECOND

22 LEVEL RESPONSES SHALL BE COMPLETED WithIN 30 WORKING days FROM THE date OF

23 RECEIPT By the APPEALS COORDINATOR

24 35) JUNE 19 2020 PLAINTIFF HAD NOT RECEIVED the SECOND LEVEL RESPONSE to

25 ADMINISTRATIVE APPEAL Log NUMBER TU N 20 00008

26 36) PLAINTIFF SubmittED A CDCR 22 FORM AND A CDCR GA-22 FORM TO "CTF"

27 CDCR OFFICER TESFA MICHEAL to deliver to CDYR OFFICE OF INMATE APPEALS

28 REQUESTING to KNOW WHEN PLAINTIFF Should EXPECT to RECEIVE SECOND LEVEL.

1 RESPONSE REGARDING APPEAL TU N 20 00008

2 37) PLAINTIFF did not RECEIVE ANY RESPONSE NOR WERE the CDCR 22 And
3 GA-22 FORMS RETURNED to PLAINTIFF

4 38) July 14 2020 PLAINTIFF SENT CDCR COUNSELOR R.STRICK)IN A CDCR GA-22
5 FORM REQUESTING AMONGST other things to Provide PLAINTIFF A TIME FRAME
6 WHEN PLAINTIFF Should EXPECT to RECEIVE APPEAL TU N 20 00008 (RESPONSE)
7 39) July 20 2020 CDCR COUNSELOR R STRICKLIN INSTRUCTED PLAINTIFF to SEND
8 PLAINTIFF CONCERNS REGARDING APPEAL TU N 20 00008 to the OFFICE OF INMATE
9 APPEALS Exhibit G

10 40) AUGUST 6 2020 PLAINTIFF SENT A CDCR GA-22 FORM to CDCR OFFICE OF
11 INMATE APPEALS REQUESTING to KNOW WHEN PLAINTIFF Should EXPECT to RECEIVE
12 A RESPONSE to APPEAL TU N 20 00008

13 41) PLAINTIFF did not RECEIVE ANY RESPONSE NOR WAS the August 6 2020 CDCR
14 GA-22 FORM RETURNED to PLAINTIFF

15 42) PLAINTIFF CONTINUES to RECEIVE PSYCHOTROPIC MEDICATION AS A RESULT OF the
16 DEPRIVATION OF HIS DURABLE MEDICAL EQUIPMENT (DME) CERVICAL PILLOW.

17 43) CDCR PHYSICIAN At CTF INFORMED PLAINTIFF that HE BELIEVES PLAINTIFF
18 HAS A PINCHED NERVE IN HIS SPINE

19 44) PLAINTIFF HAS EXHAUSTED All ADMINISTRATIVE REMEDIES OR STATUTORY
20 REQUIREMENTS AS ARE AVAILABLE to PLAINTIFF

21
22
23
24
25
26
27
28

i

2

3

4

5

6

Count One — Violation Of Civil Rights
42 USC 12132 Americans With Disabilities
Act By Plaintiff Against Defendants T. Reynolds
A. Chavarria, J. Woods, CDCR, And Does 1 Through
26 Inclusive

7 45) Plaintiff Hereby incorporate and alleges in Paragraphs 1-44 of this
8 Complaint as Fully Set forth at this place

9 46) In Committing the Acts And Omissions Set Forth in Paragraphs 1-44 of
10 this Complaint the Plaintiff alleges that Between and during January 7, 2020
11 Through And including February 10 2022 the defendants unlawfully Seized
12 Plaintiff Durable Medical Equipment (DME) Cervical Pillow and deprived Plaintiff
13 of The Major Life Activity of Sleep in Violation of Title II of the Americans
14 with disabilities Act through Actions that Were not Privileged and Were not
15 Reasonably Related to Any Legitimate Penological Goal or Interest.

16 47) By defendants Conduct Plaintiff was discriminated against and deprived of
17 Rights Privileges Advantages Activities and immunities Secure to Him by the
18 Americans with Disabilities Act And Laws Enacted there under

19 48) As a Result of the Aforesaid Acts and Omissions of defendants Plaintiff Has
20 Become Mentally upset distressed and agravated. By Reasons Afore described Acts
21 And omissions of defendants Plaintiff Suffered Numerous injuries including But not
22 Limited to Agonizing Head, Neck, Back, Arm, and leg pain ; Sleep deprivation, Poor
23 Concentration, and Anxiety. All Of which Have Caused and Continue to Cause
24 Plaintiff great mental Physical Emotional and Nervous Pain And Suffering

25 49) Plaintiff is informed and Believes and on this information and belief alleges that
26 the Seizure of his Durable Medical Equipment Cervical Pillow Has resulted in a
27 Pinched Nerve, unnecessary Progressive deterioration and damage to Plaintiff
28 Cervical Thoracic And lumbar Spine. Plaintiff Claims Compensatory Damages To be

1 PROVEN AT TRIAL

2 50) THE AFOREMENTION ACTS OF DEFENDANTS WERE WILLFUL, WANTON, MALICIOUS, OPPRESSIVE,
3 CRUEL, INTENTIONAL, DISCRIMINATORY AND DONE WITH RECKLESS INDIFFERENCE TO AND
4 CALLOUS DISREGARD FOR PLAINTIFF RIGHTS AND JUSTIFY AN AWARD OF EXEMPLARY
5 PUNITIVE DAMAGES TO BE PROVEN AT TRIAL
6

7 COUNT TWO VIOLATION OF CIVIL RIGHTS
8 42 USC 1983 EIGHTH AMENDMENT-DELIBERATE INDIFFERENCE
9 BY PLAINTIFF AGAINST DEFENDANTS T.REYNOLDS A CHAVARRIA J WOODS
10 CDCR AND DOES 1 THROUGH 20 INCLUSIVE
11

12 51) PLAINTIFF HEREBY INCORPORATE AND ALLEGES IN PARAGRAPHS 1-44 OF THIS COMPLAINT AS
13 FULLY SET FORTH AT THIS PLACE

14 52) IN COMMITTING THE ACTS AND OMISSIONS SET FORTH IN PARAGRAPHS 1-44 OF THIS COMPLAINT
15 THE PLAINTIFF ALLEGES THAT ON JANUARY 7 2020 THE DEFENDANTS WERE DELIBERATELY
16 INDIFFERENT TO PLAINTIFF SERIOUS MEDICAL NEEDS WHEN THEY DISREGARDED CDCR'S
17 REGULATIONS AND GUIDELINES AND UNLAWFULLY SEIZED PLAINTIFF DURABLE MEDICAL
18 EQUIPMENT (DME) CERVICAL PILLOW IN VIOLATION OF THE UNITED STATES CONSTITUTION'S
19 EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAUSE THROUGH ACTIONS THAT WERE NOT
20 PRIVILEGED AND WERE NOT REASONABLY RELATED TO ANY LEGITIMATE PENOLOGICAL GOAL OR
21 INTEREST

22 53) BY DEFENDANTS CONDUCT PLAINTIFF WAS DEPRIVED OF RIGHTS PRIVILEGES ADVANTAGES AND
23 IMMUNITIES SECURE TO HIM BY THE EIGHTH AMENDMENT OF THE UNITED STATES
24 CONSTITUTION AND LAWS ENACTED THERE UNDER

25 54) AS A RESULT OF THE AFORESAID ACTS AND OMISSIONS OF DEFENDANTS PLAINTIFF HAS BECOME
26 MENTALLY UPSET DISTRESSED AND AGGRAVATED. BY REASONS AFOREDESCRIBED ACTS AND
27 OMISSIONS OF DEFENDANTS PLAINTIFF SUFFERED NUMEROUS INJURIES INCLUDING BUT NOT LIMITED
28 TO AGONIZING HEAD NECK BACK ARM AND LEG PAIN; SLEEP DEPRIVATION POOR CONCENTRATION

1 And ANXIETY, All OF WHICH HAVE CAUSED AND CONTINUE to CAUSE PLAINTIFF GREAT

2 MENTAL PHYSICAL EMOTIONAL AND NERVOUS PAIN AND SUFFERING

3 55) PLAINTIFF IS INFORMED AND BELIEVES AND ON THIS INFORMATION AND BELIEF ALLEGES

4 that the UNLAWFUL SEIZURE OF HIS DURABLE MEDICAL EQUIPMENT (DME) CERVICAL PILLOW HAS

5 RESULTED IN A PINCHED NERVE UNNECESSARY PROGRESSIVE deTERIORATION AND damage to

6 PLAINTIFF CERVICAL, THORACIC, AND LUMBAR SPINE. PLAINTIFF CLAIMS COMPENSATORY

7 damages to be PROVEN AT TRIAL

8 56) THE AFOREMENTIONED ACTS OF defendants WERE WILLFUL, WANTON, MALICIOUS, OPPRESSIVE

9 CRUEL, INTENTIONAL, discriminatory AND done with RECKLESS INDIFFERENCE to AND CALLOUS

10 disregard FOR PLAINTIFF RIGHTS AND JUSTIFY AN AWARD OF EXEMPLARY PUNITIVE

11 damages to be PROVEN AT TRIAL

12

13          COUNT THREE    Negligence

14             By PLAINTIFF AGAINST All DEFENDANTS

15

16 57) PLAINTIFF HEREBY INCORPORATES AND ALLEGES PARAGRAPHS 1-44 OF THIS

17 COMPLAINT AS FULLY SET FORTH HERE IN

18 58) IN COMMITTING THE ACTS AND OMISSIONS SET FORTH IN PARAGRAPHS 1-44 OF THIS

19 COMPLAINT THE PLAINTIFF ALLEGES AS A direct AND LEGAL RESULT OF THE defendants

20 Negligent disregard FOR CDCR'S STRICT REGULATIONS AND GUIDELINES, PLAINTIFF

21 SUFFERED AGONIZING HEAD NECK BACK ARM AND LEG PAIN; SLEEP depravation

22 POOR CONCENTRATION AND ANXIETY. All OF WHICH INJURIES HAVE CAUSED AND

23 CONTINUE to CAUSE PLAINTIFF GREAT MENTAL PHYSICAL EMOTIONAL AND NERVOUS

24 PAIN AND SUFFERING

25 59) PLAINTIFF IS INFORMED AND BELIEVES AND ON THIS INFORMATION AND BELIEF ALLEGES

26 that the deprivation OF HIS DURABLE MEDICAL EQUIPMENT (DME) CERVICAL Pillow

27 HAS RESULTED IN A PINCHED NERVE, UNNECESSARY PROGRESSIVE deTERIORATION AND

28 damage to PLAINTIFF CERVICAL THORACIC AND LUMBAR SPINE AND AS A RESULT OF

1 these injuries Plaintiff has Suffered general damages

2 60) as a further direct and legal result of the negligence of defendants and

3 each of them, Plaintiff will incur medical and related expenses

4 61) the defendants and all of them have denied and continue to deny Plaintiff

5 a "MRI" in order that Plaintiff discover the full extent of Plaintiff

6 injuries. Plaintiff does not know at this time the exact amount of

7 expenses that will be incurred in the future.

8 Wherefore Plaintiff prays for Judgment against defendants as here in

9 Set forth

10

11 Count Four Failure To discharge

12 Mandatory duty Civil Code 1427 liability

By Plaintiff Against All Defendants

13

14 62) Plaintiff hereby incorporates and alleges paragraphs 1-44 of this

15 complaint as fully set forth here in

16 63) in committing the acts and omissions set forth in paragraphs 1-44 of

17 this complaint the Plaintiff alleges that the defendants and each of them

18 had a non discretionary duty to allow Plaintiff to maintain possession of

19 his durable medical equipment (DME) Cervical Pillow while transfering

20 from one facility to another. And as the direct and legal result of the

21 breach of that non discretionary duty Plaintiff suffered agonizing head

22 neck back arm and leg pain; sleep deprivation, poor concentration and

23 anxiety all of which caused and continues to cause Plaintiff great mental

24 physical emotional and nervous pain and suffering

25 64) Plaintiff is informed and believes and on this information and belief alleges

26 that the deprivation of his durable medical equipment cervical pillow resulted in a

27 pinched nerve unnecessary progressive deterioration and damage to Plaintiff

28 cervical thoracic and lumbar spine and as a result of these injuries Plaintiff

1    ON ALL COUNTS

2 (10)  FOR COST OF SUIT INCURRED : And

3 (11)  FOR SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY deem PROPER

4

5

6    RESPECTFULLY SUBMITTED _____

7                           MORIANO MILLARE J19886

8                           PLAINTIFF IN PRO SE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 HAS SUFFERED GENERAL DAMAGES

2 (5) AS A FURTHER DIRECT AND LEGAL RESULT OF THE DEFENDANTS AND ALL OF THEIR

3 BREACH OF NON DISCRETIONARY DUTY PLAINTIFF WILL INCUR MEDICAL AND RELATED

4 EXPENSES

5 (6) THE DEFENDANTS AND ALL OF THEM HAVE DENIED AND CONTINUE TO DENY PLAINTIFF

6 A "MRI" INORDER THAT PLAINTIFF DISCOVER THE FULL EXTENT OF PLAINTIFF INJURIES.

7 PLAINTIFF DOES NOT KNOW AT THIS TIME THE EXACT AMOUNT OF EXPENSES THAT WILL BE

8 INCURRED IN THE FUTURE.

9 WHEREFORE PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS AND EACH OF THEM AS

10 FOLLOWS:

11

12 <u>ON THE FIRST COUNT AND SECOND COUNT</u>

13 (1) ISSUE AN INJUNCTION ORDERING THE DEFENDANTS OR CO DEFENDANTS TO PROVIDE PLAINTIFF

14 A DEFINITIVE PHYSICIANS DIAGNOSIS RELATIVE TO PLAINTIFF CERVICAL THORACIC AND LUMBAR

15 SPINE CONDITION /INJURIES

16 (2) GENERAL DAMAGES TO BE PROVEN BY A JURY

17 (3) COMPENSATORY DAMAGES TO BE PROVEN BY A JURY

18 (4) PUNITIVE EXEMPLARY DAMAGES TO BE PROVEN BY A JURY

19 (5) THAT THE COURT GRANT JURISDICTION

20

21 <u>ON THE THIRD COUNT AND FOURTH COUNT</u>

22 (6) FOR GENERAL DAMAGES ACCORDING TO PROOF

23 (7) FOR MEDICAL AND RELATED EXPENSES ACCORDING TO PROOF

24 (8) FOR AN INJUNCTION ORDERING THE DEFENDANTS OR CO-DEFENDANTS TO PROVIDE

25 PLAINTIFF A DEFINITIVE PHYSICIANS DIAGNOSIS RELATIVE TO PLAINTIFF CERVICAL THORACIC AND LUMBAR SPINE

26 CONDITION /INJURIES

27 (9) FOR INTEREST AT THE LEGAL RATE ACCORDING TO PROOF

28

1 MORIANO MILLARE J14886

2 CORRECTIONAL TRAINING FACILITY

3 PO BOX 689

4 Soledad CA 93960

5

6 PLAINTIFF IN PRO SE

7

8

9

10

11 MORIANO MILLARE

12     PLAINTIFF

13 V,

14 T, REynolds

15 A. CHAVARRIA

16 And J woods

17    DEFENDANTS

18

19 I MORIANO MILLARE # J14886 AND THE PLAINTIFF IN THE ABOVE CAUSE OF ACTION

20 AND DO HEREby declARE UNDER THE PENALTY OF PERJURY AND THE LAWS OF THE STATE

21 OF CALIFORNIA THAT THE PARAGRAPHS NUMBERED 1 — 66 IN THE SECOND AMENDED

22 COMPLAINT STATE FACTS ARE BASED UPON MY PERSONAL KNOWLEDGE AND STATED

23 ON INFORMATION AND BELIEF Executed this 25th Day of APRIL 2022

24 By MORIANO MILLARE

25      PLAINTIFF IN PRO SE

26

27

28

SUPERIOR COURT OF CALIFORNIA IN AND

FOR THE COUNTY OF SAN JOAQUIN

STK CV LPI 2020 8820

PLAINTIFF DECLARATION
SECOND AMENDED COMPLAINT

JUdge: HONORABLE BARBARA A KRONLUND

Action Filed: OCTOBER 19 2020

depARTMENT: 10 D

<u>Superior Court Of The State Of California</u>
<u>for the County Of San Joaquin</u>

Mariano Millare
    Plaintiff

V.

