1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      MORIANO MILLARE,                              No.  2: 22-cv-1862 KJM KJN P

12                      Plaintiff,

13             v.                                     ORDER AND FINDINGS AND
                                                      RECOMMENDATIONS
14      CDCR, et al.,

15                      Defendants.

16

17             Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18      to 42 U.S.C. § 1983.  On October 19, 2022, defendants removed this action from San Joaquin

19      County Superior Court.[1]  (ECF No. 1.)  On November 7, 2022, defendants requested that the

20      court screen plaintiff's second amended complaint.  (ECF No. 4.)

21      ////

22

23      [1] Pursuant to 28 U.S.C. § 1446(b)(3), defendants had thirty days from the date defendants
        Chavarria, Woods and Reynolds were served with the second amended complaint to remove this
24      action.  According to the notice of errata, defendant California Department of Corrections and
        Rehabilitation ("CDCR") accepted service on behalf of defendants Chavarria, Woods and
25      Reynolds on September 13, 2022.  (ECF No. 3.)  Therefore, defendants' notice of removal, filed
        October 19, 2021, appears untimely.  However, the undersigned does not recommend remand of
26      this action to state court because plaintiff did not file a motion to remand or otherwise object to
        removal.  Hunt v. County of Los Angeles, 2022 WL 3998573, at *1 (9th Cir. Sept. 1, 2022)
27      (finding that district court exceeded its authority to remand a case to state court sua sponte based
        on procedural defect).
28

1    On January 30, 2023, the undersigned granted defendants' request to screen the second

2    amended complaint and recommended dismissal of this action.  (ECF No. 6.)  On February 10,

3    2023, plaintiff filed objections.  (ECF No. 7.)  After reviewing plaintiff's objections, the

4    undersigned finds good cause to vacate the January 30, 2023 findings and recommendations and

5    to issue this new order and findings and recommendations screening plaintiff's second amended

6    complaint.

7    For the reason stated herein, the undersigned recommends dismissal of plaintiff's claims

8    brought pursuant to the Americans with Disabilities Act ("ADA"), plaintiff's Eighth Amendment

9    claims against defendant CDCR, plaintiff's claims against all defendants pursuant to California

10    Civil Code § 1427, and the negligence claim against defendant CDCR.  For the reasons stated

11    herein, plaintiff's Eighth Amendment and negligence claims against defendants Reynolds, Woods

12    and Chavarria are dismissed but with leave to amend.

13    Background

14    On October 19, 2020, plaintiff filed a complaint, case no. STK CV LPI 2020 8820, in the

15    San Joaquin County Superior Court naming as defendants Transportation Officers Reynolds,

16    Chavarria and Woods.  (ECF No. 1 at 7-47.)  Plaintiff raised a state law claim for negligence

17    based on the alleged loss of his cervical pillow.  (Id. at 9.)  Apparently, no defendants were served

18    with the original complaint.

19    On November 8, 2021, plaintiff filed a first amended complaint in case no. STK CV LPI

20    2020 8820, naming CDCR as a defendant and apparently voluntarily dismissing defendants

21    Reynolds, Chavarria and Woods.  (Id. at 49-90.)  Plaintiff raised state law claims for negligence,

22    violation of Title 15 of the California Code of Regulations and California Civil Code § 1427

23    based on the alleged loss of his cervical pillow.  (Id. at 55-57.)

24    On February 3, 2022, defendant CDCR demurred to the first amended complaint.  (Id. at

25    92-103.)

26    On June 14, 2022, the Honorable Barbara A. Krolund held a hearing regarding defendant

27    CDCR's demurrer.  (Id. at 105-08.)  Judge Krolund granted the demurrer with thirty days to file a

28    second amended complaint.  (Id.)

