UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE, | No. 2:22-cv-01862-DJC-KJN P |
| Plaintiff, | |
| v. | ORDER |
| CDCR, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

In this action, Plaintiff raises several claims related to the alleged confiscation of his DME cervical pillow. On April 3, 2023, the Magistrate Judge filed findings and recommendations recommending dismissal of all claims pursuant to the Americans with Disabilities Act ("ADA") and California Civil Code § 1427. The Magistrate Judge also recommended dismissal of Plaintiff's Eighth Amendment and negligence claims against Defendant California Department of Corrections and Rehabilitation ("CDCR"). The Magistrate Judge dismissed with leave to amend Plaintiff's Eighth Amendment and negligence claims against Defendants Reynolds, Chavarria and Woods.

////

Plaintiff filed objections to the findings and recommendations. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

In his objections, Plaintiff requests that his state law claims be remanded to state court. For the reasons stated herein, Plaintiff's request to remand his state law claims is denied.

A federal court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Under section 1367(c), however, a district court has the discretion to decline to exercise supplemental jurisdiction over a state law claim where one or more of the following circumstances exists:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Ninth Circuit has held that section 1367 requires that the court exercise supplemental jurisdiction pursuant to section 1367(a) unless such exercise would destroy diversity jurisdiction or one of the specifically enumerated exceptions set forth in section 1367(c) applies. *See Executive Software N. Am., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1555-56 (9th Cir. 1994), overruled on other

grounds by *California Dept. of Water Resources v. Powerex Corp.*, 5333 F.3d 1087 (9th Cir. 2008).  Courts also have supplemental jurisdiction over claims that arise from a common nucleus of operative facts.  *See Brady v. Brown*, 51 F.3d 810, 815-16 (9th Cir. 1995) ("The operative facts for both the RICO and the state law claims are the same actions described ... There was thus a common nucleus of operative facts encompassing both the state and federal claims.").

Plaintiff's state law and federal claims are based on the alleged confiscation of plaintiff's DME cervical pillow.  Thus, a common nucleus of operative facts exists between Plaintiff's state law claims, including the state law claims the Magistrate Judge recommends be dismissed, and Plaintiff's federal claims.  None of the circumstances set forth in 28 U.S.C. § 1367(c) permitting district courts to decline supplemental jurisdiction over state law claims, exist.  Accordingly, Plaintiff's request for the Court to remand his state law claims is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed April 3, 2023 (ECF No. 8), are ADOPTED in full;
2. The following claims raised in the second amended complaint are DISMISSED without leave to amend:
    a. All claims pursuant to the ADA;
    b. All claims brought under California Civil Code § 1427; and
    c. All Eighth Amendment and negligence claims against defendant CDCR;
3. Plaintiff's request for the court to remand his state law claims, made in his objections, is DENIED.

IT IS SO ORDERED.

Dated:   **August 4, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3