1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MORIANO MILLARE,                        No.  2: 22-cv-1862 DJC KJN P

12                 Plaintiff,

13          v.                                 ORDER

14    CDCR, et al.,

15                 Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18    to 42 U.S.C. § 1983.  Pending before the court is plaintiff's third amended complaint.  (ECF No.

19    11.)

20          For the reasons stated herein, plaintiff is granted thirty days to file a fourth amended

21    complaint.  If plaintiff does not file a fourth amended complaint, the undersigned will order

22    defendants Reynolds, Woods and Chavarria to file a response to the potentially colorable Eighth

23    Amendment claim raised in the third amended complaint.

24    Background

25          On October 19, 2022, defendants removed this action from the San Joaquin County

26    Superior Court.  (ECF No. 1.)  On November 7, 2022, defendants requested that the court screen

27    plaintiff's second amended complaint.  (ECF No. 4.)

28    ////

On April 3, 2023, the undersigned issued findings and recommendations and an order addressing plaintiff's second amended complaint. (ECF No. 8.) The undersigned recommended dismissal of the following claims: 1) claim alleging violation of the Americans with Disabilities Act ("ADA") against all defendants based on alleged confiscation of plaintiff's Dual Medical Equipment ("DME") pillow; 2) Eighth Amendment claims against defendant California Department of Corrections and Rehabilitation ("CDCR"); 3) claims pursuant to California Civil Code § 1427 against all defendants; and 4) negligence claims against defendant CDCR. (Id. at 11.) The undersigned dismissed, with leave to amend, the Eighth Amendment and negligence claims against defendants Reynolds, Chavarria and Woods based on the alleged confiscation of plaintiff's DME pillow. (Id.) The undersigned ordered that defendants shall not respond to the third amended complaint until ordered by the court. (Id.)

On May 1, 2023, plaintiff filed a third amended complaint. (ECF No. 11.) Plaintiff's third amended complaint raises some of the claims the undersigned recommended be dismissed in the April 3, 2023 findings and recommendations.

On May 31, 2023, defendants filed an answer to the third amended complaint. (ECF No. 11.)

On August 7, 2023, the Honorable Daniel J. Calabretta adopted the April 3, 2023 findings and recommendations. (ECF No. 14.)

On August 8, 2023, defendants filed a request to withdraw their answer to the third amended complaint. (ECF No. 15.) Defendants state that the answer to the third amended complaint was filed in error because the April 3, 2023 order directed them not to respond until ordered by the court. (Id.) Good cause appearing, defendants' request to withdraw the answer is granted.

Although the third amended complaint raises claims that are now dismissed, these claims are not barred by the law of the case doctrine because they were not decided at the time plaintiff filed the third amended complaint. The dismissed claims were decided on August 7, 2023, when Judge Calabretta adopted the April 3, 2023 findings and recommendations. Southern Oregon Barter Fair v. Jackson County, 372 F.3d 1128, 1136 (9th Cir. 2004) ("The law of the case

1  doctrine ordinarily precludes a court from reexamining an issue previously decided by the same

2  court or a higher court in the same case.").  Accordingly, the undersigned herein addresses all

3  claims raised in the third amended complaint.

4  <u>Legal Standard for Screening</u>

5      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

6  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

7  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

8  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

9  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

10  pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

11  Cir. 1989), <u>superseded by statute as stated</u> in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir.

12  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

13  meritless legal theories or whose factual contentions are clearly baseless."); <u>Franklin</u>, 745 F.2d at

14  1227.

15      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

16  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

17  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>

18  <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

19  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

20  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

21  sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>, 550 U.S. at 555.

22  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Erickson v.</u>

24  <u>Pardus</u>, 551 U.S. 89, 93 (2007) (quoting <u>Bell Atlantic</u>, 550 U.S. at 555, citations and internal

25  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

26  true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the

27  pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236

28  (1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

3

1   <u>Plaintiff's Claims</u>

2       Named as defendants are CDCR, T. Reynolds, A. Chavarria, J. Woods and several doe

3   defendants.  (ECF No. 11 at 2-4.)

4       Plaintiff alleges that he is a mobility impaired inmate who suffers from multi-level

5   cervical spine spondylosis, multi-level thoracic spine spondylosis, multi-level lumbar

6   degenerative disc disease, post-traumatic injury to his left femur and tibia, and deterioration in his

7   right knee.  (<u>Id.</u> at 5-6.)  Plaintiff alleges that he was provided with a cane for mobility support

8   and a DME cervical pillow for his disabilities.  (<u>Id.</u> at 6.)

