UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE,<br><br>    Plaintiff,<br><br>  v.<br><br>CDCR, et al.,<br><br>    Defendants. | No. 2: 22-cv-1862 DJC KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's fourth amended complaint. (ECF No. 24.) For the reasons stated herein, the undersigned recommends dismissal of all claims except for the Eighth Amendment and negligence claims against defendants Reynolds, Woods and Chavarria discussed herein.

Legal Standard for Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Claims in the Fourth Amended Complaint

Named as defendants are the California Department of Corrections and Rehabilitation ("CDCR") and three Northern Transportation Hub ("NTH") Officers of the Schedule Q Transportation Bus:  Officers Reynolds, Chavarria and Woods.  (ECF No. 24 at 2-3.)  Plaintiff

also names doe defendants 1-20. (Id. at 4.) Plaintiff identifies defendant doe no. 1 as an NTH Officer of the Schedule Q bus. (Id.) Plaintiff identifies defendant doe no. 2 as the Associate Warden at the California Training Facility ("CTF"). (Id.) Plaintiff alleges that he is unaware of the identities of defendant does nos. 3-20. (Id.)

Plaintiff alleges that he is mobility impaired. (Id. at 5.) Plaintiff alleges that he suffers from multi-level cervical spine spondylosis, multi-level thoracic spine spondylosis, multi-level lumbar degenerative disc disease, post-traumatic injury to left femur and tibia, and deterioration in his right knee. (Id. at 5-6.)

Plaintiff alleges that he cannot use a standard issued pillow without suffering headaches, neck, shoulder and back pain. (Id. at 6.) Plaintiff was provided a cane for mobility support and a durable medical equipment ("DME") cervical pillow in place of a standard issued pillow. (Id.)

On January 7, 2020, plaintiff transferred from the Deuel Vocational Institute ("DVI") to CTF. (Id.) Plaintiff alleges that defendant NTH Officers did not use a specialized transportation lift vehicle to transport plaintiff. (Id.) Plaintiff told defendants that he could not perform the high climb onto the transportation bus due to his short height, impaired mobility, waist chains and shackles. (Id.) Defendants violently grabbed plaintiff by the waist chain and jump suit, lifted plaintiff by his elbows and pushed plaintiff onto the transportation bus. (Id.)

Before plaintiff was put onto the transportation bus, a CDCR officer took plaintiff's DME pillow. (Id.) Plaintiff alleges that California Code of Regulations Title 15, § 3999.392(b) provides that patients transferred from one CDCR institution to another shall be allowed to maintain possession of Durable Medical Equipment. (Id.) Plaintiff observed the CDCR officer speaking with defendant NTH officers before placing plaintiff's DME pillow in a bag and tossing it into a compartment on the right side of the bus. (Id.)

Plaintiff alleges that defendant NTH officers did not document plaintiff's DME pillow on a CDCR 143 property transfer receipt. (Id. at 7.)

When plaintiff arrived at CTF, he observed some of his property unloaded from the bus by defendants. (Id.) Plaintiff did not see the bag containing his pillow unloaded from the bus. (Id.)
////

3

Defendant NTH officers violently grabbed plaintiff by the waist chain and shoulder blades of his jumpsuit and lifted plaintiff off the transportation bus. (Id.)

Plaintiff spoke with the CTF Receiving and Release Sergeant and requested the bag containing his DME pillow. (Id.) The Sergeant informed plaintiff that defendant NTH officers neither documented nor delivered plaintiff's DME pillow to CTF Receiving and Release. (Id.)

Plaintiff spoke with CTF Receiving and Release medical staff regarding the location of his DME pillow and about defendant NTH officers grabbing plaintiff by the waist chains to put him on and remove him from the bus. (Id.) The CTF Receiving and Release medical staff gave plaintiff a bottle of ibuprofen and said that defendant NTH officers neither documented nor delivered plaintiff's DME pillow to CTF Receiving and Release medical staff. (Id. at 7-8.)

Plaintiff was prescribed and continues to be prescribed medication as a result of the deprivation of his DME pillow. (Id. at 24.)

