UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-1862 DC CSK P<br><br><br>ORDER |

Plaintiff, a former prisoner, is proceeding without counsel with this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel and to extend the discovery deadline.  (ECF No. 39.)  Also pending is defendants' motion to extend the discovery deadline.  (ECF No. 41.)  For the following reasons, plaintiff's motion to compel is denied and the motions to extend the discovery deadline are granted.

**I. PLAINTIFF'S MOTION TO COMPEL**

　　**A. Plaintiff's Argument in Support of Motion to Compel**

Plaintiff alleges that on September 8, 2024, plaintiff served defendants with one request for production of documents, three sets of interrogatories and three sets of requests for admissions.  (ECF No. 39 at 1-2.)  On September 17, 2024, plaintiff transferred from the Correctional Training Facility in Soledad, California to GEO Reentry in San Francisco, California.  (Id. at 2.)  During the transfer, plaintiff lost the Discovery and Scheduling Order

1

issued in this case. (Id. at 2.) Plaintiff alleges that as of October 25, 2024, he had received no response from defendants to his discovery requests served on September 8, 2024. (Id. at 3.) Plaintiff alleges that on October 25, 2024, plaintiff re-mailed his discovery requests to defendants. (Id. at 4.)

In the motion to compel, plaintiff requests that the Court order defendants to respond to plaintiff's discovery requests, that plaintiff be provided with a copy of the Discovery and Scheduling order and for issuance of any order deemed suitable and just. (Id.)

**B. Discussion**

In their opposition, defendants argue that plaintiff's motion to compel should be denied because they served plaintiff with timely responses to his discovery requests. (ECF No. 40.) Defendants observe that the Discovery and Scheduling Order, filed August 1, 2024, provides that responses to written discovery requests are due forty-five days after the request is served. (See ECF No. 36 at 5.) Defendants state that plaintiff first served his discovery requests on September 8, 2024. (ECF No. 40-1 at 2.) Forty-five days from September 8, 2024 was Wednesday, October 23, 2024. In their opposition, defendants correctly observe that under Federal Rule of Civil Procedure 6(d), three additional days are added after the date the discovery responses would otherwise be due because service is by mail, moving the due date of their responses to plaintiff's discovery requests to October 26, 2024. In their opposition, defendants also correctly observe that because October 26, 2024 was a Saturday, the due date for their responses was the next available business day, Monday, October 28, 2024. See Fed. R. Civ. P. 6(a)(1)(C). Defendants state that they timely served plaintiff with their discovery responses on Monday, October 28, 2024. (ECF No. 40-1 at 2.)

For the reasons discussed above, this Court finds that defendants timely served plaintiff with responses to plaintiff's discovery requests served on September 8, 2024. Accordingly, plaintiff's motion to compel is denied. This Court also observes that on or around November 8, 2024, defendants provided plaintiff with a copy of the Discovery and Scheduling Order filed August 1, 2024. (ECF No. 40-1 at 2.) For this reason, plaintiff's request that the Court provide him with a copy of the Discovery and Scheduling order is denied as unnecessary.

## II. MOTIONS TO EXTEND THE DISCOVERY DEADLINE

### A. Legal Standard

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

### B. Discussion

The discovery deadline was November 29, 2024 and the dispositive motion deadline is February 21, 2025. (ECF No. 36 at 5-6.)

In the motion to extend the discovery deadline, filed November 26, 2024, defendants request that the discovery deadline be extended by 60 days. (ECF No. 41 at 3.) The grounds of this request are that defendants have been unable to depose plaintiff prior to the discovery deadline. (Id. at 3.) On October 9, 2024, defendants initially noticed plaintiff's deposition for November 13, 2024. (ECF No. 41-1 at 1.) Defendants' notice of deposition stated that the deposition would take place at the Office of the Attorney General in San Francisco, California. (ECF No. 41-2 at 2.) On October 28, 2024, defendants received a letter from plaintiff stating that plaintiff was currently situated at a re-entry housing facility and that defendants needed to seek approval from facility staff for plaintiff to attend the deposition. (ECF No. 41-1 at 2.) Between October 28, 2024 and November 21, 2024, defense counsel attempted to contact the facility staff multiple times to seek approval for and schedule plaintiff's deposition but received no answer. (Id. at 2.) On November 22, 2024, defense counsel was informed that defendants must coordinate with plaintiff's Parole Agent Supervisor to schedule the deposition and to have plaintiff served with the notice of deposition. (Id.) Defense counsel is now in contact with plaintiff's Parole Agent Supervisor and intends to schedule plaintiff's deposition before serving plaintiff with a notice of deposition. (Id.) Defendants now intend to arrange plaintiff's deposition through this process, but need additional time to arrange, prepare and complete the deposition. (Id.) For these

reasons, defendants request that the Court extend the discovery deadline by 60 days. (Id.) This will allow sufficient time for defendants to complete discovery and determine if this case may be resolved through summary judgment. (Id.)

This Court finds that defendants have shown good cause to extend the discovery deadline by 60 days so that defendants may take plaintiff's deposition. Accordingly, defendants' motion to extend the discovery deadline by 60 days so that they may take plaintiff's deposition is granted.

Plaintiff requests that the discovery deadline be extended by 45 days. (ECF No. 39 at 4.) Although plaintiff does not explain the specific grounds for this request, it appears that the extension is sought so that plaintiff may file a motion to compel, if necessary, regarding the discovery requests initially served on defendants on September 8, 2024. Good cause appearing, plaintiff is granted forty-five days from the date of this order to file a motion to compel regarding the discovery requests served on defendants on September 8, 2024.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 39) is denied;

2. The motions to extend the discovery deadline (ECF Nos. 39, 41) are granted.

3. Defendants are granted until January 28, 2025 to depose plaintiff;

4. Plaintiff may file a motion to compel regarding the discovery requests served on defendants on September 8, 2024 on or before forty-five days from the date of this order; and

5. The dispositive motion deadline is extended to May 1, 2025.

Dated: December 4, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mil1862.com

2