UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE, | No. 2:22-cv-1862 DC CSK P |
| Plaintiff, | |
| v. | ORDER |
| CDCR, et al., | |
| Defendants. | |

**I. INTRODUCTION**

Plaintiff is a former state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before this Court are plaintiff's unopposed motions to revive the settlement conference and to stay this action, both filed December 23, 2024. (ECF Nos. 43, 44.) For the following reasons, plaintiff's motions are denied.

**II. MOTION TO REVIVE THE SETTLEMENT CONFERENCE**

A settlement conference was held in this action on July 30, 2024. (ECF No. 34.) This action did not settle. (Id.) In the pending motion, plaintiff requests that the previous settlement conference be "revived." (ECF No. 43.) Plaintiff states that he is now willing to accept defendants' last offer made at the settlement conference. (Id.)

This Court does not have the authority to order defendants to renew their settlement offer made to, and rejected by, plaintiff at the July 30, 2024 settlement conference. For this reason,

1

1 plaintiff's motion to revive the settlement conference is denied. Given plaintiff's statements, the
2 Court encourages the parties to continue to explore resolution of this action.

3 **III. MOTION TO STAY**

4     **A. Legal Standard**

5     The district court "has broad discretion to stay proceedings as an incident to its power to
6 control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North
7 American Co., 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature."
8 Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). The
9 party seeking the stay bears the burden of establishing the need to stay the action. Clinton, 520
10 U.S. at 708.

11     **B. Analysis**

12     In the motion to stay, plaintiff claims that since September 17, 2024, plaintiff has been
13 confined to a "CDCR funded GEO [reentry] facility" in San Francisco, California. (ECF No. 44
14 at 1.) Plaintiff claims that he is on lockdown and not permitted to leave the facility except for
15 work, school or medical appointments. (Id.) Plaintiff claims that he is not allowed to visit the
16 law library. (Id.) Plaintiff claims that he does not have access to essential stationery materials or
17 a designated writing area. (Id. at 2.) Plaintiff claims that he does not have access to a copy
18 machine or postal materials and services necessary for timely filings. (Id.) Plaintiff expects to be
19 released from the "CDCR funded GEO reentry facility" during March 2025. (Id.) Based on the
20 circumstances described in the motion, plaintiff requests that all proceedings in this action be
21 stayed until May 30, 2025. (Id.)

22     On August 1, 2024, this Court issued a Discovery and Scheduling order setting the
23 discovery deadline for November 29, 2024 and the pretrial motion deadline for February 21,
24 2025. (ECF No. 36.) On December 4, 2024, this Court granted defendants until January 28, 2025
25 to depose plaintiff. (ECF No. 42.) This Court also ordered that plaintiff may file a motion to
26 compel regarding the discovery requests served on defendants on September 8, 2024 on or before
27 forty-five days from the date of the order, i.e., January 18, 2025. (Id.) This Court also extended
28 the pretrial motion deadline to May 1, 2025. (Id.)

This Court finds that plaintiff has not shown good cause to stay this entire action until May 30, 2025. Plaintiff fails to demonstrate why he cannot be deposed by defendants on or before January 28, 2025. Accordingly, plaintiff's motion to stay is denied. However, this Court finds that in plaintiff's unopposed motion to stay, plaintiff shows good cause to extend the time for plaintiff to file a motion to compel regarding the discovery requests served on defendants on September 8, 2024. Based on plaintiff's representation in the motion to stay that he will be released from the "CDCR funded GEO reentry facility" during March 2025, plaintiff is granted until April 18, 2025 to file a motion to compel regarding the discovery requests served on September 8, 2024. The May 1, 2025 pretrial motion deadline remains in effect. The Court will consider extending the pretrial motion deadline if plaintiff files a motion to compel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to revive the settlement conference (ECF No. 43) is denied;

2. Plaintiff's motion to stay this action (ECF No. 44) is denied; and

3. On or before April 18, 2025, plaintiff may file a motion to compel regarding the discovery requests served on defendants on September 8, 2024.

Dated: January 22, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mill1862.ord/2

3