T. Reynolds,
A Chauarria
And J Woods
    defendants

<u>STK CV LPI 2020 8820</u>
<u>Proof Of Service By Mail</u>

I AM A CITIZEN OF THE United States And A Resident In The State Of California. Im Currently Incarcerated In A California State Prison. I Am Over The Age Of 18 years And A Party to the with In Action. I Served the following documents to Each of the persons Named Below At the addresses shown By Placing A True Copy in a Sealed Envelope with Postage Fully Prepaid in the U.S. mail At the Institutional Mail Room

<u>Documents</u>: Second Amended Complaint for damages With Declaration
<u>Parties Served</u>:

Superior Court Of California
County Of San Joaquin
180 E. Weber Ave
Stockton CA 95202

Office Of The Attorney General
Attn Theodore Lee
455 Golden Gate Ave Suite 11000
San Francisco CA 94102-7004

I declare Under Penalty Of Perjury the Above Statements are True And Correct. This Document Executed on the 25th day of April 2022 in the City of Soledad California By mariano millare _____

EXHIBIT    A

CERVICAL, THORACIC, AND LUMBAR
SPINE   X RAYS

 **HEALTH CARE SERVICES**

Deuel Vocational Institution

Name:
DOB:
Exam Name:

MORIANO MILLARE
08/04/1974
XR CERVICAL SPINE 3 VWS |
72040

Patient ID:    11732928
Secondary ID: J19886

Primary Care Provider: H. Win, MD
Ordering Provider:    H. Win, MD

Exam Date:    12/02/2016 09:33 AM

CLINICAL INDICATION: CHRONIC PAIN TO C-T-L SPINES
COMPARISON: None
TECHNIQUE: Routine technique

FINDINGS:

There is no evidence for a fracture or dislocation.

Severe degenerative disc changes are present from C3-4 through C7-T1.

There is no evidence for retropharyngeal soft tissue swelling. The odontoid is
intact and the spinous processes and lateral masses are within normal limits.

IMPRESSION:

SEVERE MULTILEVEL CERVICAL SPONDYLOSIS

Report Electronically Signed by: B Troup MD
Report Electronically Signed on: 12/02/2016 11:32 AM

 **HEALTH CARE SERVICES**

Deuel Vocational Institution

Name: MORIANO MILLARE
DOB: 08/04/1974
Exam Name: XR THORACIC SPINE-2 VWS |
72070
Primary Care Provider: H. Win, MD
Ordering Provider: H. Win, MD

Patient ID: 11732928
Secondary ID: J19886

Exam Date: 12/02/2016 09:39 AM

EXAMINATION: THORACIC SPINE 2 VIEWS

CLINICAL HISTORY: Pain.

COMPARISON: None

FINDINGS: The vertebral bodies appear to be intact. There are no fractures or subluxations. No paraspinal masses are seen. The pedicles are intact.

Mild multilevel degenerative disc spurring is present within the thoracic spine.

IMPRESSION: Mild multilevel thoracic spondylosis.

Report Electronically Signed by: B Troup MD
Report Electronically Signed on: 12/02/2016 11:32 AM

 HEALTH CARE SERVICES

Deuel Vocational Institution

Name: MORIANO MILLARE
DOB: 08/04/1974
Exam Name: XR LUMBAR SPINE-4 VWS |
72110
Primary Care Provider: H. Win, MD
Ordering Provider: H. Win, MD

Patient ID: 11732928
Secondary ID: J19686

Exam Date: 12/02/2016 09:33 AM

CLINICAL INDICATION: CHRONIC C-T-L-SPINE PAIN
COMPARISON: 2014
TECHNIQUE: 3 views

FINDINGS: The gross alignment of the spine is within normal limits. The
heights of the vertebral bodies are normal. The pedicles and transverse
processes are intact. No destructive osseous lesions are seen.

The visualized portions of the sacroiliac joints are unremarkable.

Mild degenerative disc changes are present at L5-S1 with minimal degenerative
disc changes at L3-4 and L4-5. No significant change.

IMPRESSION:

MILD MULTILEVEL LOWER LUMBAR SPONDYLOSIS

Report Electronically Signed by: B Troup MD
Report Electronically Signed on: 12/02/2016 11:32 AM

Page 3 of 3

http://synrisprod.cphcs.ca.gov/Reports/printReportCustom.aspx?acc=438293

12/14/2016

# EXHIBIT B

## APPEAL Tu-N-20-00008

13 PAGES

DATE IN CALIFORNIA
RECEIVED WITH USE APPEAL
CDCR 602 (REV 08/09)

USE USE ONLY

Grate Accepted   Log #:
DVI-X-20-00459

Category:
5

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, policy, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15 Section (CCR) 3084.1. You must send the appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.

**FOR STAFF USE ONLY**

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name & Last, First | CDC Number | Unit/Cell Number | Assignment |
|---|---|---|---|
| MILLARE, MORIANO | J19486 | 8 WING 107 | |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

PROPERTY — MEDICAL APPLIANCE (CERVICAL PILLOW)

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):

I WAS TRANSFERED to CTF FROM DVI ON JANUARY 7 2020. BEFORE BATH'S SHACKLED AM ASSIGNED A SEAT ON THE BUS I HANDED A FEMALE TRANSPORTATION OFFICER

B. Action requested (If you need more space, use Section B of the CDCR 602-A):

① RETURN CERVICAL PILLOW
② PROVIDE EQUIVALENT SUBSTITUTE UNTIL CERVICAL PILLOW IS RETURNED

Supporting Documents: Refer to CCR 3084.3.

☐ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

☐ No, I have not attached any supporting documents. Reason :

RECEIVED
JAN 1 3 2020
CTF Appeals
AV

RETURNED TRANSPORTATION
FEB 2020
UNIT APPEALS

Inmate/Parolee Signature: _____   Date Submitted: JAN 9 2020

☐ By placing my initials in this box, I waive my right to receive an interview.

JAN 2 4 2020
CTF APPEALS OFFICE

**First Level - Staff Use Only**

Appeal has been:

☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction)   Date: 1/13/20   Date: 1/21/20   Date: _____   Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the First Level of Review.

Assigned to: C. Shepphard   Title: LT.   Date Assigned: 3/5/20   Date Due: 4/1/20

Level Responder. Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: 3-13-20   Interview Location: Telephonic Interview

Appeal Issue is: ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other:

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: S. Manuel   Title: _____   Signature: _____

Reviewer: John Herrera   Title: Chief   Signature: _____   Date completed: 3/30/20

Accepted by AC: _____ 3/30/20   State wide Trans   John Herrera

AC: Use Only
Date mailed/delivered to appellant 4 / 1 / 20

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (REV. 03/12)

TU-N-20-00008
DEPARTMENT OF CORRECTIONS AND REHABILITATION

IAB USE ONLY    Institution: _____ Facile Region: _____    Log #: _____    Category: _____    Side 1

DW-x-20-00459    5

FOR STAFF USE ONLY

A ttach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First)
MILLARE   MORIANO

CDC Number    Unit/Cell Number:    Assignment:
J19886        BWING   107

A.   Continuation of CDCR 602, Section A only (Explain your issue) : A   BAg   Which
CONTAINed   my   medical   APPliANce   (CeRVICAL   Pillow),
The   FemAle   oFFiceR   WRoTe   my   NAMe   ANd   CDCR
NumBeR   oN   the   BAg.   WheN   I   ARRived   At   CTF,
my   CeRVICAL   PILLOW   WAS   NoT   iNcluded   with   the
PRoPeRTY   I   WAS   PRovided.   I   HAVe   NoTHiNg   to
SuPPoRT   my   Neck   While   LAyiNg   doWN   Which
iNTeRfeRes   with   my   Sleep   ANd   CAuses   SeVeRe   PAiN
iN   my   HeAd   Neck   ANd   BACk.

RECEIVED
JAN 13 2020
CTF Appeals

STAFFE'S TRANSFORMATION
FEB 2020
UNIT APPEALS

nmate/Parolee Signature: _____    Date Submitted: JAN 9 2020    JAN 24 2020

B.   Continuation of CDCR 602, Section B only (Action requested): _____

state/Parolee Signature: _____    Date Submitted: _____

D. If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

I AM dissatisfied with the first level review because
I received a replacement cervical pillow after
35 day deprivation

Inmate/Parolee Signature: _____  Date Submitted: 4 · 20 · 2020

**E. Second Level - Staff Use Only**

Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:

☐ Bypassed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____  Interview Location: _____

Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ (Print Name)  Title: _____  Signature: _____  Date completed: _____

Reviewer: _____ (Print Name)  Title: _____  Signature: _____

Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant __/__/__

F. If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

Inmate/Parolee Signature: _____  Date Submitted: _____

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____

See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant __/__/__

Request to Withdraw Appeal: I request that this appeal be withdrawn from further review because: State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature: _____  Date: _____

Print Staff Name: _____  Title: _____  Signature: _____  Date: _____

Ex 13 PG 3

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

Inmate/Parolee Signature: _____ Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

Inmate/Parolee Signature: _____ Date Submitted: _____

Ex "B" pg 4

Date:    March 30, 2020

To:      Millare, Moriano J-19886
         California Training Facility (CTF)
         Highway 101N
         Soledad, Ca 93960

Subject: FIRST LEVEL APPEAL RESPONSE
         APPEAL LOG NUMBER: TU-N-20-00008
         APPEAL ISSUE: TRANSPORT CONDITIONS
         APPEAL RESPONSE: GRANTED IN PART

This is the First Level Response (FLR) to your appeal dated January 09, 2020. You contend on January 7, 2020, you handed a female officer a bag which contained your cervical pillow while at Deuel Vocational Institution (DVI) and when you arrived at the Correctional Training facility (CTF), your pillow was not included with the property you received. You are requesting the following:

1. The return of your cervical pillow.
2. Provide a equivalent substitute until cervical pillow is returned.

A thorough review of your appeal was conducted, which included an interview with you, with a review of the following documents.

● Statewide Bus Schedule for the week of January 06, 2020
● Transfer Record (CDCR 135)
● Statewide Transportation Duty Log (CDCR 250)
● Property Transfer Receipt (CDCR 143)
● 7536 DME/Supply Receipt

A review of the Strategic Offender Management System (SOMS) revealed you did not have any reading comprehension issues, physical impairments, or cognitive functioning deficiencies, which require any assistance/accommodation/adaptive supports to establish effective communication. The questions asked by you and your responses to the questions asked during the interview process confirmed effective communication was accomplished.

On February 12, 2020, at approximately 1030 hours, Northern Transportation Hub (NTH) Correctional Lieutenant C. Shephard interviewed you via telephone. The telephonic interview occurred due to you being at CTF and Lieutenant Shephard being assigned to NTH located at DVI. The interview was to provide you the opportunity to fully explain your appeal and provide any additional supporting information or documents. You reiterated what was stated in the

$Ex''B''$
$pg 5$

appeal, confirmed you received an equivelant cervical pillow and asked for a return of your pillow.

All documents submitted by you have been considered and reviewed in accordance with departmental policies and institutional procedures. A review of the SOMS notes on January 7, 2020, you were transferred from DVI to CTF. NTH staff were interviewed regarding your claim and recalled taking possession of your cervical pillow. NTH staff also stated once they arrived to CTF, they relinquished your cervical pillow to the medical staff in Receiving and Release at CTF. This exchange was not documented. When you received your property at CTF, you did not receive your cervical pillow. A review of your CDCR 7536 Durable Medical Equipment and Medical Supply Receipt notes your cervical pillow was replaced on February 10, 2010, at CTF.

## Decision:

Your appeal is GRANTED IN PART at this Level of Review. Granted in that you received an equivalent cervical pillow on February 10, 2020. The portion denied is the cervical pillow you were transported with has not been located; therefore, it cannot be returned to you.

If you are dissatisfied with the FLR, you may appeal to the Second Level by following the directions on your appeal form.