1    On June 27, 2022, plaintiff filed a second amended complaint naming CDCR and

2    Transportation Officers Reynolds, Chavarria and Woods as defendants.  (Id. at 110-155.)

3    Plaintiff alleged violations of the Americans with Disabilities Act ("ADA"), the Eighth

4    Amendment and two state law claims based on the alleged loss of his cervical pillow.  (Id.)

5    On July 27, 2022, defendant CDCR demurred to the second amended complaint.  (Id. at

6    157-77.)  Defendant CDCR also concurrently filed a request for judicial notice regarding

7    plaintiff's alleged failure to comply with the California Government Claims Act.  (Id. at 178-

8    201.)

9    On August 22, 2022, the San Joaquin County Superior Court issued a summons to

10   defendants Reynolds, Chavarria and Woods for the second amended complaint.  (Id. at 204.)

11   On September 13, 2022, defendant CDCR accepted process on behalf of defendants

12   Reynolds, Chavarria and Woods.  (ECF No. 3 (notice of errata).)  On September 21, 2022,

13   defendant CDCR provided the service documents to defendants Reynolds, Chavarria and Woods.

14   (Id.)

15   On October 19, 2022, defendants filed the notice of removal.  (ECF No. 1).  On November

16   7, 2022, defendants filed a request for the court to screen plaintiff's second amended complaint.

17   (ECF No. 4.)

18   Legal Standard for Screening

19   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

20   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

21   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

22   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

23   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

24   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

25   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

26   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

27   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

28   1227.

1    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

2    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

3    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

4    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

5    In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

6    formulaic recitation of the elements of a cause of action;" it must contain factual allegations

7    sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

8    However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

9    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

10   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

11   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

12   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

13   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

14   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

15   Plaintiff's Claims in Second Amended Complaint

16       Named as defendants are CDCR and Transportation Officers Reynolds, Chavarria and

17   Woods.  (ECF No. 1 at 111-12.)  Plaintiff alleges that defendants Reynolds, Chavarria and Woods

18   are employed as Transportation Officers at Deuel Vocational Institution ("DVI").  (Id.)

19       Plaintiff alleges that he is mobility impaired and suffers from multi-level cervical spine

20   spondylosis, multi-level thoracic spine spondylosis and multi-level lumbar degenerative disease.

21   (Id. at 113.)  Plaintiff alleges that these conditions cause plaintiff to suffer severe pain in his arms,

22   legs, back and head which interferes with his sleep.  (Id.)

23       Prior to 2017, plaintiff was prescribed a durable medical equipment ("DME") cervical

24   pillow to support his neck while laying down.  (Id.)

25       On January 7, 2020, plaintiff transferred from DVI to the Correctional Training Facility

26   ("CTF").  (Id.)  Before plaintiff was shackled and assigned a seat on the transportation bus, a

27   female CDCR transportation officer seized plaintiff's DME cervical pillow.  (Id.)

28   ////

On January 9, 2020, plaintiff filed a grievance regarding the confiscation of his DME cervical pillow, grievance no. TUN 20 0008.  (Id. at 114.)

On or about January 17, 2020, plaintiff received treatment for increased pain, difficulty sleeping and concentrating associated with multi-level compressions throughout his spine that was exacerbated by the deprivation of his DME cervical pillow.  (Id.)

A CDCR physician ordered plaintiff a replacement cervical pillow and physical therapy. (Id.)  On February 10, 2020, plaintiff was provided with a replacement DME cervical pillow. (Id.)

On February 12, 2020, Sergeant Hazel interviewed plaintiff regarding his grievance.  (Id.) On March 12, 2020, Officer Seeley ordered plaintiff to withdraw his grievance regarding the confiscation of his cervical pillow.  (Id. at 115.)  Plaintiff declined to withdraw the grievance. (Id.)

On April 9, 2020, plaintiff received a first level response to his grievance.  (Id.)  On April 20, 2020, plaintiff submitted his grievance for second level review.  (Id.)  Plaintiff contends that pursuant to California Code of Regulations title 15, § 3084.8(c)(2), prison officials had thirty working days to complete the second level response to his grievance from the date it was received by the Appeals Coordinator.  (Id.)  Plaintiff contends that as of June 19, 2020, he had not received a response to his second level grievance.  (Id.)