9       On January 7, 2020, plaintiff was transferred from Deuel Vocational Institution ("DVI")

10  to the California Training Facility ("CTF")  (<u>Id.</u>)  The Northern Transportation Hub ("NTH")

11  officers transported plaintiff in a vehicle without a lift.  (<u>Id.</u>)  Plaintiff could not complete the high

12  climb onto the transportation bus "without hardship."  (<u>Id.</u>)  The NTH officers "manhandled"

13  plaintiff aboard the transportation bus while plaintiff was shackled and clenching his cane.  (<u>Id.</u>)

14      Before plaintiff was placed on the transportation bus, a CDCR officer seized plaintiff's

15  DME pillow.  (<u>Id.</u>)  Plaintiff saw the CDCR officer talk to the NTH officers before placing his

16  DME pillow into a bag and tossing it in a compartment on the right side of the transportation bus.

17  (<u>Id.</u>)  The NTH offices did not document plaintiff's NTH pillow.  (<u>Id.</u>)

18      When plaintiff arrived at CTF, he observed some of his property being unloaded from the

19  transportation bus by NTH officers.  (<u>Id.</u> at 6-7.)  Plaintiff did not see the NTH officers unload the

20  bag containing his DME pillow from the schedule Q transportation bus.  (<u>Id.</u> at 7.)  Plaintiff's

21  DME pillow was not included with the property plaintiff received.  (<u>Id.</u>)

22      Plaintiff asked the CTF Receiving and Release ("R & R") Sergeant to locate the bag

23  containing his DME pillow.  (<u>Id.</u>)  The R & R Sergeant informed plaintiff that the NTH

24  transportation officers did not document or deliver to CTF R & R plaintiff's DME pillow.  (<u>Id.</u>)

25      Plaintiff spoke with CTF R & R medical staff regarding the location of his DME pillow.

26  (<u>Id.</u>)  CTF R & R medical staff informed plaintiff that the NTH officers did not document or

27  deliver to CTF R & R plaintiff's DME pillow.  (<u>Id.</u>)

28  ////

On January 9, 2020, plaintiff filed grievance no. TUN 20 00008 grieving the deprivation of his DME pillow.  (Id.)  On January 17, 2020, plaintiff filed an ADA request CDCR 1824 log no. CTF S 20-00222.  (Id.)  On January 22, 2020, an officer interviewed plaintiff regarding CDCR 1824 log no. CTF S 20-00222.  (Id. at 8.)  During the interview, plaintiff stated that he was being deprived of sleep without his DME pillow.  (Id.)

On January 23, 2020, the Reasonable Accommodations Panel granted plaintiff's request for reasonable accommodation.  (Id.)  The Reasonable Accommodations Panel did not provide plaintiff with any accommodation.  (Id.)

On or about April 9, 2020, plaintiff received a CDCR First Level Response to appeal no. TUN 20 00008.  (Id. at 9.)  The response included a document described as "Statewide Bus Schedule for the week of January 06, 2020."  (Id.)  The schedule identified the NTH Schedule 2 officers as defendants Reynolds, Chavarria and Woods.  (Id.)  The schedule stated that NTH staff were interviewed regarding plaintiff's claim and recalled taking possession of plaintiff's DME pillow.  (Id.)

On April 20, 2020, plaintiff filed an appeal against defendants Reynolds, Chavarria and Woods for their failure to use a vehicle lift when they put plaintiff on the transportation bus.  (Id.)

Plaintiff raises three legal claims.  In claim one, plaintiff alleges that all defendants violated the ADA.  (Id. at 11.)  Plaintiff alleges violations of the ADA based on the confiscation of his DME pillow on January 7, 2020, the failure of defendants Reynolds, Chavarria and Woods to use a vehicle lift, and plaintiff's failure to receive a DME pillow on January 22, 2020, and January 23, 2020.  (Id. at 11-12.)  In claim two, plaintiff alleges that all defendants violated the Eighth Amendment.  (Id. at 13.)  Plaintiff alleges Eighth Amendment violations based on his alleged transport in a vehicle without a vehicle lift, the alleged confiscation of his DME pillow and the alleged manhandling of plaintiff onto and off the schedule Q transportation bus.  (Id.)  In claim three, plaintiff alleges a negligence claim against defendants Reynolds, Chavarria and Woods.  (Id. at 15.)