Plaintiff suffered aggravation of post-shingles nerve pain around his waist, impressed chain rings around the waist, rub burns, numbness in his left leg, disc bulge, severe carpal tunnel syndrome and swelling in his left knee as a result of defendants' use of force and failure to use the required specialized transportation vehicle during transport. (Id.) CDCR medical staff informed plaintiff that they believe plaintiff suffered a pinched nerve in the spine and ulnar nerve neuropathy. (Id. at 11-12.)

Plaintiff seeks money damage. (Id. at 19.)

Plaintiff's fourth amended complaint contains three claims for relief: violation of the Americans with Disabilities Act ("ADA"), violation of the Eighth Amendment, and negligence.

Discussion

*Claim One—ADA*

In claim one, plaintiff alleges that defendant CDCR violated the ADA on January 7, 2020, when plaintiff was transported from DVI to CTF on a vehicle that did not have the required specialized transportation lift and based on the alleged use of excessive force by defendant NTH Officers. (Id. at 13.) As stated above, plaintiff alleges that he told defendant NTH Officers that he could not perform the high climb onto the bus due to his short height, impaired mobility, waist

4

chains and shackles.  (Id. at 6.)  Plaintiff alleges that defendants violently grabbed plaintiff by the waist chain and jumpsuit to put him on and take him off the transportation bus.  (Id. at 6-7.)  For the following reasons, the undersigned finds that these allegations fail to state a potentially colorable ADA claim.

To show a violation of the ADA, a plaintiff must show the following:  "(1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability."  Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001) (citing Weinreich v. Los Angeles County Metropolitan Transp. Authority, 114 F.3d 976, 978 (1997)).

To recover monetary damages under the ADA or Section 504, a plaintiff must establish either (1) intentional discrimination or (2) deliberate indifference to their rights on the part of the defendant.  See Duvall, 260 F.3d at 1138.  "Deliberate indifference requires both [1] knowledge that a harm to a federally protected right is substantially likely, and [2] a failure to act upon that the likelihood."  Id. at 1139.  As to the first prong, a plaintiff must establish that he "'alerted the public entity to [her] need for accommodation;' or that 'the need for accommodation [was] obvious, or required by statute or regulation.'"  A.G. v. Paradise Valley Unified School Dist. No. 69, 815 F.3d 1195, 1207 (9th Cir. 2016) (quoting Duvall, 260 F.3d at 1139).  "[I]n order to meet the second element of the deliberate indifference test, a failure to act must be a result of conduct that is more than negligent, and involves an element of deliberateness."  Duvall, 260 F.3d at 1139.  Under Title II of the ADA, an entity defendant is liable for the vicarious acts of its employees.  Id. at 1141.

Under the ADA, plaintiff is entitled to safe transportation.  Atcherley v. California Department of Corrections and Rehabilitation, 2022 WL 3648272, at *2 (E.D. Cal. Aug. 24, 2022) ("Plaintiff's allegations plausibly suggest that he was 'denied the benefits [ ] of a prison service' -- safe transportation –' on the basis of his physical handicap." (quoting Armstrong v. Wilson, 124 F.3d 1019, 1023 (1997); see also Lewis v. Gipson, 2020 WL 11232596, at *3 (E.D. Cal. Sept. 4, 2020) (holding that plaintiff stated ADA and RA claims based on allegation that "he

5

was denied safe travel because he is wheelchair bound and the prison lacked a van that could safely accommodate a wheelchair.").

At the outset, the undersigned finds that the alleged excessive force by defendant NTH officers does not state an ADA claim. The undersigned next considers plaintiff's claim that his transport in a bus without a vehicle lift violated the ADA.

While plaintiff alleges that he is disabled, the undersigned finds that plaintiff has not pled sufficient facts demonstrating that he was denied safe transportation by reason of his alleged disability. Plaintiff alleges that he was denied safe transportation because of the alleged excessive force by defendant NTH officers. Plaintiff does not allege that defendants had to use excessive force in order to assist him off and on the bus, because there was no other way to get him on the bus. As pled, plaintiff's injuries were caused by defendants' alleged excessive force rather than defendants' alleged failure to provide a vehicle lift. Based on these circumstances, the undersigned finds that plaintiff has not shown that he was denied safe transportation because of his disability. Accordingly, plaintiff's ADA claim should be dismissed. See Mora v. Williams, 2020 WL 2126774, at *1-2 (E.D. Cal. May 5, 2020), (wheelchair bound plaintiff's claim that defendants used excessive force against him stated potentially colorable excessive force claim but not an ADA claim because "[a]lthough plaintiff is allegedly disabled, there are no allegations that he was excluded from participating in any program or discriminated against because of his disabilities."); Walker v. Soto, 2013 WL 12474048, at *1, *6 (C.D. Cal. Oct. 3, 2013) (claim that defendants used excessive force against inmate because of his disability dismissed because plaintiff failed to plead facts suggesting link between mental health status and the use of excessive force).