JOHN L. HERRERA
Chief
Statewide Transportation Unit
Division of Adult Institutions

Ex B
pg 6



# BUS SCHEDULE LISTING

## WEEK OF: January 06, 2020



**SCHEDULE 'Q'**   SGT: T. REYNOLDS    C/O: A. CHAVARRIA    C/O: J. WOODS

| | | |
|---|---|---|
| MON | 01/06/20 NTH SQRC SOL CMF DVIRC | |
| TUE | 01/07/20 DVIRC CTF SVSP NKSPRC KVSP CSPWRC | **#1 R&R @ 0500** |
| WED | 01/08/20 CSPWRC NKSPRC ASP PVSP NKSPRC CSPWRC | R&R @ 0500 |
| THU | 01/09/20 CSPWRC NKSPRC SCC MCSP NTH | R&R @ 0500 |
| FRI | 01/10/20 TBD | |

**SCHEDULE 'R'**   SGT: M. PARIS    C/O: R. JIMENEZ    C/O: B. WHIPPER

| | | |
|---|---|---|
| MON | 01/06/20 TBD | |
| TUE | 01/07/20 NTH CCWFRC FWF NTH | |
| WED | 01/08/20 DVIRC VSP CSPC SATF NKSPRC CSPWRC | R&R @ 0500 |
| THU | 01/09/20 CSPWRC NKSPRC SOL CMF SQRC | R&R @ 0500 |
| FRI | 01/10/20 SQRC SAC FSP MCSP SCC NTH | R&R @ 0500 |

**SCHEDULE 'S'**   SGT: R. FERNANDES    C/O: J. FERRARIO    C/O: E. FERNANDEZ

| | | |
|---|---|---|
| MON | 01/06/20 TBD | |
| TUE | 01/07/20 DIVRC FSP SAC SOL CMF SQRC | **#3 R&R @ 0530** |
| WED | 01/08/20 SQRC CTF SVSP CMC-W CMC-E | R&R @ 0500 |
| THU | 01/09/20 CMC-E CMC-W LAC CRC CIMRC | R&R @ 0500 |
| FRI | 01/10/20 CIMRC NKSPRC VSP DVIRC | R&R @ 0500 |

**SCHEDULE 'T'**   SGT: T. DELESTINE    C/O: J. CHAVEZ    C/O: R. ROSAS

| | | |
|---|---|---|
| MON | 01/06/20 NTH SQRC HDSP CCC | |
| TUE | 01/07/20 CCC HDSP DVIRC | |
| WED | 01/08/20 DVIRC PBSP | R&R @ 0500 |
| THU | 01/09/20 PBSP NTH | R&R @ 0500 |
| FRI | 01/10/20 TBD | R&R @ 0500 |

$Ex$ " $B$ "
$F^{y}$

DISTRIBUTION PER INSTITUTION POLICY

The following identified persons will be transported this date

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## TRANSFER RECORD

**SCHEDULE: Q**

DATE: 01/07/2020

NUMBER TRANSFERRING: 1

FROM: DVI

TO: CTF

VIA:

VIA:

| No. | CDC Number | Name | Level | Housing | TB Code | Ethnic | Case Factor | Specific Transfer Reason | Comments |
|-----|-----------|------|-------|---------|---------|--------|-------------|--------------------------|----------|
| 1 | J19886 | MILLARE, MORIANO D. | 2 A C | 1-0100011 | 92 | BLA | CMSH | | NCF/DLT/GF/LB CCCMS |

PREPARED BY: G. HOWE

TITLE: CRT

SIGNATURE OF TRANSPORTING OFFICER

TITLE

SENDING INSTITUTION: DVI

Receipt of the above-named persons and of their records is acknowledged

INSTITUTION

SIGNATURE OR RECEIVING OFFICER

TITLE

INSTITUTION

Page

Patient Encounter Information

ENCON Information: Encounter Info: Patient Name: MORIANO MILLARE,BOB: 08/04/1974,,FIN:
1000000141173292BJ19888,Facility: CTF,Encounter Type: Institutional Encounter
Approved DME/Medical Supplies

DME Air Cell Cushion-High Profile (Roho): N/A
DME Air Cushion (for Wheelchair Seat): N/A
DME Air Cushion-Fall (Day/Geri Chair): N/A
DME Ankle Foot Orthoses/Knee Ankle Foot: N/A
DME Back Braces: N/A
DME Bone Growth Stimulators Electrical: N/A
DME Breast Pump: N/A
DME Bubble Humidifier: N/A
DME Burn Garment: N/A
DME Cane: Cane Permanent
DME Commode Chair: N/A
DME Compression Stockings: N/A
DME Continuous Passive Motion Lower: N/A
DME Continuous Passive Motion Upper: N/A
DME Crutches: N/A
DME Diabetic Supplies Monitors: N/A
DME Eyeglass Frames: N/A
DME Eyeglasses for Aphakia: N/A
DME Foot Orthoses: N/A
DME Hearing Aid: N/A
DME Hearing Impaired Disability Vest: N/A
DME Heel/Foot Protector: N/A
DME Helmet: N/A
DME Incontinence Supplies: N/A
DME Insulin Pump: N/A
DME Knee Braces: N/A
DME Mobility Impaired Disability Vest: Mobility Impaired Disability Vest Permanent
DME Sizer: N/A
DME CPAP: N/A
DME Ocular Conformers: N/A
DME Ostomy Supplies: N/A
DME Oxygen Concentrators: N/A
DME Pressure Reducing Support Services: N/A
DME Prosthetic Limbs Lower Extremity: N/A
DME Prosthetic Limbs Upper Extremity: N/A
DME Reading Glasses: N/A
DME Scleral Shell Contact Lenses: N/A
DME Sitz Bath: N/A
DME Spinal Orthoses: N/A
DME Standing Frames: N/A
DME Therapeutic Contact Lenses: N/A
DME Therapeutic Shoes/Orthotics: N/A
DME Toilet Seat Lift (Erector): N/A
DME Tracheostomy Care Supplies: N/A
DME Truss Hernia Support: N/A
DME Urologic Supplies: N/A
DME Vision Impaired Disability Vest: N/A
DME Voice Prosthesis Augmentative: N/A
DME Walkers: N/A
DME Wheelchair: N/A
DME Wound Care Dressings: N/A
DME Negative Pressure Wound Therapy: N/A
DME Wrist Support Brace: N/A
DME Other Options: Other Permanent
DME Other: Mobility Impaired Vest

cervical pillow

Durable Medical Equipment and Supply Receipt
7536 Description if Other DME/Supplies
7536 Quantity 1: 1
7536 Make 1: cervical pillow
7536 Date of Visit 02/10/20.

RECEIVED
FEB 10 2020
MEDICAL RECORDS

Man Miller  2/10/2020

Patient Name: MILLARE, MORIANO DEPORTS  CTF(Location:CTF C BW 1 : 107 : 107001L)  DOB / AGE / SEX: 09/04/74  45 Years Male
Admitting Physician:
Admission Date / ERN / Financial Num: 01/07/20  J19888  1000000141173292BJ19 : 2

Print Date: 02/10/20
Print Time: 09:41 PST
Printed By:Villanueva,
Christina LVN

STATE OF CALIFORNIA
**PROPERTY TRANSFER RECEIPT**
CDC-0143 ( Rev.: 02/00)

DEPARTMENT OF CORRECTIONS

*Sch* 

*1-7-2020*

| SENDING INSTITUTION/FACILITY | | | | | | | |
|---|---|---|---|---|---|---|---|
| DVI | | | | | | | |
| DESTINATION CTF | | | SCHEDULE Q | | | | |
| Inmate's Name | CDC Number | Number of Personal Property Boxes (6 cu ft Limit) | Television (Boxed) | Musical Instrument (If Boxed Separately) | Number of Active Legal Case Boxes | Total Number of Boxes | |
| [redacted] | [redacted] | [redacted] | | | | | |
| [redacted] | [redacted] | [redacted] | | | | | |
| [redacted] | [redacted] | [redacted] | | | | | |
| MILLARF | J19886 | 3 boxes | | | | | |
| [redacted] | [redacted] | [redacted] | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| **TOTAL** | | | | | | | |

| I HEREBY ACKNOWLEDGE TIME ACCURACY OF THIS DOCUMENT | SIGNATURE | PRINTED NAME B. AMMP? | DATE 1-6-20 |
|---|---|---|---|

**TRANSPORTATION**

| I HEREBY ACKNOWLEDGE THE RECEIPT OF THE ABOVE PROPERTY | SIGNATURE | PRINTED NAME E. CHAMPA | DATE 1-77-20 |
|---|---|---|---|

**ENROUTE TRANSPORTATION**

| I HEREBY ACKNOWLEDGE THE RECEIPT OF THE ABOVE PROPERTY | SIGNATURE | PRINTED NAME | DATE |
|---|---|---|---|

**RECEIVING INSTITUTION/FACILITY**

| I HEREBY ACKNOWLEDGE THE RECEIPT OF THE ABOVE PROPERTY | SIGNATURE Jeo 79 | PRINTED NAME Dew m Goe FFSx | DATE 1-7-20 |
|---|---|---|---|

DISTRIBUTION: Original: Sending Institution/Facility; Canary: Transportation Officer; Pink: Enroute Transportation Officer; Goldenrod: Receiving Institution/Facility

*6 > 15*
*Pg. 11*

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

Monday, January 13, 2020

MILLARE, J19886
C BW 1107001L

PROPERTY, , 01/13/2020
Log Number: CTF-S-20-00102
(Note: Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.)

The enclosed documents are being returned to you for the following reasons:

Be advised that your appeal has been forwarded to another CDCR unit for processing.

DVT.

☐ A. Lerma, OT (T)
☐ R. Monroy Jr
☐ E. Medina, AGPA
Appeals Coordinator
CTF

NOTE: If you are required to respond/explain to this CDCR Form 695, use only the lines provided below.

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

Pg 12

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Monday, January 27, 2020*

*MILLARE, J19886*
*C BW 1107001L*

PROPERTY, , 01/24/2020
Log Number: DVI-X-20-00459
(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.</u>)

The enclosed documents are being returned to you for the following reasons:

*Be advised that your appeal has been forwarded to another CDCR unit for processing.*

*Your appeal has been forwarded to the Inmate Appeals Office at Northern Transportation Unit to review for further processing.*

☐ J. Flores, Office Technician
☐ B. Cantu, Correctional Counselor II
☐ E. Casillas, Correctional Counselor II (A)
☐ L. Fernando, Appeals Analyst
Appeals Coordinator
DVI

NOTE: If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

_____

_____

_____

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

<u>NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED</u>

Exhil7
"B"
T3 13

EXHIBIT C

TREATMENTS

CERVICAL PILLOW REPLACED
PSYCHOTROPIC MEDICATIONS
PHYSICAL THERAPY
OVER THE COUNTER MEDICATIONS

## REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE

Initial RAP Meeting Date: 01/23/2020    Date IAC Received 1824: 1/22/2020    1824 Log Number: 20-00222

Inmate's Name: Millare, Moriano    CDCR#: J19686    Housing: C BW 107L

RAP Staff Present: ADAC AW T. Lemon; HCAU Captain C. Freeman; CP&S M. Sweet; Mental Health Representative Supervisor PSYCHOL. V. Martinez; Appeals Representative E. Medina; Education Representative K. Thompson; CCI R. Flores; Health Care Grievance Coordinator (A) M. Rojas; Health Care Compliance Analyst R. Catrina; HCAU OT N. Dalida

**Summary of Inmate's 1824 Request:** Inmate Millare states his cervical pillow was lost in his transfer to CTF. He states has severe multi-level compressions in his cervical spine which cause severe headaches, back/neck/shoulder pain and this interferes with his sleep and concentration. Inmate Millare is therefore requesting:

    A cervical pillow or equivalent to support his neck when lying down.

## Interim Accommodation:

☒ Accommodation provided: Inmate Millare was interviewed on January 22, 2020, during which time he verified that he has access to all programs, services, and activities. Inmate Millare was also advised that he can utilize ADA workers, as needed. He stated he had just seen his PCP and a new cervical pillow was ordered. Custody offered Inmate Millare an extra blanket pending RAP review to use as extra support until his cervical pillow arrives.

## RAP RESPONSE:

On January 23, 2020, your CDCR 1824 Reasonable Accommodation Request was reviewed by the Reasonable Accommodation Panel (RAP) wherein it was determined that your request has been granted. It was noted by the Health Care Representative that:

    You were evaluated by your PCP on January 21, 2020, in regards to your headaches, chronic cervical (neck), back and shoulder pain. You reported worsening pain with lying down which may be a contributing factor to your sleep and concentration complaints. Your PCP placed an order for a cervical pillow.

    The Mental Health (MH) Representative noted that you were recently evaluated by your primary MH clinician and Interdisciplinary Treatment Team (IDTT). IDTT addressed your current sleep concerns and anxiety surrounding your physical pain and you were recently prescribed Psychotropic medications. MH will continue to see you through routine scheduled contacts to focus on your sleep concerns, anxiety and other MH treatment areas.

    If you are dissatisfied or in disagreement with a health care decision or treatment plan, the remedy would be for you to file a blue CDCR 602 Health Care Grievance form.

## Direction if dissatisfied:

If you disagree with this decision and want to file an appeal, be sure to attach a copy of this response along with your CDCR 1824 as supporting documents. If you disagree with a health care decision made prior to or during the CDCR 1824 process, complete a blue CDCR 602 Health Care Grievance form. If you disagree with any other RAP decision, complete a green CDCR 602.

__AW T. Lemon__
**ADA Coordinator/Designee**

FEB 2 3 2020

**Date sent to inmate:**    FEB 0 5 2020

AGE 1 of 1

Signature

Exhibit "C"
Pg 1

RAP Response - rev 08-17-17 d...



# ᓄᎳᏣᎥᏡᎥᎶᏆᎥᎩᏆᎳᏤᏠᎳ
# HEALTH CARE SERVICES



## Institutional Level Response

Closing Date: APR 0 8 2020

To:         MILLARE, MORIANO (J19886)
            C BW 1107001L
            Correctional Training Facility
            P.O. Box 686
            Soledad, CA 93960-0686

Tracking #:  CTF HC 20000113

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | ADA ( Disagreement with RAP Decision ) | Cervical Pillow |

## INTERVIEW
On 3/9/2020, you were interviewed by M. Chua, Health Care Appeals Registered Nurse regarding this health care grievance. During the interview, you were allowed the opportunity to fully explain your health care grievance issue(s).

## INSTITUTIONAL LEVEL DISPOSITION

[X] No intervention.     [ ] Intervention.

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. These records indicate:

*   You are receiving continuing care for the management of chronic neck pain as determined medically necessary by your Primary Care Provider (PCP). You were evaluated by your PCP on 1/21/2020 for chronic neck and back pain. Your PCP noted your medical history, current symptoms and completed assessments. Your plan of care includes education regarding over the counter pain medications available at the canteen as needed for pain, stretching exercises, body mechanics, a consultation to physical therapy and routine order for a permanent cervical pillow. You received a cervical pillow on 2/10/2020 and signed a receipt. You are enrolled in the Chronic Care Program

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

Exhibit
" C "
P9 3

where your medical conditions and medication needs are closely monitored. Progress notes indicate there is a plan of care in place and your PCP has discussed this plan of care with you.

You disagree with the Reasonable Accommodation Panel (RAP) Response, 1824 Log Number 20-00222.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

S. Posson, D.O.
Chief Medical Executive
Correctional Training Facility

Reviewed and Signed Date

Note 1: The institutional level review is based on records available as of the date the institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

HEALTH CARE SERVICES

EXHibiT     D

INMATE PASS to R' AND' R

ONE PAGE

```
...............................................................................
         CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
OTRR314                 INMATE NON-PRIORITY PASS
```

| INMATE'S NAME | | CDC# | | HOUSING AREA/BED | |
|---|---|---|---|---|---|
| Milare, Moriano Deporis | | J19385 | | C_BW_1 - 1070031. | |
| ISSUED BY | ISSUE DATE | | APPT. DATE | | APPT. TIME |
| E. Seeley | 03/10/2020 | | 03/11/2020 | | 06:00 |
| APPT. LOCATION | TYPE / REASON | | | | |
| R & R | R&R Cther/R&R Other | | | | |
| ARRIVAL TIME: | RECORDED BY: | | | | |
| DEPART TO: | DEPART TIME: | | RECORDED BY: | | |

77B

$Ex.h.b.T$
$1 - 1$
$P31$

# EXHIBIT E

## GOVERNMENT CLAIMS RESPONSE

ONE PAGE

 GENERAL SERVICES

Governor Gavin Newsom

06/16/2020

Moriano Millare J19886
P.O. Box 689
Soledad, CA 93960

RE: Claim 20004453 for Moriano Millare J19886 against California Department of
Corrections and Rehabilitation (CDCR)

Dear Moriano Millare,

Government Claims Program (GCP) staff completed its investigation of your claim
and rejected it for the following reasons.