On May 27, 2020, plaintiff submitted a California Government Claim form regarding his grievance. (Id.)  On June 16, 2020, plaintiff's California Government Claim was rejected.  (Id.)

Plaintiff's second amended complaint raises four legal claims.  In claim one, plaintiff alleges that all defendants violated Title II of the ADA by unlawfully seizing his DME cervical pillow from January 7, 2020, to February 10, 2020.  (Id. at 117.)  In claim two, plaintiff alleges that all defendants violated the Eighth Amendment by unlawfully seizing his DME cervical pillow.  (Id. at 118-19.)  In claim three, plaintiff alleges a state law claim for negligence against all defendants based on the alleged confiscation of his DME cervical pillow.  (Id. at 119-20.)  In claim four, plaintiff alleges a state law claim for violation of California Civil Code § 1427 against all defendants for the alleged confiscation of his DME cervical pillow.  (Id. at 120-21.)

5

1      As relief, plaintiff seeks money damages and for the court to order defendants to provide

2  plaintiff with a definitive diagnosis relative to his cervical, thoracic and lumbar spine

3  condition/injuries.  (Id. at 122.)

4  ADA Claims

5      *Defendants Reynolds, Chavarria, Woods*

6      At the outset, the undersigned finds that plaintiff's official capacity ADA claims against

7  defendants Reynolds, Chavarria and Woods should be dismissed as redundant.  The second

8  amended complaint asserts that defendant CDCR is named as the defendant entity violating the

9  ADA.  Although a plaintiff may pursue ADA claims against defendants in their official

10  capacities, "[w]hen both a municipal officer and a local government entity are named, and the

11  officer is named only in an official capacity, the court may dismiss the officer as a redundant

12  defendant."  Center for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't, 533 F.3d 780,

13  799 (9th Cir. 2008).  This reasoning applies equally to state entities and their officers.  Welks v.

14  California Department of Corrections, 2019 WL 4745272, at *5 (E.D. Cal. Sept. 30, 2019) (citing

15  Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits... generally represent

16  only another way of pleading an action against an entity of which an officer is an agent." (citation

17  and internal quotation marks omitted)).  Thus, because plaintiff names CDCR as a defendant,

18  plaintiff's official capacity ADA claims against the individual defendants should be dismissed.

19      *Defendant CDCR*

20      To show a violation of Title II of the ADA, a plaintiff must show the following: "(1) he is

21  a 'qualified individual with a disability'; (2) he was either excluded from participation in or

22  denied the benefits of a public entity's services, programs, or activities, or was otherwise

23  discriminated against by the public entity; and (3) such exclusion, denial of benefits, or

24  discrimination was by reason of his disability."  Duvall v. County of Kitsap, 260 F.3d 1124, 1135

25  (9th Cir. 2001) (citing Weinreich v. Los Angeles County Metropolitan Transp. Authority, 114

26  F.3d 976, 978 (9th Cir. 1997)).

27      "The ADA prohibits discrimination because of disability, not inadequate treatment for

28  disability."  Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1022 (9th Cir. 2010), overruled on

1   other grounds by Castro v. Cnty. of Los Angeles, 833 F.3d 1060 (9th Cir. 2016) (en banc).

2   Failing to attend to the medical needs of a disabled person does not violate the ADA.  See

3   Figueira by and through Castillo v. County of Sutter, 2015 WL 6449151, at *9 (E.D. Cal. Oct. 23,

4   2015).  "The lack of medical treatment or the failure to provide an accommodation for [a

5   plaintiff's] medical condition does not provide a basis upon which to impose liability under the

6   ADA."  Mixon v. Tyson, 2017 WL 5998231, at *5 (E.D. Cal. Dec. 4, 2017) (citing Simmons, 609

7   F.3d at 1022; Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)).

8          In the instant case, plaintiff alleges violation of the ADA based on confiscation of his

9   DME cervical pillow, which caused him to suffer pain and sleep deprivation.  The undersigned

10   finds that the alleged confiscation of plaintiff's DME cervical pillow relates to medical care and is

11   not related to discrimination against plaintiff because of his disability.  "The lack of medical

12   treatment or the failure to provide an accommodation for his medical condition does not provide a

13   basis upon which to impose liability under the ADA."  Mixon, 2017 WL 5998231, at *5; see also

14   McKinnon v. Nikula, 2021 WL 6118742, at *12 (W.D. Wash. Nov. 17, 2021) (denial of request

15   for knee brace, medical mattresses and wedge pillow alleges claim for inadequate medical

16   treatment, which does not constitute discrimination under the ADA).