As relief, plaintiff seeks money damages and an order directing defendants to provide plaintiff with a definitive diagnosis.  (Id. at 11.)

ADA Claims

     *Defendants Reynolds, Chavarria and Woods*

     Plaintiff's official capacity ADA claims against defendants Reynolds, Chavarria and Woods are redundant of the ADA claims against defendant CDCR.  Although a plaintiff may pursue ADA claims against defendants in their official capacities, "[w]hen both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."  Center for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008).  This reasoning applies equally to state entities and their officers.  Welks v. California Department of Corrections, 2019 WL 4745272, at *5 (E.D. Cal. Sept. 30, 2019) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits…generally represent only another way of pleading an action against an entity of which an officer is an agent.") (citation and internal quotation marks omitted).)  Thus, because plaintiff names CDCR as a defendant, plaintiff's official capacity ADA claims against the individual defendants are dismissed.

     *CDCR*

     To show a violation of Title II of the ADA, a plaintiff must show the following: "(1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability."  Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001) (citing Weinreich v. Los Angeles County Metropolitan Transp. Authority, 114 F.3d 976, 978 (9th Cir. 1997)).

     "The ADA prohibits discrimination because of disability, not inadequate treatment for disability."  Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1022 (9th Cir. 2010), overruled on other grounds by Castro v. Cnty. of Los Angeles, 833 F.3d 1060 (9th Cir. 2016) (en banc). Failing to attend to the medical needs of a disabled person does not violate the ADA.  See Figueira by and through Castillo v. County of Sutter, 2015 WL 6449151, at *9 (E.D. Cal. Oct. 23, 2015).  "The lack of medical treatment or the failure to provide an accommodation for [a

6

plaintiff's] medical condition does not provide a basis upon which to impose liability under the ADA."  Mixon v. Tyson, 2017 WL 5998231, at *5 (E.D. Cal. Dec. 4, 2017) (citing Simmons, 609 F.3d at 1022; Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)).

In the instant case, plaintiff alleges violation of the ADA based on the alleged confiscation of his DME cervical pillow and the failure of the Reasonable Accommodations Panel to provide him with a DME pillow.  The undersigned finds that plaintiff's alleged deprivation of the DME pillow relates to medical care and is not related to discrimination against plaintiff because of his disability.  "The lack of medical treatment or the failure to provide an accommodation for his medical condition does not provide a basis upon which to impose liability under the ADA." Mixon, 2017 WL 5998231, at *5; see also McKinnon v. Nikula, 2021 WL 6118742, at *12 (W.D. Wash. Nov. 17, 2021) (denial of request for knee brace, medical mattresses and wedge pillow alleges claim for inadequate medical treatment, which does not constitute discrimination under the ADA).  Accordingly, plaintiff's ADA claims based on plaintiff's alleged deprivation of the DME pillow are without merit.

Plaintiff alleges that his transport in a vehicle without a lift violated the ADA.  A claim alleging denial of safe travel based on a disability may state an ADA claim.  See Atcherley v. California Department of Corrections, 2022 WL 3648272, at *2 (E.D. Cal. Aug. 24, 2022) ("Plaintiff's allegations plausibly suggest that he was 'denied the benefits [] of a prison service'— safe transportation—'on the basis of his physical handicap.'") (quoting Armstrong v. Wilson, 124 F.3d 1019, 1023 (1997); see also Lewis v. Gipson, 2020 WL 11232596, at *3 (E.D. Cal. Sept. 4, 2020) (holding that plaintiff stated ADA and RA claims based on allegation that "he was denied safe travel because he is wheelchair bound and the prison lacked a van that could safely accommodate a wheelchair."); Duvall v. County of Kitsap, 260 F.3d 1124, 1141 (9th Cir. 2001) (under Title II of the ADA, entity defendant is liable for the vicarious acts of its employees).

For the following reasons, the undersigned finds that plaintiff does not state a potentially colorable ADA claim based on his transport in a vehicle without a lift.  Plaintiff's claim that he could not complete the high climb onto the bus "without hardship" is vague and conclusory. Plaintiff does not explain why boarding the bus without the lift was a hardship.  Plaintiff also

appears to allege that he was placed on the bus by the NTF officers, who allegedly manhandled plaintiff.  However, these allegations are also vague and conclusory.  Plaintiff does not describe how these officers assisted him onto the bus or describe the alleged manhandling.  Without additional information regarding how plaintiff boarded the bus, the undersigned cannot determine whether plaintiff states a potentially colorable ADA claim based on the denial of safe travel. Accordingly, this claim is dismissed.