*Claim Two—Eighth Amendment*

In claim two, plaintiff alleges that defendants Reynolds, Woods, Chavarria and doe defendants violated the Eighth Amendment when they transported plaintiff on a transportation bus without a vehicle lift. (ECF No. 24 at 15.) The undersigned construes this claim to allege a violation of plaintiff's Eighth Amendment right to adequate medical care.

////

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in "'significant injury or the unnecessary and wanton infliction of pain.'"" Peralta v. Dillard, 744 F.3d 1076, 1081-82 (9th Cir. 2014) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting Jett, 439 F.3d at 1096 (quotation marks omitted)).

In order to prevail, plaintiff must establish that defendants' deliberate indifference was the actual and proximate cause of the alleged deprivation. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988). This showing means that the inmate's injury would not have occurred but for the official's conduct (actual causation) and no unforeseeable intervening cause occurred that would supersede the official's liability (proximate causation). Conn v. City of Reno, 591 F.3d 1081, 1098, 1100-01 (9th Cir. 2010), vacated, 563 U.S. 915 (2011), reinstated in relevant part, 658 F.3d 897 (9th Cir. 2011).

As discussed above, plaintiff alleges that his injuries suffered during his transport from DVI to CTF were caused by defendants' excessive force. Plaintiff does not claim that defendants had to use excessive force in order to assist him on and off the bus. For these reasons, the undersigned finds that plaintiff has not demonstrated that his transport on a bus without a vehicle lift was the but for cause of the injuries he suffered during transport. Accordingly, this Eighth Amendment claim should be dismissed.

In claim two, plaintiff also alleges that defendants Reynolds, Woods, Chavarria and doe defendants 1-20 violated the Eighth Amendment when they deprived plaintiff of his DME pillow.

(ECF No. 24 at 15.) Plaintiff also alleges that defendants Reynolds, Woods, Chavarria and doe defendants 1-20 violated the Eighth Amendment when they used excessive force when assisting him on and off the bus. (Id. at 15-16.) The undersigned finds that the fourth amended complaint states potentially colorable Eighth Amendment claims against defendants Reynolds, Woods and Chavarria based on the alleged deprivation of plaintiff's DME pillow and the alleged excessive force during transport.

In the complaint, plaintiff identifies defendant doe no. 1 as an NTH officer of the schedule "Q" transportation bus at DVI. (Id. at 4.) Plaintiff also alleges that in response to a grievance, he received a document identifying the NTF Schedule "Q" officers for the week of January 6, 2020 as defendants Reynolds, Chavarria and Woods. (Id. at 10.) Plaintiff does not specifically allege that defendant doe no. 1 was one of the officers involved in the January 7, 2020 incident. Plaintiff does not allege that NTH officers other than defendants Reynolds, Chavarria and Woods were involved in the January 7, 2020 incident.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

////

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

The undersigned recommends dismissal of the Eighth Amendment claims against defendant doe no. 1 because defendant doe no. 1 is not linked to these claims. Keavney v. County of San Diego, 2020 WL 4192286, at *4 (S.D. Cal. July 21, 2020) (a plaintiff may name doe defendants but must allege specific facts showing how each particular doe defendant violated his rights).

Plaintiff identifies defendant doe no. 2 as the Associate Warden at CTF as well as the ADA Coordinator. (ECF No. 24 at 4.) Plaintiff alleges that defendant doe no. 2 is responsible for maintaining substantial compliance with the Armstrong Remedial Plan and the Clark Remedial Plan. (Id.) Plaintiff alleges that defendant doe no. 2 was also responsible for upholding the ADA. (Id.) Plaintiff alleges that he does not know the identities of defendant does 3-20. (Id.)