The claim involves complex issues that are beyond the scope of analysis and legal
interpretation typically undertaken by the GCP. Claims involving complex issues are
best determined by the courts. Therefore, staff did not make a determination
regarding the merit of the claim, and it is being rejected so you can initiate court
action if you choose to pursue this matter further.

If you choose to pursue court action in this matter, it is not necessary or proper to
include the GCP in your lawsuit unless the GCP was identified as a defendant in your
original claim. Please consult Government Code section 955.4 regarding proper
service of the summons.

If you have questions about this matter, please feel free to contact GCP by phone,
mail, or email using the contact information below. Please remember to reference
the assigned claim number (20004453) in your communication.

Sincerely,

Kelli Miyata, Program Analyst
Government Claims Program
gcinfo@dgs.ca.gov

WARNING: Subject to certain exceptions, you have only six (6) months from the
date this notice was personally delivered or deposited in the mail to file a court action
on this claim. See Government Code Section 945.6. You may seek the advice of an
attorney of your choice in connection with this matter. If you desire to consult an
attorney, you should do so immediately.

Exhibit E
Pg 1

EXHibit    F

June 19 2020    CDCR 22 Form

One Page

STATE OF CALIFORNIA
INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## SECTION A: INMATE/PAROLEE REQUEST

NAME (Print)    (LAST NAME)    (FIRST NAME)    CDC NUMBER:    SIGNATURE:

HOUSING/BED NUMBER:    ASSIGNMENT:

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:    HOURS FROM____ TO____    TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.)

METHOD OF DELIVERY (CHECK APPROPRIATE BOX)  **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☐ SENT THROUGH MAIL: ADDRESSED TO
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE)

RECEIVED BY, PRINT STAFF NAME    DATE:    SIGNATURE:    DATE MAILED: ____

IF FORWARDED – TO WHOM:    FORWARDED TO ANOTHER STAFF?    (CIRCLE ONE)    YES    NO

DATE DELIVERED/MAILED:    METHOD OF DELIVERY:    (CIRCLE ONE)   IN PERSON    BY US MAIL

## SECTION B: STAFF RESPONSE

RESPONDING STAFF NAME:    DATE:    SIGNATURE:

DATE RETURNED:

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

SIGNATURE:    DATE SUBMITTED:

## SECTION D: SUPERVISOR'S REVIEW

RECEIVED BY SUPERVISOR (NAME):    DATE:    SIGNATURE

DATE RETURNED

Distribution: Original - Return to Inmate/Parolee    Canary - Inmate/Parolee's 2nd Copy, Pink - Staff Member

EXHibit  G

K. STRICKLiN - GA 22 form

Two pAges

CPI STOCKTON

CELL NUMBER: 107L

RECEIVED FROM (PRINT NAME AND DATE): July 14 2020

FROM: B. WING

INSTITUTION/OFFICE/STAFF TO BE NOTIFIED: MILAGE

BADGE/ID NUMBER: 319886

CELL NUMBER: _____

FROM: _____ TO _____

ASSIGNMENT/HOURS: _____

FROM: _____ TO _____

Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

On April 20 2020 I returned Appeal TU-N.20-00008 to the Office Of Inmate Appeals for Second level Review. On June 19 2020 I submitted to the Office Of Inmate Appeals A CDCR form 22 And A CA-22 Inmate Request For Interview Requesting to Know When I Should Expect to Receive A Response Regarding the Appeal. As of July 14 2020 I Have

INTERVIEW: R.P. STOCKTON                    DATE: 7/20/20

**If you are looking for the correct course of action, you are requesting regarding your appeal you should be sent to the remote office of inmate grievance and appeals.**

Side - One

NOT RECEIVED A RESPONSE TO APPEAL IU·N·20·00008 NOR HAVE THE JUNE 19 2023
CDCR 22 OR CA·22 FORMS BEEN RETURNED to ME.
I RESPECTFULLY REQUEST FOR YOU to INQUIRE INTO THE WHERE ABOUTS OF
APPEAL TU·N·20·00008 AND PROVIDE ME WITH A TIME FRAME WHEN I
SHOULD EXPECT to RECEIVE THE APPEAL. THANK YOU.

Side Two

EXHIBIT "C"

Page 2 of 2

# EXHIBIT F

NO FEE PURSUANT TO GOVERNMENT CODE SECTION 6103

ROB BONTA
Attorney General of California
MARISA KIRSCHENBAUER
Supervising Deputy Attorney General
THEODORE G. LEE
Deputy Attorney General
State Bar No. 340700
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 229-0111
  Fax: (415) 703-5843
  E-mail: Theodore.Lee@doj.ca.gov
*Attorneys for Defendants California Department of
Corrections and Rehabilitation*

**Electronically Filed**
**Superior Court of California**
**County of San Joaquin**
**2022-07-27 17:06:17**
**Clerk: Mia Stipe**

**Demurrer**
**08/19/2022 09:00 AM in 10D**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN JOAQUIN

| | |
|---|---|
| **MORIANO MILLARE,**<br><br>          Plaintiff,<br><br>    v.<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILIATION and Does 1 through 20,**<br><br>          Defendants. | Case No. STK-CV-LPI-2020-8820<br><br>**DEFENDANT'S NOTICE OF DEMURRER AND DEMURRER TO SECOND AMENDED COMPLAINT**<br><br>Dept:     10D<br>Judge:    The Honorable Barbara A. Kronlund<br>Action Filed: October 19, 2020 |

    **TO THE COURT AND PLAINTIFF MORIANO MILLARE, *PRO SE*:**

    **PLEASE TAKE NOTICE** that Defendant California Department of Corrections and Rehabilitation (CDCR), at a date and time convenient for the Court, will demur to the Second Amended Complaint in its entirety under Code of Civil Procedure section 430.10, subdivision (e) and section 430.50, subdivision (a).[1] The hearing will take place in Department 10D of the

---

[1] The Office of the Attorney General only represents CDCR at this time. Although Plaintiff attempted to add three individual defendants to this lawsuit in his Second Amended Complaint, Plaintiff has not served these new defendants as of the filing of his demurrer. This demurrer is made solely on behalf of CDCR.

Superior Court, County of San Joaquin Courthouse at 180 E. Weber Avenue, Stockton, CA 95202-2709, before the Honorable Barbara A. Kronlund.

**Defendant will demur on the following grounds:**

1. The Court lacks subject matter jurisdiction over this case because Plaintiff's attached exhibit shows that he failed to exhaust administrative remedies against CDCR for its alleged violation of 42 U.S.C. section 12132 and the Eighth Amendment to the United States Constitution.

2. The Second Amended Complaint fails to state a cause of action for both federal claims because Plaintiff did not properly comply with the government claims process.

3. The Second Amended Complaint fails to state a cause of action under 42 U.S.C. 12132 because it pleads insufficient facts to show that CDCR discriminated against Plaintiff solely because of his disability.

4. CDCR is immune against any liability under 42 U.S.C. section 1983 for the alleged deliberate indifference to a serious medical condition.

5. The Second Amended Complaint improperly reasserts dismissed claims for negligence and failure to discharge a mandatory duty without alleging new facts in support.

The parties are not required to meet and confer under Code of Civil Procedure section 430.41, subdivision (d)(1). In accordance with Code of Civil Procedure section 1005, subdivision (b) and San Joaquin County Superior Court Civil Local Rule 3-113, CDCR requests a hearing on this motion on the following dates:

1. August 17, 2022
2. August 18, 2022
3. August 19, 2022

Defendant's Notice of Demurrer and Demurrer to Second Amended Complaint  (STK-CV-LPI-2020-8820)

1    CDCR also requests to appear remotely, through its counsel, under San Joaquin County

2    Superior Court Civil Local Rule 7-116, subdivision (A)(2).

3    The demurrer will be based on this notice of demurrer and demurrer, the accompanying

4    memorandum of points and authorities, and the Court's files in this matter.

5    Dated:  July 27, 2022                                    Respectfully submitted,

6                                                             ROB BONTA
                                                             Attorney General of California
7                                                             MARISA KIRSCHENBAUER
                                                             Supervising Deputy Attorney General
8

9

10                                                           */s/ Theodore Lee*
                                                             THEODORE G. LEE
11                                                           Deputy Attorney General
                                                             *Attorneys for Defendants*
12

13   SA2021306055
     83522235.docx
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NO FEE PURSUANT TO GOVERNMENT CODE SECTION 6103

1  ROB BONTA
Attorney General of California
2  MARISA KIRSCHENBAUER
Supervising Deputy Attorney General
3  THEODORE G. LEE
Deputy Attorney General
4  State Bar No. 340700
  455 Golden Gate Avenue, Suite 11000
5  San Francisco, CA  94102-7004
  Telephone:  (415) 229-0111
6  Fax:  (415) 703-5843
  E-mail:  Theodore.Lee@doj.ca.gov
7  *Attorneys for Defendants California Department of
Corrections and Rehabilitation*

**Electronically Filed**
**Superior Court of California**
**County of San Joaquin**
**2022-07-27 17:06:17**
**Clerk: Mia Stipe**

**Demurrer**
**08/19/2022 09:00 AM in 10D**

9        SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              COUNTY OF SAN JOAQUIN

| | |
|---|---|
| **MORIANO MILLARE,** | Case No. STK-CV-LPI-2020-8820 |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER** |
| **v.** | |
| **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILIATION and Does 1 through 20,** | Dept:     10D<br>Judge:    The Honorable Barbara A. Kronlund<br>Action Filed: October 19, 2020 |
| Defendants. | |

# TABLE OF CONTENTS

                                                                                    **Page**

Introduction ...................................................................................................... 7

Statement Of Facts .......................................................................................... 7

      I.      Procedural History. ............................................................... 7

      II.     The Second Amended Complaint. .......................................... 7

            A.     Factual Allegations. ................................................. 8

            B.     Legal Claims. ......................................................... 8

                 1.     Federal Law Claims. ..................................... 8

                 2.     State Law Claims. ......................................... 9

Standard on Demurrer ...................................................................................... 9

Argument ........................................................................................................ 10

      I.      The Court Lacks Jurisdiction Because Plaintiff Failed to Properly Exhaust. ........ 10

      II.     Plaintiff Did Not Comply with the Government Claims Process. ....................... 12

      III.    The Complaint Fails to State a Cause of Action for the Ada Violation. ............. 13

            A.     Allegations Pled Are Insufficient for a Viable ADA Claim. .................... 14

            B.     Plaintiff Is Not Entitled to Recover Damages for the Alleged ADA Violation. ....................................................... 15

      IV.    CDCR Is Immune from the Eighth Amendment Violation Claim. ..................... 16

      V.     Plaintiff's Improperly Re-Asserts Dismissed State Claims Against CDCR. ........ 17

Conclusion ...................................................................................................... 18

# TABLE OF AUTHORITIES

**Page**

CASES

*Abelleira v. Dist. Ct.App.*
(1941) 17 Cal.2d 280 ................................................................. 10, 11

*Armstrong v. Newsom*
No. C94-2307 CW ......................................................................... 8

*Ashcroft v. Iqbal*
(2009) 556 U.S. 662....................................................................... 16

*Black v. Dept. of Mental Health*
(2000) 83 Cal.App.4th 739............................................................. 14

*Blank v. Kirwan*
(1985) 39 Cal.3d 311 ................................................................. 9, 10

*Booth v. Churner*
(2001) 532 U.S. 731....................................................................... 11

*Building Permit Consultants, Inc. v. Mazur*
(2004) 122 Cal. App. 4th 1400........................................................ 9

*City of Canton v. Harris*
(1988) 489 U.S. 378....................................................................... 15

*City of San Jose v. Super. Ct.*
(1974) 12 Cal.3d 221 ..................................................................... 12

*Coble v. Ventura County Health Care Agency*
(2021) 73 Cal.App.5th 417............................................................. 12

*Duvall v. County of Kitsap*
(9th Cir. 2001) 260 F.3d 1124......................................................... 15

*Eaton v. Ventura Port Dist.*
(1975) 45 Cal.App.3d 862............................................................... 12

*Estelle v. Gamble*
(1976) 429 U.S. 97......................................................................... 16

*In re Dexter*
(1979) 25 Cal.3d 921 ..................................................................... 11

*In re Serna*
(1978) 76 Cal.App.3d 1010............................................................. 11

3

*Johnson v. Superior Court*
(1994) 25 Cal.App.4th 1564........................................................................ 18

*Leader v. Health Industries of America, Inc.*
(2001) 89 Cal.App.4th 603 ......................................................................... 17

*Manta Management Corp. v. City of San Bernardino*
(2008) 43 Cal.4th 400 ................................................................................. 16

*McAllister v. Los Angeles Unified School District*
(2013) 216 Cal.App.4th 1198 ..................................................................... 16

*Memmer v. Marin County Cts.*
(9th Cir. 1999) 169 F.3d 630 ...................................................................... 15

*Nelson v. State of Cal.*
(1982) 139 Cal.App.3d 72 ........................................................................... 12

*Plata v. City of San Jose*
(2022) 74 Cal.App.5th 736........................................................................... 12

*Porter v. Nussle*
(2002) 534 U.S. 516 ..................................................................................... 11

*Rakestraw v. Cal. Physicians' Service*
(2000) 81 Cal.App.4th 39............................................................................ 9, 10

*Roberts v. State of Cal.*
(1974) 39 Cal.App.3d 844 ........................................................................... 13

*Rojo v. Kliger*
(1990) 52 Cal.3d 65 ..................................................................................... 11

*State of Cal. v. Super. Ct.*
(2004) 32 Cal.4th 1234 ............................................................................... 13

*Tustin Plaza Partnership v. Wehage*
(1994) 27 Cal.App.4th 1557 ....................................................................... 18

*Weinreich v. Los Angeles County*
(9th Cir. 1997) 114 F.3d 976....................................................................... 14

*Will v. Mich. Dept. of State Police*
(1989) 491 U.S. 58....................................................................................... 16

*Wolfe v. Strankman*
(9th Cir. 2004) 392 F.3d 358 ["state agencies are also protected from suit under § 1983."].................................................................................................... 16

*Woodford v. Ngo*
(2006) 548 U.S. 81 ................................................................................................ 11

*Wright v. State of Cal.*
(2004) 122 Cal.App.4th 659 ................................................................................ 11

**STATUTES**

United States Code Title 42
§ 1983 ............................................................................................................ *passim*
§ 12132 ................................................................................................................ 14

Americans with Disabilties Act (ADA) ...................................................... *passim*

Code of Civil Procedure
§ 430.10, subd. (e) ................................................................................................ 9
§ 430.40, subd. (a) ................................................................................................ 7
§ 430.50, subd. (a) ................................................................................................ 9
§ 472b .................................................................................................................... 7
§ 1013, subd. (a) ................................................................................................... 7
§ 1427 .................................................................................................................... 8

Code of Federal Regulations Title 28
§ 35.152 (a)-(b) .................................................................................................... 14

Code of Regulations, Title 15
§ 3084.2, subd. (a)(1)-(4) ................................................................................... 11
§ 3085 .................................................................................................................. 11
§ 3999.392, subd. (b) ...................................................................................... 8, 14

**TABLE OF AUTHORITIES**
(continued)

**Page**

Government Code
  § 815, subds. (a)-(b) ......................................................................................... 17
  § 844.6, subd. (a)(2) ...................................................................................... 7, 17
  § 845.2 ............................................................................................................ 7, 17
  § 845.6 ............................................................................................................ 7, 17
  § 905.2 ................................................................................................................. 12
  § 905.2, subds. (a)-(d) ....................................................................................... 12
  § 910-911.4 .......................................................................................................... 12
  § 910, subd. (d) ................................................................................................... 12
  § 910, subd. (e) ................................................................................................... 12
  § 915-915.4 .......................................................................................................... 12
  § 945.4 ................................................................................................................. 12

United States Constitution
  Eighth Amendment .................................................................................... *passim*
  Eleventh Amendment ................................................................ 10, 16, 17, 18

Memorandum of Points and Authorities in Support of Demurrer (STK-CV-LPI-2020-8820)

**INTRODUCTION**

Plaintiff fails to state cognizable claims against Defendant California Department of Corrections and Rehabilitation (CDCR) for the third time. First, Plaintiff's attached exhibit shows that he did not exhaust administrative remedies on the new federal claims. Second, Plaintiff does not claim to have properly complied with the government claims process, another prerequisite to satisfy before filing suit. Third, the Second Amended Complaint fails to plead sufficient facts to support Plaintiff's Americans with Disabilities Act violation claim because the allegations do not show any discrimination based on Plaintiff's disability from CDCR. Fourth, CDCR is immune from any liability under 42 U.S.C. section 1983 for the alleged Eighth Amendment violation. Finally, the operative Complaint does not allege any new facts to support Plaintiffs' previously dismissed state law claims, which CDCR's immunities under the Government Code bar. Because Plaintiff has failed to state a cause of action against CDCR for the third time, the Court should sustain this demurrer without leave to amend and dismiss the case with prejudice.