17          For the reasons discussed above, the undersigned finds that plaintiff's second amended

18   complaint fails to state a potentially colorable ADA claim against defendant CDCR.

19   Eighth Amendment Claims

20          *Defendant CDCR*

21          Claims for damages against the state, its agencies, or its officers for actions performed in

22   their official capacities are barred under the Eleventh Amendment, unless the state waives its

23   immunity.  Kentucky v. Graham, 473 U.S. 159, 169 (1985) (Eleventh Amendment bars a

24   damages action against a State in federal court); see also Will v. Michigan Dep't of State Police,

25   491 U.S. 58, 71 (1989).  Indeed, the Eleventh Amendment prohibits federal courts from hearing a

26   Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies

27   (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional

28   override...."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999); Pennhurst State Sch. &

7

1  Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("It is clear ... that in the absence of consent a suit

2  in which the State or one of its agencies or departments is named as the defendant is proscribed

3  by the Eleventh Amendment.").

4         For the reasons discussed above, the undersigned finds that plaintiff's Eighth Amendment

5  claim against defendant CDCR is barred by the Eleventh Amendment.

6         *Defendants Reynolds, Chavarria, Woods*

7         The Civil Rights Act under which this action was filed provides as follows:

8              Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the deprivation
9              of any rights, privileges, or immunities secured by the Constitution .
               . . shall be liable to the party injured in an action at law, suit in equity,
10             or other proper proceeding for redress.

11  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

12  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

13  Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

14  liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

15  affirmative link between the incidents of police misconduct and the adoption of any plan or policy

16  demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

17  to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative

18  act, participates in another's affirmative acts or omits to perform an act which he is legally

19  required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588

20  F.2d 740, 743 (9th Cir. 1978).

21         Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

22  their employees under a theory of respondeat superior and, therefore, when a named defendant

23  holds a supervisorial position, the causal link between him and the claimed constitutional

24  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

25  (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

26  438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

27  denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

28  official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

8

1   F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

2   participation is insufficient).

3          Plaintiff's second amended complaint contains no allegations linking defendants

4   Reynolds, Chavarria and Woods to the alleged deprivations.  Plaintiff does not specifically allege

5   that defendants Reynolds, Chavarria and Woods were involved in the alleged confiscation of

6   plaintiff's DME cervical pillow.  Accordingly, plaintiff's Eighth Amendment claims against

7   defendants Reynolds, Chavarria and Woods are dismissed with leave to file a third amended

8   complaint.

9   Exhaustion of Administrative Remedies

10          On January 30, 2023, the undersigned found that it was clear from the face of plaintiff's

11   second amended complaint that plaintiff failed to exhaust administrative remedies as to his Eighth

12   Amendment claims against defendants Reynolds, Chavarria and Woods.  After reviewing

13   plaintiff's objections, the undersigned finds that consideration of administrative exhaustion is

14   better left until plaintiff clarifies his claims against defendants Reynolds, Chavarria and Woods in

15   a third amended complaint.

16   State Law Claims

17          *California Civil Code § 1427*

18          Plaintiff alleges that all defendants violated California Civil Code § 1427.  California

19   Civil Code Section 1427 defines obligation:  "An obligation is a legal duty, by which a person is

20   bound to do or not to do a certain thing."  This section of the California Civil Code does not

21   provide for a private cause of action.  Accordingly, plaintiff's claims pursuant to California Civil

22   Code § 1427 should be dismissed.

23          *Negligence*

24          For the reasons stated herein, the undersigned recommends dismissal of plaintiff's

25   negligence claim against defendant CDCR.