Eighth Amendment Claims

*Defendant CDCR*

Claims for damages against the state, its agencies, or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity.  Kentucky v. Graham, 473 U.S. 159, 169 (1985) (Eleventh Amendment bars a damages action against a State in federal court); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override...."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("It is clear ... that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

For the reasons discussed above, the undersigned finds that plaintiff's Eighth Amendment claims against defendant CDCR are barred by the Eleventh Amendment.

*Defendants Reynolds, Chavarria and Woods*

Plaintiff alleges that defendants Reynolds, Chavarria and Woods violated his Eighth Amendment rights by transporting him in a vehicle without a vehicle lift, confiscating his DME pillow and by manhandling him onto and off the schedule Q transportation bus.

Plaintiff's allegations that defendants Reynolds, Chavarria and Woods confiscated his DME pillow states a potentially colorable Eighth Amendment claim.

////

For the following reasons, the undersigned finds that plaintiff's claim alleging that defendants manhandled him onto and off the schedule Q transportation bus does not state a potentially colorable Eighth Amendment claim.  It is well established that whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

Plaintiff's claim that defendants manhandled him is vague and conclusory.  Plaintiff does not describe the alleged manhandling in any detail and nor does he specifically allege any injuries caused by the alleged manhandling.  While plaintiff alleges a variety of injuries that he suffered as a result of the alleged Eighth Amendment violations, see ECF No. 11 at 14, plaintiff does not specifically allege which of these injuries were caused by the alleged manhandling.  For these reasons, these allegations do not state a potentially colorable Eighth Amendment excessive force claim.  See Mayberry v. Los Angeles Sheriff's Department, 2021 WL 6102434, at *10 (C.D. Cal. May 17, 2021) ("Plaintiff's conclusory allegations of being 'manhandled' and being treated 'roughly,' combined with conclusory assertions of excessive force, are not sufficient to state a claim under either the Fourth or Fourteenth Amendment excessive force standards."); Alphonsis v. United States Department of Homeland Security, 2018 WL 11215119, at *2 (C.D. Cal. March 13, 2018) ("[Plaintiff] does not explain what 'manhandled' means, or why she believes that their use of force was excessive.  These are just two examples of the 'labels and conclusions' with which the FAC is replete and which are not sufficient to state an Eighth Amendment claim.") (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do")).

Plaintiff also appears to claim that his transportation in a vehicle without a lift violated the Eighth Amendment.  The undersigned finds that plaintiff is alleging an Eighth Amendment claim based on the denial of adequate medical care.

////

9

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Id.</u> (some internal quotation marks omitted) (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds by <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc)). A plaintiff can establish deliberate indifference "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." <u>Id.</u> (citing <u>McGuckin</u>, 974 F.2d at 1060).

The undersigned finds that plaintiff has not stated a potentially colorable Eighth Amendment claim based on his alleged transportation in a vehicle without a lift because plaintiff alleges no harm caused by this alleged deprivation. While plaintiff alleges a variety of injuries that he suffered as a result of the alleged Eighth Amendment violations, <u>see</u> ECF No. 11 at 14, plaintiff does not specifically allege whether any of these injuries were caused by his transport in the vehicle without a lift. For these reasons, plaintiff does not state a potentially colorable Eighth Amendment claim for violation of his right to adequate medical care based on his transport in a vehicle without a lift. <u>Jett</u>, 439 F.3d at 1096 (deliberate indifference requires a showing that harm was caused by the defendant's actions).

<u>Negligence Claims Against Defendants Reynolds, Chavarria and Woods</u>

For the reasons stated herein, plaintiff's negligence claims against defendants Reynolds, Chavarria and Woods are dismissed.