The fourth amended complaint contains no specific allegations linking defendant does nos. 2-20 to the Eighth Amendment claims. Accordingly, the undersigned recommends dismissal of the Eighth Amendment claims against defendant does 2-20 because these defendants are not linked to these claims. See also Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations of official participation in civil rights violations are not sufficient); Keavney, supra.

////

////

*Claim Three-Negligence*

"To state a claim of negligence under California law, a plaintiff must allege: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) damage or injury to plaintiff; and (4) the breach as the proximate or legal cause of the resulting injury." Ransom v. Lee, 2017 WL 10525951, at *15 (C.D. Cal. April 20, 2017); see Hair v. State of California, 2 Cal. App. 4th 321, 329 (Cal. App. 1991)).

In claim three, plaintiff alleges that defendants Reynolds, Woods, Chavarria and doe defendants 1-20 acted negligently based on the allegations set forth in paragraphs 1-50. (ECF No. 24 at 18.) The undersigned finds that plaintiff's negligence claims are based on the allegations that defendants transported plaintiff in a transportation bus without a vehicle lift, deprived him of his DME pillow, and used excessive force when assisting plaintiff on and off the bus.

The undersigned first finds that plaintiff fails to state a potentially colorable negligence claim against doe defendants 1-20 because these defendants are not linked to the alleged deprivations. Plaintiff's fourth amended complaint contains no specific allegations regarding doe defendants 1-20. Accordingly, plaintiff's negligence claims against doe defendants 1-20 should be dismissed.

The California Government Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't. Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Ct. of Kings County (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004). The "failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity.") Id. at 1329; Karim-Panahi v. L.A. Police Dep't., 839 F.2d 621, 627 (9th Cir. 1988).

Further, to state a tort claim against a public employee, a plaintiff must also allege compliance with the California Tort Claims Act. Cal. Gov't. Code § 950.6; Bodde, 32 Cal.4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a complaint to [dismissal] for failure to state a cause of action." Bodde, 32 Cal.4th at

10

1239.  The requirement that a plaintiff must affirmatively allege compliance with the Government Claims Act applies to state law claims brought in federal court.  Karim-Panahi, 839 F.2d at 627.

In the fourth amended complaint, plaintiff alleges that on May 27, 2020, he submitted a government claim form regarding the deprivation of his DME pillow.  (ECF No. 24 at 11.)  Plaintiff alleges that on June 16, 2020, the government claims program staff rejected this claim.  (Id.)  Plaintiff does not allege that he filed a tort claim regarding his claims alleging excessive force and failure to use a transportation bus with a vehicle lift.  Accordingly, plaintiff's claims that defendants acted negligently by using excessive force and failing to use a transportation bus with a vehicle lift should be dismissed because the fourth amended complaint does not allege compliance with the Government Claims Act as to these claims.

The undersigned finds that plaintiff states a potentially colorable negligence claim against defendants Reynolds, Woods, Chavarria based on the alleged deprivation of plaintiff's DME pillow.

Conclusion

Plaintiff amended his complaint four times.  The undersigned previously advised plaintiff of the relevant legal standards.  (ECF Nos. 8, 19.)  Based on these circumstances, the undersigned finds that plaintiff cannot cure the defects discussed above.  Accordingly, the undesigned herein recommends dismissal of all claims in the fourth amended complaint but for plaintiff's Eighth Amendment claims against defendants Reynolds, Woods, Chavarria based on the alleged deprivation of plaintiff's DME pillow and the alleged excessive force, and the negligence claim against these defendants based on the alleged deprivation of plaintiff's DME pillow.  Lucas v. Dep't. of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("[u]nless it is absolutely clear that no amendment can cure the defect ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

Accordingly, IT IS HEREBY RECOMMENDED that:

1. All claims in the fourth amended complaint be dismissed, but for the Eighth Amendment claims against defendants Reynolds, Woods and Chavarria based on the alleged deprivation of plaintiff's DME pillow and the alleged excessive force, and the

11

          negligence claim against these defendants based on the alleged deprivation of plaintiff's DME pillow; and

2. Defendants be ordered to respond to these claims thirty days after the district court's adoption of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 17, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mill1862.56(2)