**STATEMENT OF FACTS**

**I.   PROCEDURAL HISTORY.**

On June 14, 2022, the Court heard Defendant's demurrer to the First Amended Complaint and sustained it with leave to amend. In its June 20, 2022 order, the Court found that Defendant's immunities under Government Code sections 844.6, subdivision (a)(2), 845.2, and 845.6 barred Plaintiff's state law claims for negligence and failure to discharge a mandatory duty. (Order at 3–4.) The order set July 20, 2022 as the deadline for Plaintiff to file an amended complaint. (*Id.* at 5 [citing Code Civ. P. § 472b].)

**II.   THE SECOND AMENDED COMPLAINT.**

Although Plaintiff has not filed an amended complaint with the Court to date, he served a copy of the Second Amended Complaint to Defendant's counsel on June 22, 2022.[1]

---

[1] CDCR construes the deadline to respond to the Second Amended Complaint as July 27, 2022, based on the date of Plaintiff's service. (See Code Civ. P. § 430.40, subd. (a); Code Civ. P. § 1013, subd. (a).)

### A.   Factual Allegations.

Plaintiff claims he is a mobility impaired class member of *Armstrong v. Newsom*, No. C94-2307 CW, a class action pending before the United States District Court, Northern District of California, with multiple medical conditions that allegedly cause him severe pain and discomfort. (Second Amended Complaint (SAC) at 4, ¶¶ 10–11.) Plaintiff contends that he received a durable medical equipment—a cervical pillow—to support his neck when lying down and a cane due to injuries to his legs. (*Id.*, ¶ 12.)

Plaintiff alleges that during his transport to Correctional Training Facility on January 7, 2020, an unnamed female transportation officer seized his cervical pillow in violation of institutional operational policy and California Code of Regulations Title 15, section 3999.392, subdivision (b). He contends both permitted him to keep his durable medical equipment during transports. (SAC at 4–5, ¶¶ 13–16.) After reporting pains and discomfort from not having the pillow, Plaintiff received various medical services, including a replacement pillow on February 10, 2020. (*Id.* at 5, ¶¶ 18–22.) Plaintiff states that he continued to have medical issues related to the alleged seizure of his cervical pillow on January 7, 2020 and received medication. (*Id.* at 7, ¶ 42.)

### B.   Legal Claims.

Plaintiff asserts that CDCR is liable for: (1) disability-based discrimination in violation of the federal Americans with Disabilities Act (ADA), (2) deliberate indifference to a serious medical condition in violation of the Eighth Amendment, (3) negligence, and (4) failure to discharge a mandatory duty in violation of Civil Code section 1427. (SAC at 8–11.)

#### 1.   Federal Law Claims.

Plaintiff claims that from January 7 to February 10, 2020, CDCR improperly denied Plaintiff of his cervical pillow in violation of the ADA, and that he suffered sleep deprivation and other medical conditions because of it. (SAC at 8, ¶¶ 45–46.) Plaintiff alleges that the deprivation caused him to "become mentally upset[,] distressed[,] and [aggravated]." (*Id.*, ¶ 48.) He further contends that he suffered, "agonizing head, neck, back, harm, and leg pain; sleep deprivation,

poor concentration, and anxiety." (*Id*.) Plaintiff alleges that "the seizure of his durable medical equipment cervical pillow has resulted in a pinched nerve, unnecessary progressive deterioration and damage to Plaintiff[']s cervical thoracic and lumbar spine." (*Id*., ¶ 49.)

Plaintiff alleges the same injuries in support of his Eighth Amendment claim. (SAC at 9–10.) Plaintiff also adds that CDCR showed deliberate indifference to his serious medical needs "when [it] disregarded CDCR's regulations and guidelines and unlawfully seized Plaintiff['s] durable medical equipment [] cervical pillow," which he believes violated the Eighth Amendment. (SAC at 9, ¶ 52.)

**2.** **State Law Claims.**

Plaintiff contends that CDCR's disregard for its regulations and guidelines equated to negligence, which allegedly caused the injuries associated with the federal law claims. (SAC at 10, ¶¶ 58–59.) Additionally, Plaintiff argues that Defendant had a mandatory duty to allow him to "maintain possession of his durable medical equipment [] cervical pillow while transfer[r]ing from one facility to another." (SAC at 11, ¶ 63.) He faults CDCR's failure to carry out this duty for causing the injuries associated with the federal law claims. (*Id*., ¶¶ 63–64.)

**STANDARD ON DEMURRER**

A party may object to a complaint by demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) A demurrer may be taken to the whole complaint or to any of its causes of action. (Code Civ. Proc., § 430.50, subd. (a).)

A demurrer tests the legal sufficiency of factual allegations in a complaint. (*Rakestraw v. Cal. Physicians' Service* (2000) 81 Cal.App.4th 39, 42.) In reviewing the sufficiency of a complaint against a general demurrer, the court accepts the truth of all well-pleaded facts but need not accept contentions, deductions, or conclusions of law or fact. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) The court also accepts as true the contents of any exhibits attached to the complaint, and the contents of an incorporated document will take precedence over and supersede any inconsistent or contrary allegations set out in the pleading. (*Building Permit Consultants, Inc. v. Mazur* (2004) 122 Cal. App. 4th 1400, 1409). The court may also consider matters outside the

9

pleading that are judicially noticeable. (*Blank v. Kirwan*, *supra*, 39 Cal.3d at 318.) The plaintiff must show the complaint alleges facts to establish every element of a cause of action. (*Rakestraw v. Cal. Physicians' Service*, *supra*, 81 Cal.App.4th at 43.) A demurrer is warranted if the complaint fails to plead or if the defendant negates any essential element of a cause of action. (*Ibid*.)

**ARGUMENT**

The Court should grant Defendants' demurrer and dismiss this case with prejudice. To start, the exhibit attached to his Second Amended Complaint confirms Plaintiff has not properly exhausted administrative remedies, which strips the Court of subject matter jurisdiction over the case. Second, Plaintiff's procedural failure to properly comply with the government claims act for his two federal claims means that he fails to state a cause of action for both claims. Third, the operative Complaint does not state a cause of action for either federal claim because it fails to plead any specific action by CDCR that constituted a disability-based discrimination. Fourth, CDCR is immune from all section 1983 liability under the Eleventh Amendment. Last, Plaintiff does not support his previously dismissed state law claims with new supporting facts; he instead relies on the same set of facts previously determined as inadequate. Plaintiff clearly cannot state a cause of action on any of the four claims against CDCR despite having ample opportunities to do so. The Court should sustain the demurrer and dismiss the case with prejudice.

**I.   THE COURT LACKS JURISDICTION BECAUSE PLAINTIFF FAILED TO PROPERLY EXHAUST.**

Plaintiff's own exhibit shows that he never presented his federal claims through the inmate appeals process, which did not comport with regulations governing state prisoners' exhaustion procedure. Plaintiff's failure to follow the pertinent regulations shows that he did not properly exhaust administrative remedies on both federal claims. Because proper exhaustion is jurisdictional, the Court must sustain this demurrer to dismiss the federal claims.

California law requires litigants to exhaust their administrative remedies prior to seeking judicial relief. (E.g., *Abelleira v. Dist. Ct.App.* (1941) 17 Cal.2d 280, 291–96.) The doctrine of exhaustion of administrative remedies requires that "where an administrative remedy is provided

10

by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." (*Id.* at p. 292.) Exhaustion requirement is jurisdictional. (*Wright v. State of Cal.* (2004) 122 Cal.App.4th 659, 665 [citing *Rojo v. Kliger* (1990) 52 Cal.3d 65, 85].)

The exhaustion rule applies to prisoners' suits. (*In re Dexter* (1979) 25 Cal.3d 921, 925 [citing *In re Serna* (1978) 76 Cal.App.3d 1010, 1014].) Exhaustion is mandatory, regardless of the administrative remedy scheme's ability to resolve prisoners' grievances. (*Booth v. Churner* (2001) 532 U.S. 731, 739–41.) Similarly, exhaustion is required irrespective to the issues or claims presented in the prisoner suit. (*Porter v. Nussle* (2002) 534 U.S. 516, 525–28.) Exhaustion must be proper, meaning "compliance with an agency's deadlines and other critical procedural rules . . . ." (*Woodford v. Ngo* (2006) 548 U.S. 81, 90, 93.)

Plaintiff claims that he exhausted administrative remedies for his claims asserted in the operative Complaint and offers a copy of his inmate appeal in support. (SAC at 7, 19–25.) On the contrary, he never properly exhausted his federal claims against CDCR. Mainly, Plaintiff's inmate appeal never discussed anything related to CDCR, including its role in the alleged cervical pillow seizure; instead, Plaintiff only discussed what an unidentified female officer did on January 7, 2020. (*Id.* at 20–23.) And nowhere in his inmate appeal did Plaintiff discuss how CDCR violated his rights under the ADA or the Eighth Amendment. In choosing to not allege facts about CDCR's involvement in the seizure or claims related to the ADA or the Eighth Amendment, Plaintiff did not sufficiently notice prison officials that he had any grievances against CDCR for its conduct related to the seizure. In turn, he failed the regulatory notice pleading standard. (See Cal. Code Regs., tit. 15, §§ 3084.2, subd. (a)(1)-(4), 3085 (2020).)

When Plaintiff limited the scope of the January 2020 inmate appeal to what an individual correctional officer did, he elected to seek relief only for that individual's conduct, despite having the option and ability to explain how CDCR is also liable. Plaintiff cannot belatedly assert his federal claims against CDCR by improperly bypassing the administrative remedies scheme that governed at all times relevant to this suit. Plaintiff failed to exhaust—a critical jurisdictional step. The Court must sustain this demurrer on that basis and dismiss the federal claims for lack of subject matter jurisdiction.

1    **II.    PLAINTIFF DID NOT COMPLY WITH THE GOVERNMENT CLAIMS PROCESS.**

2         Proper compliance with the government claims process, as required under the Government

3    Code, is another procedural step that Plaintiff has to allege in the Complaint. But judicially

4    noticeable records prove that Plaintiff never alerted the State that he sought compensation for

5    CDCR's alleged violation of either the ADA or the Eighth Amendment. Under controlling

6    authorities and judicially noticeable records, Plaintiff never presented his federal claims to the

7    State and sustaining the demurrer is proper.

8         California law requires presentation of claims for injuries to persons before filing lawsuits

9    against public entities. (Gov. Code §§ 905.2, 945.4; see also *Coble v. Ventura County Health*

10   *Care Agency* (2021) 73 Cal.App.5th 417, 421.) Claimants are to follow the statutorily defined

11   steps for claims presentation. (*Id.* §§ 905.2, subds. (a)-(d), 910-911.4, 915-915.4.) Among others,

12   the claimant must include a "general description of the . . . injury, damage, or loss incurred so far

13   as it may be known at the time of the presentation of the claim." (Gov. Code § 910, subd. (d).)

14   The claimant must also include the "name or names of the public employee or employees causing

15   the injury, damage, or loss, if known." (*Id.*, subd. (e).)

16        The claim presentation requirement exists "'to provide the public entity sufficient

17   information to enable it to adequately investigate claims and to settle them, if appropriate, without

18   the expense of litigation.'" (*Plata v. City of San Jose* (2022) 74 Cal.App.5th 736, 748 [quoting

19   *City of San Jose v. Super. Ct.* (1974) 12 Cal.3d 221, 225].) This procedure "is not simply an

20   exercise in paper work or a perfunctory condition precedent to instituting litigation," for "[t]here

21   must be compliance with the requirements of the statute which will permit the government to

22   make a meaningful decision in allowing or disallowing the claim." (*Eaton v. Ventura Port Dist.*

23   (1975) 45 Cal.App.3d 862, 867.) And "[i]f a plaintiff relies on more than one theory of recovery

24   against the state, each cause of action must have been reflected in a timely claim." (*Nelson v.*

25   *State of Cal.* (1982) 139 Cal.App.3d 72, 79.) Specifically, "the factual circumstances set forth in

26   the written claim must correspond with the facts alleged in the complaint; even if the claim were

27   timely, the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is

28   not fairly reflected in the written claim." (*Ibid.* [citations].) Failure to "allege facts demonstrating

or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." (*State of Cal. v. Super. Ct.* (2004) 32 Cal.4th 1234, 1239.)

Plaintiff states that he complied with the government claims process and offers a copy of the rejection letter in support (SAC at 6, 38–39.) However, relevant records show that he did not allege sufficient facts to alert the State that he sought compensation for claims related to the alleged ADA or the Eighth Amendment violation against CDCR. Namely, Plaintiff never discussed what role CDCR had in the cervical pillow seizure—much like he failed to do in his inmate appeal—and never alleged that CDCR had some regulation, policy, custom, or practice that enabled this seizure to occur. (See generally RJN Exhibit 2.) In fact, Plaintiff narrowed the liable parties to CDCR employees, thus excusing CDCR from liability. (*Id*. at 3.) By doing so, Plaintiff prevented the State from assessing whether CDCR would be exposed to any liability for alleged federal law violations if the State denied Plaintiff's claim, and whether the State should opt to settle the claim.