26          California Government Code § 844.6 makes public entities immune from liability for an

27   injury to "any prisoner."  Therefore, pursuant to California Government Code § 844.6, defendant

28   CDCR is immune from suit as to plaintiff's negligence claim.

1        Section 844.6 contains exceptions, one of which is failure to summon medical care under

2    California Government Code § 845.6.  For the following reasons, the undersigned finds that this

3    exception is not applicable to plaintiff's negligence claim against defendant CDCR.

4        Pursuant to this exception, public entities and public employees are liable for injuries

5    proximately caused to prisoners where: (1) "the employee is acting within the scope of his [or

6    her] employment," (2) "the employee knows or has reason to know that the prisoner is in need of

7    immediate medical care," and (3) "he [or she] fails to take reasonable action to summon such

8    medical care."  Cal. Govt. Code § 845.6.  Liability is limited to the failure to summon care for

9    "serious and obvious medical conditions requiring immediate care" of which the defendant has

10   "actual or constructive knowledge."  Watson v. State of California, 21 Cal.App. 4th 836, 841

11   (1993).  California courts have held that failure to provide necessary medication or treatment

12   cannot be characterized as a failure to summon medical care claim.  Nelson v. State of California,

13   139 Cal.App.3d 72, 81 (1982).  In addition, the duty to summon immediate medical care pursuant

14   to § 845.6 does not encompass a duty to assure that medical staff properly diagnose and treat the

15   condition or a duty to monitor the quality of care provided.  Watson, 21 Cal. App. 4th at 841-843.

16       In the instant case, plaintiff's allegations regarding the confiscation of his cervical pillow

17   do not raise a claim for the denial of the need for immediate medical care on a specific occasion.

18   Plaintiff's allegations also do not raise a claim alleging that a CDCR employee failed to summon

19   care for an immediate medical need.  Therefore, plaintiff's negligence claim against defendant

20   CDCR is not covered by the exception to California Government Code § 844.6 contained in

21   California Government Code § 845.6.

22       Therefore, for the reasons discussed above, the undersigned recommends dismissal of

23   plaintiff's negligence claim against defendant CDCR on the grounds that defendant CDCR is

24   immune from suit as to this claim.

25       Turning to the individual defendants, under California law "[t]he elements of a negligence

26   cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was

27   the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from

28   the breach of the duty of care."  Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (2009).

1    Plaintiff's second amended complaint contain no allegations demonstrating that

2    defendants Reynolds, Chavarria and Woods breached a duty to plaintiff.  As discussed above,

3    plaintiff's second amended complaint contain no allegations linking defendants Reynolds,

4    Chavarria and Woods to the alleged deprivations.  Accordingly, the negligence claim against

5    these defendants is dismissed with leave to amend.

6        Accordingly, IT IS HEREBY ORDERED that:

7        1.  The January 30, 2023 findings and recommendations (ECF No. 6) are vacated;

8        2.  Plaintiff's Eighth Amendment and negligence claims against defendants Reynolds,

9            Chavarria and Woods are dismissed with thirty days to file a third amended complaint;

10           failure to file a third amended complaint within that time will result in the

11           recommendation of dismissal of this action;

12       3.  Defendants shall not respond to a third amended complaint until ordered by the court;

13           and

14       IT IS HEREBY RECOMMENDED that the following claims raised in the second

15   amended complaint be dismissed:  1) ADA claims against all defendants; 2) Eighth Amendment

16   claim against defendant CDCR; 3) claims pursuant to California Civil Code § 1427 against all

17   defendants; and 4) negligence claim against defendant CDCR.

18       These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20   after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

23   objections shall be filed and served within fourteen days after service of the objections.  The

24   parties are advised that failure to file objections within the specified time may waive the right to

25   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

26   Dated:  April 3, 2023

27
     Mill1862.2a

28                                            _____
                                             KENDALL J. NEWMAN
                                             UNITED STATES MAGISTRATE JUDGE

                                        1