The California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. <u>State v. Superior Ct. of Kings County</u> (<u>Bodde</u>), 32 Cal. 4th 1234,

1239 (Cal. 2004).  The "failure to timely present a claim for money or damages to a public entity

bars a plaintiff from filing a lawsuit against that entity."  Id. at 1239; Karim-Panahi v. L.A. Police

Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

Further, to state a tort claim against a public employee, a plaintiff must also allege

compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, 32 Cal. 4th at

1244.  "[F]ailure to allege facts demonstrating or excusing compliance with the requirement

subjects a complaint to [dismissal] for failure to state a cause of action."  Bodde, 32 Cal. 4th at

1239.  The requirement that a plaintiff must affirmatively allege compliance with the Government

Claims Act applies to state law claims brought in federal court.  Karim-Panahi, 839 F.2d at 627.

The undersigned reviewed plaintiff's third amended complaint and finds that it fails to

allege compliance with or excusal for his failure to comply with the Government Tort Claims

Act.  Accordingly, plaintiff's negligence claims are dismissed.

Conclusion

As discussed above, plaintiff's third amended complaint states one potentially colorable

claim for relief:  defendants Reynolds, Chavarria and Woods violated the Eighth Amendment by

allegedly confiscating/depriving plaintiff of his DME pillow.

As discussed above, the following claims alleged in the third amended complaint are not

potentially colorable:  1) all claims alleging violation of the ADA by defendants Reynolds,

Chavarria and Woods; 2) claims alleging violation of the ADA by defendant CDCR based on

deprivation of DME pillow and plaintiff's transport in a vehicle without a lift; 3) all claims

alleging Eighth Amendment violations against defendant CDCR; 4) claims against defendants

Reynolds, Chavarria and Woods alleging inadequate medical care and excessive force in violation

of the Eighth Amendment; and 5) plaintiff's negligence claims against defendants Reynolds,

Chavarria and Woods.

Based on Judge Calabretta's August 7, 2023 order, the following claims raised in the third

amended complaint are now barred by the law of the case doctrine:  1) claims alleging ADA

violation by defendant CDCR based on the deprivation of DME pillow; 2) Eighth Amendment

claims against defendant CDCR; and 3) all claims alleging ADA violations by defendants

1    Reynolds, Chavarria and Woods.

2          In an abundance of caution, plaintiff is granted thirty days to file a fourth amended

3    complaint addressing the pleading defects as to his claims that are not barred by the law of the

4    case doctrine:  1) ADA claim against defendant CDCR based on his alleged transport in a vehicle

5    without a lift; 2) Eighth Amendment claims against defendants Reynolds, Chavarria and Woods

6    alleging inadequate medical care and excessive force; and 3) negligence claims against

7    defendants Reynolds, Chavarria and Woods.  Plaintiff's fourth amended complaint shall not

8    include those claims that are now barred by the law of the case doctrine.

9          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

10   make plaintiff's fourth amended complaint complete.  Local Rule 220 requires that an amended

11   complaint be complete in itself without reference to any prior pleading.  This requirement exists

12   because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

13   v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

14   supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

15   omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

16   function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

17   and the involvement of each defendant must be sufficiently alleged.

18          If plaintiff does not file a fourth amended complaint, the undersigned will order

19   defendants to respond to the potentially colorable Eighth Amendment claim against defendants

20   Reynolds, Woods and Chavarria based on the alleged confiscation of plaintiff's DME pillow.

21          Accordingly, IT IS HEREBY ORDERED that:

22   1.    Within thirty days of the date of this order, plaintiff shall return the attached Notice of

23         Election Form; plaintiff may file a fourth amended complaint within that time;

24   2.   Defendants' request to withdraw the answer (ECF No. 15) is granted; the answer is

25         ordered stricken from the record; and

26   ////

27   ////

28   ////

1          3. Defendants shall not respond to the fourth amended complaint until ordered by the

2          court.

3  Dated:  August 21, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mill1862.ame

13

1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    MORIANO MILLARE,                          No.  2: 22-cv-1862 DJC KJN P

11                    Plaintiff,

12         v.                                   NOTICE OF ELECTION

13    CDCR, et al.,

14                    Defendants.

15

16         Plaintiff elects to proceed as follows:

17    _____         Plaintiff opts to proceed with his Eighth Amendment claim alleging that
      defendants Reynolds, Woods and Chavarria violated the Eighth Amendment by
18    confiscating/depriving plaintiff of his DME pillow; plaintiff consents to the dismissal of all other
19    claims raised in the third amended complaint.

20    **OR**

21    _____          Plaintiff opts to file a fourth amended complaint and delay service of
                     process.  The proposed fourth amended complaint is attached.
22

23    DATED:

24                                              _____
                                                Plaintiff
25

26

27

28

                                           14