Plaintiff's failure to allege facts related to CDCR's role in the January 7, 2020 cervical pillow seizure in his government claims form contravened the long-recognized purpose of the government claims process. (See, e.g., *Roberts v. State of Cal.* (1974) 39 Cal.App.3d 844, 848 ["one of the purposes of the claim statute is to provide opportunity for orderly fiscal planning by advance knowledge of potential claims and to provide opportunity for the entity to rectify promptly a condition that resulted in injury and so prevent further losses."] [citations].) Without first presenting his federal claims to the State, Plaintiff cannot seek judicial remedies for them. Consequently, Plaintiff does not state a cause of action for his federal claims and the Court should sustain the demurrer on both.

### III.   THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR THE ADA VIOLATION.

The Complaint's allegations are insufficient to state a cause of action for the ADA violation. Plaintiff notably does not plead that CDCR discriminated against him solely based on his disability, a requisite element to a valid ADA claim. Plaintiff also does not factually support his requested relief for damages because he does not show CDCR's deliberate indifference in

1  providing him with reasonable accommodation. Sustaining the demurrer to the ADA claim is

2  justified.

3  **A.    Allegations Pled Are Insufficient for a Viable ADA Claim.**

4  State courts have concurrent jurisdiction of ADA claims. (E.g., *Black v. Dept. of Mental*

5  *Health* (2000) 83 Cal.App.4th 739, 744 n.4 [citation].) Under the ADA, state correctional

6  institutions may not discriminate based on disability by excluding individuals from participation

7  in or benefits of its services, programs, or activities. (42 U.S.C. § 12132; 28 C.F.R. § 35.152(a)-

8  (b) (2011).) "In order to prove a claim for discrimination under Title II of the ADA, a plaintiff

9  must show: (1) that he is a qualified individual with a disability; (2) he was either excluded from

10  participation in or denied the benefits of a public entity's programs, benefits or services; and (3)

11  the public entity's conduct occurred by reason of his disability." (*Black*, *supra*, p. 749 [citing 42

12  U.S.C. § 12132].) "[A] plaintiff proceeding under Title II of the ADA must . . . prove that the

13  exclusion from participation in the program was 'solely by reason of disability.'" (*Weinreich v.*

14  *Los Angeles County* (9th Cir. 1997) 114 F.3d 976, 978–79, *cert. denied* (1997) 522 U.S. 971.)

15  Plaintiff does not state a claim for ADA violation because he does not allege that CDCR

16  discriminated against him based on Plaintiff's disability. Assuming that Plaintiff meets the first

17  two prongs of the ADA analysis laid out in *Weinreich*,[2] Plaintiff does not allege sufficient facts

18  demonstrating how CDCR denied or excluded him from any benefits or services that it offers to

19  others "by reason" of his disability. The Complaint's allegations address only the unilateral act of

20  an unidentified officer who supposedly violated then-governing regulations and policies, without

21  implicating any other involvement that CDCR had in the seizure. (SAC at 4–5.) In fact, Plaintiff

22  defeats his own claim by acknowledging CDCR's regulation that allowed inmates with

23  disabilities to keep their durable medical equipment during transports. (SAC at 5, ¶ 16 [Cal. Code

24  Regs. tit. 15, § 3999.392, subd. (b).) Accordingly, Plaintiff does not factually support the ADA

25  violation claim against CDCR because he cannot point out any disability-based discrimination

26  from CDCR that led to his cervical pillow seizure.

27  ───────────────
   [2] CDCR does not concede that Plaintiff sufficiently alleged that he is a qualifying disabled
28  person under the ADA or that regulations allowing inmates to keep their durable medical
   equipment during transports was a service or benefit under the pertinent law or regulations.

14

**B.      Plaintiff Is Not Entitled to Recover Damages for the Alleged ADA Violation.**

Recovering damages under Title II of the ADA requires proving that a defendant intentionally discriminated against the plaintiff. (*Duvall v. County of Kitsap* (9th Cir. 2001) 260 F.3d 1124, 1138.) This in turn requires showing deliberate indifference. (*Ibid.*) "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood." (*Id.* at p. 1139 [citing *City of Canton v. Harris* (1988) 489 U.S. 378, 389.) The first element requires plaintiff to identify what "'specific reasonable' and 'necessary' accommodations that the defendant failed to provide." (*Ibid.* [citing *Memmer v. Marin County Cts.* (9th Cir. 1999) 169 F.3d 630, 633].) For the second element, "deliberate indifference does not occur where a duty to act may simply have been overlooked, or a complaint may reasonably have been deemed to result from events taking their normal course[]" that is "more than negligent, and involves an element of deliberateness." (*Ibid.* [citations].)

Plaintiff seeks to recover damages against CDCR for the alleged ADA violation. (SAC at 12.) This is clearly impermissible given that he failed to allege sufficient facts to show deliberate indifference attributable to CDCR. In his inmate appeal, Plaintiff requested California Training Facility to: "(1) [r]eturn cervical pillow" and (2) [p]rovide equivalent substitute until cervical pillow is returned." (SAC at 21.) Plaintiff concedes that prison officials partly granted the requested relief in providing a replacement.[3] (SAC at 5, ¶¶ 20, 22.) And as discussed earlier, nothing in the Second Amended Complaint discusses CDCR's role in the alleged seizure or the various services and benefits provided to Plaintiff thereafter.

The Complaint's allegations, including all exhibits, does not satisfy *Duvall*'s deliberate indifference standard. Plaintiff never discusses anything that CDCR did to deny him reasonable or necessary accommodation for his disability. Neither does he speak to what CDCR did or failed to do in considering what reasonable or necessary accommodation to provide to Plaintiff. In the

---

[3] The partial relief should have obviated this litigation. However, Plaintiff took issue with the time he waited for the replacement. (See SAC at 23 [I am dissatisfied with the first level review because I received a replacement cervical pillow after 35 days deprivation."].)

1  end, there is simply not enough facts alleged to show that Plaintiff is entitled to recover damages

2  under Title of the ADA.

3  **IV.  CDCR IS IMMUNE FROM THE EIGHTH AMENDMENT VIOLATION CLAIM.**

4         The Second Amended Complaint seeks to impute liability on CDCR for a violation of the

5  Eighth Amendment through 42 U.S.C. section 1983. This is impossible because CDCR, as a state

6  agency, is immune under the Eleventh Amendment from all section 1983 claims. And because

7  section 1983 does not recognize vicarious liability, Plaintiff cannot establish liability against

8  CDCR and the Court must sustain its demurrer to the section 1983 claim.

9         The Eighth Amendment proscribes deliberate indifference to prisoners' serious medical

10  needs. (*Estelle v. Gamble* (1976) 429 U.S. 97, 104.) Prisoners may seek judicial remedy for any

11  violation of their civil rights guaranteed under federal law. (42 U.S.C. § 1983; *McAllister v. Los*

12  *Angeles Unified School District* (2013) 216 Cal.App.4th 1198, 1207 [citing *Manta Management*

13  *Corp. v. City of San Bernardino* (2008) 43 Cal.4th 400, 406].) However, prisoners cannot sue

14  states because they are immune under the Eleventh Amendment and they are not a "'person'

15  within the meaning of § 1983 . . . ." (*Will v. Mich. Dept. of State Police* (1989) 491 U.S. 58, 65–

16  66.) Neither can prisoners hold state agencies liable under section 1983. (*McAllister*, *supra*, at p.

17  1207 ["an entity acting as an 'arm of the state,' . . . may not be considered a 'person' who may be

18  liable under section 1983."] [citations]; see also *Wolfe v. Strankman* (9th Cir. 2004) 392 F.3d 358,

19  364 ["state agencies are also protected from suit under § 1983."] [citation].) Finally, because there

20  is no vicarious liability in section 1983 claims, a plaintiff must plead that each government-

21  defendant has violated some federal rights by its own actions. (*Ashcroft v. Iqbal* (2009) 556 U.S.

22  662, 676.)

23         Plaintiff undoubtedly seeks judicial relief against CDCR under section 1983. (SAC at 9,

24  13.) But controlling authorities clearly establishes that it is immune from all section 1983 claims.

25  Relatedly, CDCR cannot be held vicariously liable for actions of others for the alleged deliberate

26  indifference to Plaintiff's serious medical needs.[4] There is nothing that Plaintiff can allege to

27

28         _____

           [4] CDCR does not concede that any of its employees violated Plaintiff's federal rights.

16

overcome Defendant's immunity under the Eleventh Amendment, which warrants sustaining the

demurrer to the section 1983 claim without leave to amend.

## V. PLAINTIFF'S IMPROPERLY RE-ASSERTS DISMISSED STATE CLAIMS AGAINST CDCR.

The Second Amended Complaint's negligence and failure to discharge a mandatory duty

claims are improper. CDCR previously demurred to them and the Court sustained it based on

CDCR's statutory immunities against injuries to prisoners from negligence or failure to discharge

a mandatory duty, among others. Thus, for Plaintiff to reassert these claims against CDCR, he had

to allege sufficient facts to overcome the statutory immunities. Plaintiff fails to do so in the

Second Amended Complaint, instead repeating the same facts already found as insufficient in

support of his state law claims. The Court should sustain the demurrer to the duly dismissed

claims without leave to amend.

The factual allegations in the Second Amended Complaint are identical to those in the

already dismissed First Amended Complaint.[5] Plaintiff once more asserts that a CDCR employee

improperly took away his cervical pillow, which supposedly went against existing regulation and

policy. (SAC at 5, ¶¶ 15–16.) Moreover, Plaintiff again fails to explain how CDCR is liable for

that alleged conduct. (See generally *id*.) At minimum, Plaintiff should have clarified whether

CDCR is directly or indirectly—or both—liable, along with identifying an applicable statutory

bases in support of that liability. (See Gov. Code § 815, subds. (a)-(b).) Instead, Plaintiff only

alleges the same set of facts that do not overcome statutory immunities that bar his state law

claims. (See Gov. Code §§ 844.6, subd. (a)(2); 845.2; 845.6.)

The Second Amended Complaint's factual allegations fail to overcome CDCR's statutory

immunities from the state law claims. Hence, the Court should sustain Defendant's demurrer to

the claims, for "it would be an 'absurd result' indeed to 'have the case reinstated based on the

same facts offered, but discarded, in the hearing on the request to dismiss.'" (*Leader v. Health*

---

[5] In dismissing the First Amended Complaint, the Court noted that Defendant enjoyed a wide array of statutory immunities against Plaintiff's claims. (Order at 3–4.) Notably, the Court acknowledged that Plaintiff could not impose direct or vicarious liability against Defendant for the injuries related to the cervical pillow seizure, because no statutory basis for liability existed. (*Id*.)

*Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 619–20 [quoting *Tustin Plaza Partnership v. Wehage* (1994) 27 Cal.App.4th 1557, 1566]; see also *Johnson v. Superior Court* (1994) 25 Cal.App.4th 1564, 1567 ["A demurrer is proper . . . where it discloses a defense that would bar recovery."].)

## CONCLUSION

Plaintiff's Second Amended Complaint does not state a cause of action against Defendant on any of the four claims. Plaintiff failed to exhaust administrative remedies and failed to comply with the government claims process. The allegations are insufficient to allege a valid ADA claim, as nothing shows that Defendant CDCR discriminated against Plaintiff because of his disability, or that Plaintiff is entitled to recover damages as result of such discrimination. The section 1983 claim fails because CDCR is immune under its Eleventh Amendment sovereign immunity. Finally, Plaintiff cannot reassert his state law claims that the Court previously sustained CDCR's demurrer to, without alleging new facts to overcome its immunities under the Government Code. Therefore, the Court should sustain this demurrer to the Second Amended Complaint in its entirety without leave to amend and dismiss the case.


Dated: July 27, 2022                          Respectfully submitted,

                                              ROB BONTA
                                              Attorney General of California
                                              MARISA KIRSCHENBAUER
                                              Supervising Deputy Attorney General



                                              */s/ Theodore Lee*
                                              THEODORE G. LEE
                                              Deputy Attorney General
                                              *Attorneys for Defendants California
                                              Department of Corrections and
                                              Rehabilitation*

SA2021306055
83521873.docx

NO FEE PURSUANT TO
GOVERNMENT CODE
SECTION 6103

ROB BONTA
Attorney General of California
MARISA KIRSCHENBAUER
Supervising Deputy Attorney General
THEODORE G. LEE
Deputy Attorney General
State Bar No. 340700
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 229-0111
 Fax:  (415) 703-5843
 E-mail:  Theodore.Lee@doj.ca.gov
*Attorneys for Defendant*
*California Department of Corrections and*
*Rehabilitation*

**Electronically Filed**
**Superior Court of California**
**County of San Joaquin**
**2022-07-27 17:06:17**
**Clerk: Mia Stipe**

**Demurrer**
**08/19/2022 09:00 AM in 10D**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN JOAQUIN

| | |
|---|---|
| **MORIANO MILLARE,**<br><br>Plaintiff,<br><br>v.<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILIATION and Does 1 through 20,**<br><br>Defendants. | Case No. STK-CV-LPI-2020-8820<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO SECOND AMENDED COMPLAINT**<br><br>Dept:  10D<br>Judge:  The Honorable Barbara A. Kronlund<br>Action Filed: October 19, 2020 |

Defendant California Department of Corrections and Rehabilitation (CDCR) respectfully requests that the Court take judicial notice of the following record and facts derived from the record under California Evidence Code sections 452, subdivisions (c) and (h). Materials in support of Defendant's request are attached as Exhibits 1 and 2.

CDCR requests that the Court take judicial notice of the following record of the Government Claims Program of all claims submitted by Plaintiff Moriano Millare with a "date of incident" on January 7, 2020:

1

1        1.    **Attached as Exhibit 1** is a true and correct copy of the Certification Karolyn

Rodriguez, Senior Legal Analyst with the California Department of Justice. CDCR respectfully

requests that the Court take judicial notice of the fact that Plaintiff submitted one government

claims form with a "date of incident" of January 7, 2020.

        2.    **Attached as Exhibit 2** is a true and correct copy of the Government

Claim form that Plaintiff signed and submitted on April 14, 2020. CDCR respectfully requests

that the Court take judicial notice of the fact that Plaintiff did not allege any facts specific to

CDCR regarding the allegedly missing cervical pillow at issue in this case. CDCR also requests

that the Court take judicial notice of the fact that Plaintiff only alleged that CDCR employees as

liable parties, not CDCR itself.

        Evidence Code section 452, subdivision (c) states that the court may take judicial notice of

the official acts of the legislative, executive, and judicial departments of any state. A trial court

may take judicial notice of the official records of a state agency. (*E.H. Morrill Co. v. State*

*California* (1967) 65 Cal.2d 787, 794–95.) Evidence Code section 452, subdivision (c) thus

permits the trial court to take judicial notice of the records and files of state administrative boards.

(*Fowler v. Howell* (1996) 42 Cal.App.4th 1746, 1749–50.)

        The Court must take judicial notice of any matter specified for discretionary judicial notice

in Evidence Code section 452, because CDCR here:

        1.    Requested the court take judicial notice of that matter (Evid. Code § 453),

        2.    Gave each adverse party sufficient notice of the request, through the pleadings or

otherwise, to give the adverse party time to prepare to dispute the request (Evid. Code § 453,

subd. (a)),

        3.    Furnished the court with sufficient information to enable it to take judicial notice of

the matter (Evid. Code § 453, subd. (b)), and

        4.    Persuaded the court that the matter is a proper subject of judicial notice under

Evidence Code section 452.

1    CDCR has given Plaintiff sufficient advance notice to meet the request and it has furnished

2    the Court with sufficient information to enable it to take judicial notice. Therefore, judicial notice

3    of the attached records is compulsory in this case. (See Evid. Code § 452, subd. (h).)

**CONCLUSION**

5    Defendant CDCR respectfully requests that the Court take judicial notice of the record and

6    facts identified herein.

8    Dated:  July 27, 2022                                   Respectfully submitted,

9                                                            ROB BONTA
                                                             Attorney General of California
10                                                           MARISA KIRSCHENBAUER
                                                             Supervising Deputy Attorney General
11

12

13                                                           */s/ Theodore Lee*
                                                             THEODORE G. LEE
14                                                           Deputy Attorney General
                                                             *Attorneys for Defendants*
15                                                           *California Department of Corrections and*
                                                             *Rehabilitation*
16

17   SA2021306055
     83522201.docx

EXHIBIT 1



## CERTIFICATION

I am a Senior Legal Analyst with the Correctional Law Section with access to the Government Claims Unit (GCU) within the Office of the Attorney General, Department of Justice (AGO). The AGO-GCU operates in conjunction with the Government Claims Program (GCP) within the Department of General Services in the review of government claims in active civil litigation.  I am familiar with how the GCP operates and maintains its records of government claims received by and stored by the GCP in its Standardized Insurance Management System (SIMS) computer database.  The AGO-GCU is granted direct read-only access to the GCP's SIMS computer database and is authorized to download the GCP's records of government claims.  I am also knowledgeable about the use of the GCP's SIMS computer database and have been trained by the GCP's staff in accessing the documents.  I effectively serve as a custodian of records maintained by the GCP and accessed by the GCU.  Based on the direct read-only access to the GCP afforded to the GCU, I am authorized to verify the records maintained with the GCP in the SIMS computer database.

I researched the GCP's SIMS computer database for **MORIANO MILLARE**, and discovered the claim identified below.

I hereby certify that the attached documents are true and correct copies of the documents constituting the GCP's SIMS computer database entries of the government claim for:

> **Claimant:  MORIANO MILLARE**
> **Claim No.:  20004453**
> **DOI:  January 7, 2020**

The record includes the government claim, any amendments to the claim, and all notices or correspondence to and from the claimant.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and is based on my personal knowledge.  I am willing and able to testify to the truth of the statements made herein, if necessary.

Executed at Folsom, California, July 27, 2022.


> __*/s/ K. Rodriguez*_____
> K. Rodriguez
> Senior Legal Analyst
> Correctional Law Section

EXHIBIT 2

20004453

STATE OF CALIFORNIA - DEPARTMENT OF GENERAL SERVICES
**Government Claim Form**
DGS ORIM 06 (Rev. 05/2016)

**Government Claims Program**
**Office of Risk and Insurance Management**
**Department of General Services**
P.O. Box 989052, MS 414
West Sacramento, CA 95798-9052



1-800-955-0045 ▪ www.dgs.ca.gov/orim/Programs/GovernmentClaims.aspx

| Clear Form | Print Form |

## Is your claim complete?

| | |
|---|---|
| ☐ | Include a check or money order for $25 payable to the State of California. |
| ☐ | Complete all sections relating to this claim and sign the form. Please print or type all information. |
| ☐ | Attach copies of any documentation that supports your claim. Please do not submit originals. |

**Claimant Information** *Use name of business or entity if claimant is not an individual*

| 1 | MILLARE | MORIANO | D | 2 | Tel: | | | |
|---|---|---|---|---|---|---|---|---|
| | *Last name* | *First Name* | *MI* | 3 | Email: | | | |

| 4 | P.O. BOX 689 | | SOLEdAd | | | CA | 93960 |
|---|---|---|---|---|---|---|---|
| | *Mailing Address* | | *City* | | | *State* | *Zip* |

| 5 | Inmate or patient number, if applicable: | # J 198886 |
|---|---|---|
| 6 | Is the claimant under 18?  NO | If Yes, please give date of birth: |
| 7 | | |

*If you are an insurance company claiming subrogation, please provide your insured's name in section 7.*

| 8 | N/A |
|---|---|

*If your claim relates to another claim or claimant, please provide the claim number or claimant's name in section 8.*

### Attorney or Representative Information

| 9 | N/A | | | 10 | Tel: | | | |
|---|---|---|---|---|---|---|---|---|
| | *Last name* | *First Name* | *MI* | 11 | Email: | | | |

| 12 | | | | | |
|---|---|---|---|---|---|
| | *Mailing Address* | | *City* | *State* | *Zip* |

| 13 | Relationship to claimant: |
|---|---|

### Claim Information  *Please add attachments as necessary*

| 14 | Is your claim for a stale-dated warrant (uncashed check)? | ○ Yes | ⊗ No | *If No, skip to Step **15**.* |
|---|---|---|---|---|
| | State agency that issued the warrant: | | | |
| | Dollar amount of warrant: | Date of issue: | | |
| | Warrant number: | | MM/DD/YYYY | |

| 15 | Date of Incident: JANUARY 7 2020 | | |
|---|---|---|---|
| | Was the incident more than six months ago? | ○ Yes | ⊗ No |
| | If YES, did you attach a separate sheet with an explanation for the late filing? | ○ Yes | ⊗ No |

| 16 | State agencies or employees against whom this claim is filed: |
|---|---|
| | CALIFORNIA DEPARTMENT OF CORRECTIONS ANd Rehabilitation |

| 17 | Dollar amount of claim: $ 5,950⁰⁰ | |
|---|---|---|
| | If the amount is more than $10,000, indicate the type of civil case: | ⊘ Limited civil case ($25,000 or less)   ○ Non-limited civil case (over $25,000) |

Explain how you calculated the amount:  $150⁰⁰  ONE HUNdRed ANd FiFTy dollARS PeR (35) THiRTy-Five dAy depRivATiON of MedicAl device (CeRVICAL Pillow plus ATTORNey fees IN the Amount of $ 700⁰⁰ seveN HuNdRed DollARS

| 23 | This section must be completed if the claim involves a motor vehicle. |
|---|---|
| | • Indicate whether a claim has been filed with your insurance carrier. |
| |     o If a claim has been filed with your insurance carrier, provide the name, telephone number, and mailing address of the insurance carrier. Also include your policy number and the amount of the deductible. |
| |     o If you have received payment, please indicate the date payment was received and the dollar amount. |
| 24 | The claimant or the claimant's attorney or representative must sign this form. |
| 25 | Be sure to attach the $25 filing fee. |
| | • Please make your check or money order payable to the State of California. |
| | • If you cannot afford the filing fee, you can fill out a "Filing Fee Waiver Request", and attach it to this form. |
| |     o You obtain the filing fee waiver request form at www.dgs.ca.gov/orim or by calling: 1-800-955-0045. |

| 18 | Location of the incident: the INCIDENT occuRRed BeTween Two FACiliTies. |
|---|---|
| | ① Deuel VOCATIONAL INSTITUTION ~~(2)~~ /② CORReCTIONAL TRAINING FACiliTY |
| | (DVI) TRACY CA /(CTF) Soledad CA |
| 19 | Describe the specific damage or injury: |
| | 35 THIRTY-Five dAY dePRIVATION of my CeRVICAL Pillow medicAl device |
| | leFT me with NoThing to SuppoRT my NecK while lAying down, |
| | which INTeRFeRed with my Sleep And CAused Severe PAiN iN |
| | my HeAd NecK And BACK. See AttAched |
| 20 | Explain the circumstances that led to the damage or injury: I WAS TRANSFeRed to CTF from |
| | DVI oN JANuARY 7 2020. BefoRe Being ShAckled And ASSigNed A |
| | SeAT oN The TRANSPORTATION Bus I HANded A FemAle TRANSPORTATION |
| | oFFiceR A BAg which CoNTAiNed my medicAl AppliANce (CeRVICAL Pillow). |
| | The FemAle officeR wRoTe my NAme And CDCR NumbeR oN the BAg, |
| | WHeN I ARRived AT CTF, my CeRVICAL Pillow wAs NoT INcluded with The |
| | PROPeRTY I WAS PRovided. FebRuARY 10 2020, I wAS PRovided A ReplAcemeNT CeRVical Pillow |
| 21 | Explain why you believe the state is responsible for the damage or injury: CALiFORNIA DepARTmeNT |
| | of CORRecTONS And RehAbiliTATION Employees ARe Employees of the |
| | STATe ~~████████████████████~~ |
| | And The STATe EmPLOYees AccePTed RespoNsibiliTy See AttAched |
| 22 | Does the claim involve a state vehicle? ⚪ Yes ⊗ No |
| | If YES, provide the vehicle license number, if known: |

**Auto Insurance Information**

| 23 | |
|---|---|
| | *Name of Insurance Carrier* |
| | |
| | *Mailing Address* | *City* | *State* | *Zip* |

| Policy Number: | Tel: | | |
|---|---|---|---|
| Are you the registered owner of the vehicle? | | ⚪ Yes | ⚪ No |
| If NO, state name of owner: | | | |
| Has a claim been filed with your insurance carrier, or will it be filed? | | ⚪ Yes | ⚪ No |
| Have you received any payment for this damage or injury? | | ⚪ Yes | ⚪ No |
| If yes, what amount did you receive? | | | |
| Amount of deductible, if any: | | | |
| Claimant's Drivers License Number: | Vehicle License Number: | | |
| Make of Vehicle: | Model: | Year: | |
| Vehicle ID Number: | | | |

**Notice and Signature**

| 24 | I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72). |
|---|---|
| | *Moriano Millare* MORIANO MILLARE Date: 4 14 2020 |
| | *Signature of Claimant or Representative* *Printed Name* |
| 25 | Mail this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 989052, MS 414, West Sacramento, CA 95798-9052. Forms can also be delivered to the Office of Risk and Insurance Management, 707 3rd street, 1st Floor ORIM, West Sacramento, CA 95605. |

DEPARTMENT OF GENERAL SERVICES
OFFICE OF RISK AND INSURANCE MANAGEMENT

## CLAIMANT INFORMATION

| FIRST NAME MORIANO | LAST NAME MILLARE |
|---|---|
| CLAIM NUMBER (IF KNOWN) UNKNOWN | TELEPHONE NUMBER N/A |

If you are an inmate in a correctional facility, please attach a certified copy of your trust account balance.

INMATE IDENTIFICATION NUMBER     # J-19886

## FINANCIAL INFORMATION

☐ I am receiving financial assistance from one or more of the following programs

- Supplemental Security Income (SSI) and State Supplemental Payments (SSP)
- California Work Opportunity and Responsibility to Kids (CalWORKS)
- CalFresh/SNAP (formerly Food Stamps)
- General Relief (GR) or General Assistance (GA)

**Government Claims Program**

**MAY 1 1 2020**

**RECEIVED**

☐ Number of household members and monthly household income are within one of the categories below.

| Number of Household Members | Maximum Monthly Household Income |
|---|---|
| 1 | $1,012 |
| 2 | $1,372 |
| 3 | $1,732 |
| 4 | $2,092 |
| 5 | $2,452 |
| 6 | $2,812 |

For each additional household member beyond 6, add $360 to the maximum monthly household income

## CLAIMANT CERTIFICATION

*I request a waiver of the $25 fee to file a government claim. I declare under penalty of perjury, per Penal Code Section 72, that the information provided on this application is true and correct.*

| SIGNATURE Moro Millare | DATE 4.14.2020 |
|---|---|

Department of General Services
Office of Risk and Insurance Management
Government Claims Program
PO Box 989052, MS 414
West Sacramento,CA 95798-9052

1-800-955-0045 - www.dgs.ca.gov/orim/Programs/GovernmentClaims.aspx

## Department of General Services Privacy Notice on Information Collection

This notice is provided pursuant to the Information Practices Act of 1977, California Civil Code Sections 1798.17 & 1798.24 and the Federal Privacy Act (Public Law 93-579).

The Department of General Services (DGS), Office of Risk and Insurance Management (ORIM), is requesting the information specified on this form pursuant to Government Code section 905.2 (c)(2).

The principal purpose for requesting this data is to determine eligibility to waive the Government Claims Program claim filing fee. The information provided will/may be disclosed to a person, or to another agency where the transfer is necessary for the transferee agency to perform its constitutional or statutory duties, and the use is compatible with a purpose for which the information was collected and the use or transfer is accounted for in accordance with California Civil Code Section 1798.25.

Individuals should not provide personal information that is not requested.

The submission of all information requested is mandatory unless otherwise noted. If you fail to provide the information requested to DGS, or if the information provided is deemed incomplete or unreadable, this may result in denial of filing fee waiver request.

**Department Privacy Policy**

The information collected by DGS is subject to the limitations in the Information Practices Act of 1977 and state policy (see State Administrative Manual 5310-5310.7). For more information on how we care for your personal information, please read the DGS Privacy Policy.

**Access to Your Information**

ORIM is responsible for maintaining collected records and retaining them for 5 years. You have a right to access records containing personal information maintained by the state entity. To request access, contact:

**DGS ORIM**
**Public Records Officer**
**707 3rd St., West Sacramento, CA 95605**
**(916) 376-5300**

Case Number: _____

CERTIFICATE OF FUNDS
IN
PRISONER'S ACCOUNT Government Claims Program

MAY 1 1 2020

RECEIVED

.

    I certify that attached hereto is a true and correct copy of the prisoner's trust account statement showing trasactions of

**J19886 MILLARE, MORIANO**     for the last six months at

**CORRECTIONAL TRAINING FACILITY**   where (s)he is confined.
(name of institution)

    I further certify that the average deposits each month to this prisoner's account for the most recent 6-month period were: $   **$92.64**

and the average balance in the prisoner's account each month for the most recent 6-month period was:   **$757.90**


Dated     4/21/2020        **S.HERRERA**
                                   ACCOUNTANT TRAINEE



THE WITHIN INSTRUMENT IS A CORRECT COPY OF THE TRUST ACCOUNT MAINTAINED BY THIS OFFICE.
ATTEST: 4/21/20
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY _____
TRUST OFFICE

| CDCR# | Inmate/Group Name | Institution | Unit | Cell/Bed |
|-------|-------------------|-------------|------|----------|
| J19886 | MILLARE, MORIANO | CTF | C  BW  1 | 107001 |

**Current Available Balance:** $0.01

## Transaction List

| Transaction Date | Institution | Transaction Type | Source Doc# | Receipt#/Check# | Amount | Account Balance |
|------------------|-------------|------------------|-------------|-----------------|--------|-----------------|
| 10/01/2019 | DVI | BEGINNING BALANCE | | | | $973.37 |
| 10/03/2019 | DVI | I/M PAY - SUPPORT | IM PAY SEPT 4-4 | | $12.84 | $986.21 |
| 10/05/2019 | DVI | SALES | 52 | | ($52.95) | $933.26 |
| 10/18/2019 | DVI | JPAY | 0000000107166598 | | $220.00 | $1,153.26 |
| 10/18/2019 | DVI | SALES | 8 | | ($167.05) | $986.21 |
| 11/02/2019 | DVI | SALES | 27 | | ($78.80) | $907.41 |
| 11/05/2019 | DVI | I/M PAY - SUPPORT | OCT PAY 4-4 | | $17.23 | $924.64 |
| 11/09/2019 | DVI | SALES | 33 | | $4.00 | $928.64 |
| 11/09/2019 | DVI | SALES | 34 | | ($13.20) | $915.44 |
| 11/13/2019 | DVI | JPAY | 0000000108183945 | | $75.00 | $990.44 |
| 11/15/2019 | DVI | SALES | 30 | | ($127.45) | $862.99 |
| 11/18/2019 | DVI | JPAY | 0000000108383874 | | $50.00 | $912.99 |
| 12/04/2019 | DVI | I/M PAY - SUPPORT | NOV PAY 4-4 | | $14.11 | $927.10 |
| 12/06/2019 | DVI | SALES | 46 | | ($203.95) | $723.15 |
| 12/14/2019 | DVI | SALES | 20 | | ($16.05) | $707.10 |
| 12/21/2019 | DVI | JPAY | 0000000109783875 | | $150.00 | $857.10 |
| 12/21/2019 | DVI | SALES | 1 | | ($56.20) | $800.90 |
| 01/06/2020 | DVI | I/M PAY - SUPPORT | DEC PAY 4-1 | | $16.64 | $817.54 |
| 01/06/2020 | DVI | I/M PAY - SUPPORT | DEC PAY 4-1 | | ($16.64) | $800.90 |
| 01/06/2020 | DVI | I/M PAY - SUPPORT | DEC PAY 4-4 | | $16.64 | $817.54 |
| 01/08/2020 | DVI | TRACS TRANSFER OUT | TX01082020 | | ($817.54) | $0.00 |
| 01/08/2020 | CTF | TRACS TRANSFER IN | TX01082020 | | $817.54 | $817.54 |
| 01/18/2020 | CTF | SALES | 110 | | ($90.90) | $726.64 |
| 01/26/2020 | CTF | SALES | 66 | | ($64.00) | $662.64 |
| 01/30/2020 | CTF | LEGAL COPY | 01/30/2020 | | ($0.50) | $662.14 |
| 01/30/2020 | CTF | LEGAL COPY | 01/30/2020 | | ($1.00) | $661.14 |
| 02/01/2020 | CTF | SALES | 41 | | ($39.65) | $621.49 |
| 02/19/2020 | CTF | SALES | 31 | | ($78.40) | $543.09 |
| 02/23/2020 | CTF | SALES | 5 | | ($94.85) | $448.24 |
| 02/25/2020 | CTF | INMATE VOLUNTARY WITHDRAWAL | CLERK, U.S DISTRICT | 994983 | ($400.00) | $48.24 |
| 02/26/2020 | CTF | LEGAL MAIL | L MAIL 2/26/20 | | ($3.00) | $45.24 |
| 02/28/2020 | CTF | LEGAL COPY | L COPY 2/28/20 | | ($5.50) | $39.74 |
| 03/02/2020 | CTF | LEGAL MAIL | 03/02/2020 | | ($2.20) | $37.54 |
| 03/02/2020 | CTF | LEGAL MAIL | 03/02/2020 | | ($2.20) | $35.34 |

THE WITHIN INSTRUMENT IS A
COPY OF THE TRUST ACCOUNT MAINTAINED
BY THIS OFFICE.
ATTEST: 4/21/20
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY
TRUST OFFICE

2

| Transaction Date | Institution | Transaction Type | Source Doc# | Receipt#/Check# | Amount | Account Balance |
|---|---|---|---|---|---|---|
| 03/16/2020 | CTF | LEGAL MAIL | L MAIL 3/16/20 | | ($1.80) | $33.54 |
| 03/16/2020 | CTF | LEGAL COPY | 3/16/2020 | | ($2.20) | $31.34 |
| 03/16/2020 | CTF | LEGAL COPY | 3/16/2020 | | ($1.10) | $30.24 |
| 03/16/2020 | CTF | LEGAL COPY | 3/16/2020 | | ($6.60) | $23.64 |
| 03/21/2020 | CTF | SALES | 21 | | ($23.64) | $0.00 |

## Encumbrance List

| Encumbrance Type | Transaction Date | Amount |
|---|---|---|
| **No information was found for the given criteria.** | | |

## Obligation List

| Obligation Type | Court Case# | Original Owed Balance | Sum of Tx for Date Range for Oblg | Current Balance |
|---|---|---|---|---|
| **No information was found for the given criteria.** | | | | |

## Restitution List

| Restitution | Court Case# | Status | Original Owed Balance | Interest Accrued | Sum of Tx for Date Range for Oblg | Current Balance |
|---|---|---|---|---|---|---|
| RESTITUTION FINE | BA090337 | Fulfilled | $200.00 | $0.00 | $0.00 | $0.00 |
| RESTITUTION FINE | BA135442 | Fulfilled | $2,000.00 | $0.00 | $0.00 | $0.00 |



THE WITHIN INSTRUMENT IS A CORRECT COPY OF THE TRUST ACCOUNT MAINTAINED BY THIS OFFICE
ATTEST: 4/21/20
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY _____
TRUST OFFICE

**Memorandum**

Date: March 30, 2020

To: Millare, Moriano J-19886
California Training Facility (CTF)
Highway 101N
Soledad, Ca 93960

Subject: **FIRST LEVEL APPEAL RESPONSE**
**APPEAL LOG NUMBER: TU-N-20-00008**
**APPEAL ISSUE: TRANSPORT CONDITIONS**
**APPEAL RESPONSE: GRANTED IN PART**

This is the First Level Response (FLR) to your appeal dated January 09, 2020. You contend on January 7, 2020, you handed a female officer a bag which contained your cervical pillow while at Deuel Vocational Institution (DVI) and when you arrived at the Correctional Training facility (CTF), your pillow was not included with the property you received. You are requesting the following:

1. The return of your cervical pillow.
2. Provide a equivalent substitute until cervical pillow is returned.

A thorough review of your appeal was conducted, which included an interview with you, with a review of the following documents.

- Statewide Bus Schedule for the week of January 06, 2020
- Transfer Record (CDCR 135)
- Statewide Transportation Duty Log (CDCR 250)
- Property Transfer Receipt (CDCR 143)
- 7536 DME/Supply Receipt

A review of the Strategic Offender Management System (SOMS) revealed you did not have any reading comprehension issues, physical impairments, or cognitive functioning deficiencies, which require any assistance/accommodation/adaptive supports to establish effective communication. The questions asked by you and your responses to the questions asked during the interview process confirmed effective communication was accomplished.

On February 12, 2020, at approximately 1030 hours, Northern Transportation Hub (NTH) Correctional Lieutenant C. Shephard interviewed you via telephone. The telephonic interview occurred due to you being at CTF and Lieutenant Shephard being assigned to NTH located at DVI. The interview was to provide you the opportunity to fully explain your appeal and provide any additional supporting information or documents. You reiterated what was stated in the

appeal, confirmed you received an equivelant cervical pillow and asked for a return of your pillow.

All documents submitted by you have been considered and reviewed in accordance with departmental policies and institutional procedures. A review of the SOMS notes on January 7, 2020, you were transferred from DVI to CTF. NTH staff were interviewed regarding your claim and recalled taking possession of your cervical pillow. NTH staff also stated once they arrived to CTF, they relinquished your cervical pillow to the medical staff in Receiving and Release at CTF. This exchange was not documented. When you received your property at CTF, you did not receive your cervical pillow. A review of your CDCR 7536 Durable Medical Equipment and Medical Supply Receipt notes your cervical pillow was replaced on February 10, 2010, at CTF.

Decision:

Your appeal is **GRANTED IN PART** at this Level of Review. Granted in that you received an equivalent cervical pillow on February 10, 2020. The portion denied is the cervical pillow you were transported with has not been located; therefore, it cannot be returned to you.

If you are dissatisfied with the FLR, you may appeal to the Second Level by following the directions on your appeal form.

JOHN L. HERRERA  4/
Chief
Statewide Transportation Unit
Division of Adult Institutions



**20-00102**

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

TU-N-20-00008

**IAB USE ONLY**

Institution/Parole Region: _____ Log #: _____ Category:

DVI-X-20-00459     5

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| MILLARE, MORIANO | J19886 | B WING 107 | |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

PROPERTY - Medical Appliance (CERVICAL PILLOW)

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):

I WAS tRANSFERed to CTF FROM DVI ON JANUARY 7 2020. BEFORE Being ShACKled ANd ASSIGNed A SEAT ON the BUS I HANDed a FEMAle TRANSPORTATION OFFICER

B. Action requested (If you need more space, use Section B of the CDCR 602-A):

① RETURN CERVICAL pillow
② PROVIDE equivalENT SUBSTITUTE UNTIL CERVICAL pillow IS RETURNed

**Supporting Documents: Refer to CCR 3084.3.**

☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

☐ No, I have not attached any supporting documents. Reason :

Inmate/Parolee Signature: _____     Date Submitted: JAN 9 2020

☐ By placing my initials in this box, I waive my right to receive an interview.

**RECEIVED**

**JAN 1 3 2020**

**CTF Appeals**

**FEB 2020**

**STATEWIDE TRANSPORTATION**
**UNIT APPEALS**

RECEIVED

JAN 24 2020

DVI APPEALS OFFICE

---

C. First Level - Staff Use Only

This appeal has been:     Staff - Check One: Is CDCR 602-A Attached? ☑ Yes ☐ No

☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: 1/13/20 Date: 1/27/20 Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☑ Accepted at the First Level of Review.
Assigned to: C. Shephard    Title: Lt.    Date Assigned: 3/6/20    Date Due: 4/1/20

First Level Responder: Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: 2-12-20    Interview Location: Telephonic interview

Your appeal issue is: ☐ Granted   ☑ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: C. Shephard (Print Name)   Title: Lt.   Signature: _____   Date completed: 3/30/20
Reviewer: John Herrera (Print Name) Chief State wide Trans   Signature: _____ John Herrera
Date received by AC: 3/30/20

AC Use Only
Date mailed/delivered to appellant 4 / 1 / 20

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

TU-N-20-00008
20-00102

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | DN-x-20-00459 | 5 |

*FOR STAFF USE ONLY*

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): MILLARE, MORIANO

CDC Number: J19886

Unit/Cell Number: B WING 107

Assignment:

**A. Continuation of CDCR 602, Section A only (Explain your issue)** : A Bag which
CONTAINed my medical Appliance (CeRViCAL Pillow).
The Female officer WROTe my NAMe And CDCR
NUMbeR on the BAg. when I ARRived At CTF,
my CeRViCAL Pillow WAS NOT included with the
ProperTy I WAS provided. I HAVe Nothing to
Support my Neck while laying down which
inTeRFeRes with my sleep And Causes Severe PAiN
iN my Head Neck And BACK.

RECEIVED
JAN 13 2020
CTF Appeals

STATEWIDE TRANSPORTATION
FEB 2020
UNIT APPEALS

JAN 24 2020

Inmate/Parolee Signature: _[signature]_

Date Submitted: JAN 9, 2020

**B. Continuation of CDCR 602, Section B only (Action requested):** _____

Inmate/Parolee Signature: _____

Date Submitted: _____

Moriano Millare # J19886
B Wing 107

Gov. C

MORIANO MILLARE # J19886
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689
SoledAd CA 93960

Legal Mail
ConFidential

GOVERN
OFFICE OF
DEPARTM
P.O.
West SA

Moriano Millare # J19886
B Wing 107

Gov. Claims Form Enclosed

MILLARE # J19886
NAL TRAINING FACILITY
689
CA 93960



U.S. POSTAGE >> PITNEY BOWES

ZIP 93960 $ 003.80⁰
02 4W
0000339712 APR 23 2020

GOVERNMENT CLAims PROGRAM
OFFICE OF RISK And INSURANCE MANAGEMENT
DEPARTMENT OF GENERAL Services
P.O. BOX 989052    MS 414
West SACRAMENTO CA 95798-9052

CCI
Cardners
4-14-20



NO FEE PURSUANT TO GOVERNMENT CODE SECTION 6103

1  ROB BONTA
   Attorney General of California
2  MARISA KIRSCHENBAUER
   Supervising Deputy Attorney General
3  THEODORE G. LEE
   Deputy Attorney General
4  State Bar No. 340700
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 229-0111
6    Fax:  (415) 703-5843
     E-mail:  Theodore.Lee@doj.ca.gov
7  *Attorneys for Defendants California Department of
   Corrections and Rehabilitation*

8

Electronically Filed
Superior Court of California
County of San Joaquin
2022-07-27 17:06:17
Clerk: Mia Stipe

Demurrer
08/19/2022 09:00 AM in 10D

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF SAN JOAQUIN

11

12

13  **MORIANO MILLARE,**                          Case No. STK-CV-LPI-2020-8820

14                             Plaintiff,         **PROOF OF SERVICE**

15          v.

16                                                Dept:       10D
                                                  Judge:      The Honorable Barbara A.
17  **CALIFORNIA DEPARTMENT OF**                               Kronlund
    **CORRECTIONS AND REHABILIATION**            Action Filed: October 19, 2020
18  **and Does 1 through 20,**

19                             Defendants.

20

21

22

23

24

25

26

27

28

                                    1

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Millare v. CDCR**
Case No.: **STK-CV-LPI-2020-8820**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>July 27, 2022</u>, I served the attached

**1. DEFENDANT'S NOTICE OF DEMURRER AND DEMURRER TO SECOND AMENDED COMPLAINT**

**2. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER**

**3. DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO SECOND AMENDED COMPLAINT**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 600 West Broadway, Suite 1800, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Moriano Millare (J-19886)
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960

*In Pro Per*

I declare under penalty of perjury under the laws of the State of California, the United States of America the foregoing is true and correct, and that this declaration was executed on July 27, 2022, at San Diego, California.

| C. Henson | *C. Henson* |
|---|---|
| Declarant | Signature |

# EXHIBIT G

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** T. Reynolds , A. CHAVARRIA , AND J. Woods
*(AVISO AL DEMANDADO):*

LZZ AUG 22 PM 1: 25

BRANDON E. RILEY, CLERK

TREVA PARKER

**YOU ARE BEING SUED BY PLAINTIFF:** MORIANO MILLARE
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: SAN JOAQUIN COUNTY SUPERIOR COURT
*(El nombre y dirección de la corte es):* STOCKTON COURTHOUSE
180 E WEBER AVE
STOCKTON CA 95202 2777

**CASE NUMBER:**
*(Número del Caso):* STK-CV-LPI-2020-8820

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: MORIANO MILLARE JM886
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CORRECTIONAL TRAINING FACILITY; PO BOX 689 , Soledad, CA 93960

DATE: AUG 2 2 2022          BRANDON E. RILEY          Clerk, by          TREVA PARKER          , Deputy
*(Fecha)*                              *(Secretario)*                                            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):* DOES 1 through 20 INCLUSIVE
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
             ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]          [ Clear this form ]